# EXHIBIT A

*(Docket, Complaint, Summons, Civil Information Sheet,
Initial Order, Discovery Requests)*

# Docket

Skip to main content

## 2018 CA 005423 B HACKMAN, GLORIA Vs. ONE BRANDS, LLC HEP

- Case Type:
- Civil II
- Case Status:
- Open
- File Date:
- 07/30/2018
- Action:
- Complaint for Deceit (Misrepresentation) Filed
- Status Date:
- 07/30/2018
- Next Event:
- 11/02/2018

| All Information | Party | Event | Docket | Receipt | Disposition |

### Docket Information

| Date | Docket Text | Image Avail. |
| --- | --- | --- |
| 07/30/2018 | Complaint for Deceit (Misrepresentation) Filed  Receipt: 404753  Date: 07/31/2018 | |
| 07/30/2018 | eComplaint. Filed. Submitted. 07/30/2018 16:32. ncv.<br>Attorney: RATHOD, JASON SAMUAL (1000882)<br>GLORIA HACKMAN (Plaintiff); | Image |
| 07/31/2018 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 11/02/2018   Time: 9:30 am<br>Judge: PUIG-LUGO, HIRAM E   Location: Courtroom 317 | |
| 07/31/2018 | Issue Date:  07/31/2018<br>Service:  Summons Issued<br>Method:  Service Issued<br>Cost Per:  $<br><br>ONE BRANDS, LLC<br>5400 West W.T. Harris Blvd, Suite L<br>CHARLOTTE, NC   28269<br>Tracking No: 5000206755 | |

# Complaint

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

|  |  |  |
|---|---|---|
| GLORIA HACKMAN, *Individually and on Behalf of the General Public,* 27 O St., NW, Apt 212 Washington, DC 20001, | : | Case No.: **2018 CA 005423 B** |
|  | : | Judge: |
|  | : |  |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
|  | : |  |
| v. | : |  |
|  | : |  |
| One Brands, LLC, d/b/a Oh Yeah!, 5400 West W.T. Harris Blvd, Suite L Charlotte, NC 28269 | : |  |
|  | : |  |
| Defendant. | : |  |

## PRIVATE ATTORNEY GENERAL COMPLAINT

**COMES NOW** Plaintiff Gloria Hackman, individually and on behalf of all others similarly situated and the general public of the District of Columbia, by and through undersigned counsel, and pursuant to DC Code §28-3905 makes this Complaint against Defendant One Brands, LLC (hereinafter "One Brands" or "Defendant"). In support of this Complaint, Plaintiff states the following:

### JURISDICTION

1.      This Court has jurisdiction over this action pursuant to D.C. Code § 11-921 and § 28-3905(k).

2.      This Court has personal jurisdiction over Defendant pursuant to D.C. Code §§ 13-423(a) and 13-422. Defendant transacts business in the District of Columbia, advertises and markets its products in the District of Columbia, disseminated the afore-described representations

and deceptions throughout the District of Columbia, and derives a substantial income from the sale of products in the District of Columbia giving rise to personal jurisdiction.

3.    Venue is proper in the District of Columbia because a substantial part of the events or omissions giving rise to this claim occurred in the District of Columbia. Additionally, venue is appropriate for the claims arising out of the District of Columbia's Consumer Protection Procedures Act, which applies to any company engaging in any of the activities regulated by the Act within the District of Columbia.

4.    Plaintiff expressly disclaims bringing any claims as a class action or mass action as defined by the Class Action Fairness Act, 28 U.S.C.S. § 1332(d), and only seeks monetary damages on an individual basis for herself and not on behalf of any other person.

## PARTIES

5.    Plaintiff Gloria Hackman is an adult resident of the District of Columbia, a consumer, and a public health and consumer watchdog in the District. She is a registered nurse who has served patients at public schools, hospitals, and prisons in Washington D.C. In 1999, her advocacy for children with asthma drew the attention of then-President Bill Clinton, who attended an event at Maury Elementary School in Northeast, where Ms. Hackman was the school nurse. Ms. Hackman spoke at the event and, afterward, President Clinton said: "I want to thank Gloria Hackman for the fine statement she made and for her 20 years of dedication as a nurse." See Phillip Pan, "Nurse's Cause Gets a Boost from the Top," Washington Post, Dec. 22, 1999, available at http://www.washingtonpost.com/wp-srv/WPcap/1999-12/22/031r-122299-idx.html. In 2004, Ms. Hackman also spoke about public health to an audience of four former presidents and 25,000 people at the dedication of President Clinton's library. *See* Paul Schwartzman, "D.C. Nurse a Speaker at Clinton Library," Washington Post, Nov. 17, 2004, available at

http://www.washingtonpost.com/wp-dyn/articles/A55765-2004Nov16.html. She has brought numerous other actions pursuant to DC Code §28-3905 to seek redress for deceptive practices for residents of the District.

6.      Defendant One Brands d/b/a "Oh Yeah!" is a foreign limited liability corporation with its principal office in the State of North Carolina. One Brands manufactures and distributes nutrition bars, nutrition shakes, and nutritional protein powders, throughout the United States and specifically to consumers in the District of Columbia.

7.      One Brands manufactures and distributes products through the trade names "Oh Yeah!" and "One" and includes a line of nutrition bars known as "One Bars." The One Bar line of products includes at least the following flavors: Almond Bliss, Birthday Cake, Blueberry Cobbler, Chocolate Brownie, Chocolate Chip Cookie Dough, Cinnamon Roll, Cookies & Crème, Lemon Cake, Maple Glazed Doughnut, Peanut Butter Chocolate Cake, Peanut Butter Pie, and Salted Caramel (all One Bar varieties referred to collectively herein as the "Products").

8.      These products are sold and purchased for personal use and consumption in the District of Columbia.

## THE SALE OF UNHEALTHY SUGAR-LADEN NUTRITION BARS AS A DECEPTIVE PRACTICE

9.      Each of the preceding paragraphs is incorporated by reference herein.

10.      Advertisements, packages and labels should provide consumers with accurate information as to the nature and quality of a product's contents and should assist in making informed decisions. When a company misrepresents material information about a product, it is deceptive and misleading to reasonable consumers.

11.      This is particularly true when the advertisements target consumers seeking specific formulations or ingredients in a product for the purpose of complying with dietary restrictions,

such as ketogenic diets, so-called "paleo diets," or other low carbohydrate diets, as well as being safe for consumption for customers who are diabetic. According to One Brands' website, the OneBar contains "20 grams of protein and only 1 gram of sugar delivered in deliciously decadent too-good-to-be-true flavors," making it "the protein bar you didn't think was possible." One Brands states on its site that the OneBar's low sugar content and high protein content makes it "the perfect healthy meal replacement bar."

12.    With respect to the Chocolate Brownie One Bar, One Brands represents that the "decadent, cocoa-infused bar with 20 grams of protein and only 1 gram of sugar" is "the perfect reward for any workout, whether it's in the weight room or in the board room."

13.    With respect to the Birthday Cake One Bar, One Brands also represents that "with just 1 gram of sugar, you can celebrate [by eating a Birthday Cake One Bar] morning, noon or night, any day you want."

14.    One Brands represents that the One Bars are the perfect complement to sedentary office work, exercise at the gym, or "just because."



15.    On its website and on every One Bar's packaging, One Brands prominently and repeatedly represents that the One Bar contains "only 1 gram of sugar."





16.    One Brands also suggests that the One Bars are certified by NSF, "The Public
Health and Safety Organization." One Brands represents that it participates in the "NSF Certified
for Sport Program," which "certifies that what is on the label is in the [One Bars.]" One Brands
further states that its NSF testing serves to "verify label claims against product contents," and
that "NSF helps establish credibility and provides the consumer assurance through the (sic)
vigorous laboratory testing." A review of the NSF Certified for Sport website, however, contain
no certification of One Bars. *See* http://www.nsfsport.com/certified-
products/searchresults.php?goal=&type=&brand=OhYeah%21.

17.    Independent laboratory testing completed at the direction of Ms. Hackman revealed
that the two One Bars tested contained from approximately 900% - 1600% more sugar than the "1

gram of sugar" represented prominently on the One Bar's label and in One Brand's advertising and promotional materials. Specifically, the Almond Bliss One Bar tested contained more than 9 grams of sugar, and the Birthday Cake One Bar tested contained more than 16 grams of sugar.

18.    Ms. Hackman also purchased a protein bar from a rival company – the S'mores Questbar – and that bar's sugar amount registered at 0.5 grams, half of the 1 gram advertised on its label.

19.    One Brands' sale of One Bars deceives consumers because the front of the package touts the low sugar content of the bars.

20.    One Brands' advertising deceives consumers by stating that the bars contain "only 1 gram of sugar" and that One Bars are "low in sugar," can be consumed with "0 regrets" and "offer[] anytime Guilt Free Indulgence."

21.    One Brands further deceives consumers by stating that the One Bars are certified under the NSF "Certified for Sport Program," and that NSF has confirmed that "what is on the label is in the [One Bars.]"

22.    One Brands' sale of the One Bars is deceptive to reasonable consumers, including Ms. Hackman, because there is no practical way for them to know prior to purchase that the One Bar is laden with sugar despite being marketed as a low sugar, healthy product.

## PURCHASE

23.    Each of the preceding paragraphs is incorporated by reference herein.

24.    On May 17, 2018 Plaintiff Hackman purchased one Birthday Cake One Bar and one Almond Bliss One Bar from Harris Teeter #352 located at 1201 First St. NE, Washington D.C., 20002, for $4.00.

25.    Defendant has sold numerous One Bars to the general public of the District of

Columbia.

26.     Upon information and belief, One Brands sells its products in the District of Columbia through a number of distributors and retailers to the general public, including through Amazon and Vitamin Shoppes.

27.     Plaintiff acts for the benefit of the General Public as a Private Attorney General for claims in this action arising under the DC CPPA, which expressly authorizes an individual to act "on behalf of both the individual and the general public ... seeking relief from the use of a trade practice in violation of a law of the District when that trade practice involves consumer goods or services that the individual purchased...." D.C. Code § 28-3905(k)(1)(B).

## Count I

### UNLAWFUL AND DECEPTIVE TRADE PRACTICES – D.C. Code § 28-3905

28.     Each of the preceding paragraphs is incorporated by reference herein.

29.     Plaintiff, on behalf of herself as an individual and on the general public behalf of all others similarly situated, brings this action pursuant to D.C. Code § 28-3905(k).

30.     Plaintiff purchased One Bars as a member of the consumer public.  This purchase included the purpose of testing and evaluating whether One Bars have been unlawfully and deceptively sold pursuant to DC Code § 28-3904 in that Defendant:

      a.  Failed to state material facts regarding the product's contents that tend to mislead by omitting that the product contains sugar content that far exceeds Defendant's written representations;

      b.  Misrepresents as to a material fact in the claim that One Bars are "low in sugar" when they are not.

      c.  Misrepresents the One Bars' participation in the NSF Certified for Sport Program;

      d.   Misrepresents that the NSF Certified for Sport Program has certified "that what is on the label is in the [One Bars.]"

      e.   Sells consumer goods in a condition or manner not consistent with operation or requirement of federal law, and;

      f.   Otherwise is misleading.

31.    Defendant has intentionally made these material omissions and/or misrepresentations knowing that they had the tendency to mislead consumers.

32.    D.C. Code § 28-3901(c) establishes an enforceable right to truthful information from merchants about consumer goods and services that are or would be purchased, leased, or received in the District of Columbia.

33.    As a result of Defendant's unfair and deceptive trade practices detailed herein, Plaintiff and consumers in the District of Columbia are deprived of truthful information regarding One Bars. As a result of this unfair and deceptive trade practice, Gloria Hackman seeks statutory damages, punitive damages, injunctive relief, and reasonable attorney's fees.

34.    As a result of this unfair and deceptive trade practice, Gloria Hackman seeks on behalf of the general public:

      a.   An injunction against Defendant, including that Defendant be barred from selling OneBars in the District of Columbia until the front of OneBar labels give truthful information about the sugar content of the bars;

      b.   Reasonable attorney's fees;

      c.   Costs of litigation, including expert fees; and

      d.   All other relief as this Court deems just and necessary.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Gloria Hackman on behalf of herself as an individual and on behalf of the general public, makes this Complaint for all damages specified above including injunctive relief and individual monetary damages specified herein and believed to be in excess of the jurisdictional minimum.

Dated: July 30, 2018

Respectfully submitted,

MIGLIACCIO & RATHOD LLP

/s/ *Nicholas A. Migliaccio*
Nicholas A. Migliaccio, Esq.,
(Bar No. 484366)
Jason S. Rathod
(Bar No. 1000882)
Esfand Y. Nafisi
412 H St., NE
Suite 302
Washington, DC 20002
(202) 470-3520 (Tel.)
(202) 800-2730 (Fax)
nmigliaccio@classlawdc.com

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues raised herein pursuant to Rule 38 of the Superior Court Rules of Civil Procedure.

/s/ Nicholas A. Migliaccio
Nicholas A. Migliaccio, Esq.,

# Summons

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

Filed
D.C. Superior Court
08/08/2018 06:32PM
Clerk of the Court

GLORIA HACKMAN, Individually and on Behalf of the General Public

_____
                                                        Plaintiff

vs.

                                                        Case Number    2018 CA 005423 B

One Brands, LLC, d/b/a Oh Yeah!

_____
                                                        Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**Nicholas A. Migliaccio**
_____
Name of Plaintiff's Attorney

**412 H St. NE, Suite 302**
_____
Address
Washington D.C. 20002

**(202) 470-3520**
_____
Telephone

_Clerk of the Court_

By _____
                                                        Deputy Clerk

Date _____ 08/01/2018

如需翻譯,請打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시오.         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                        Super. Ct. Civ. R. 4

# Civil Information Sheet

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Gloria Hackman, Individually and on Behalf of the General Public of the District of Columbia

One Brands, LLC d/b/a Oh Yeah!

Case Number: 2018 CA 005423 B

Date: 07/30/2018

☐ One of the defendants is being sued in their official capacity.

Name: *(Please Print)* Nicholas A. Migliaccio

Firm Name: Migliaccio & Rathod LLP

Telephone No.: 202-470-3520    Six digit Unified Bar No.: 484366

Relationship to Lawsuit

☑ Attorney for Plaintiff
☐ Self (Pro Se)
☐ Other: _____

TYPE OF CASE: ☐ Non-Jury    ☐ 6 Person Jury    ☑ 12 Person Jury

Demand: $_____    Other: Monetary damages and injunctive relief believed to exceed jurisdictional minimum

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.:_____    Judge: _____

Case No.:_____    Judge: _____    Calendar#:_____

NATURE OF SUIT:    *(Check One Box Only)*

**A. CONTRACTS**

| COLLECTION CASES |

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
   Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
   Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
   Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
   Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
   Under $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☑ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
   Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
   Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

/s/ *Nicholas A. Migliaccio*

Attorney's Signature

07/30/2018

Date

CV-496/ June 2015

# Initial Order



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

GLORIA HACKMAN
    Vs.                           C.A. No.    2018 CA 005423 B
ONE BRANDS, LLC

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                            Chief Judge Robert E. Morin

Case Assigned to:  Judge HIRAM E PUIG-LUGO
Date:  July 31, 2018
Initial Conference: 9:30 am, Friday, November 02, 2018
Location:  Courtroom 317
                500 Indiana Avenue N.W.
                WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief    Judge    Robert    E.    Morin

CAIO-60

# Discovery Requests

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| GLORIA HACKMAN, *Individually and on Behalf of the General Public,* 27 O St., NW, Apt 212 Washington, DC 20001, | : : : : | Case No.: 2018 CA 005423 B<br><br>Judge: Hon. Hiram E Puig-Lugo |
| Plaintiff, | : : : | |
| v. | : : : | |
| One Brands, LLC, d/b/a Oh Yeah!, 5400 West W.T. Harris Blvd, Suite L Charlotte, NC 28269 | : : : : | |
| Defendant. | : : | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to Rule 34 of the District of Columbia Rules of Civil Procedure, Plaintiff hereby requests that Defendant One Brands, LLC ("Defendant" or "One Brands") produce and make available for inspection and copying the original and all non-identical copies of the documents described below. The requested documents are to be made available for inspection and copying at Migliaccio & Rathod, 412 H St., NE, Suite 302 Washington, DC 20002 within thirty days of the date of service, unless otherwise stated by the Superior Court Rules of Civil Procedure.

## INSTRUCTIONS

A.     These requests require supplemental or amended responses to the extent required by the District of Columbia Superior Court Rules of Civil Procedure. These requests shall be deemed continuing requests for supplemental responses, so as to require additional responses if you obtain further information after the time responses are served and before the time of trial of this action.

B.   With respect to any document that you refuse to produce on the ground of attorney-client privilege, on the ground of privilege for materials prepared in anticipation of litigation or for trial, or on the ground of any other privilege, please state the following:

    a.   the full identity of the document, including the following:

        1.   the date of the document;

        2.   its title (if any);

        3.   its authors, addresses, recipients, or parties;

        4.   the nature of the document (*e.g.*, letter, memorandum, *etc.*);

        5.   the individual or source from whom or from which you obtained it; and

        6.   its present location and identity of its custodian;

    b.   whether your objection or refusal is directed to the entire document or part thereof;

    c.   if your objection or refusal goes to part of the document, specify the specific part(s) of the document to which your objection or refusal is directed;

    d.   the specific factual basis which gives rise to the objection or refusal; and

    e.   the specific legal ground on which the objection or refusal is based.

C.   For the purposes of these requests, the term "document" is used herein in the broadest sense permissible under the District of Columbia Superior Court Rules of Civil Procedure, and includes the original (or, if the information called for cannot be provided or referred to as the original, then each and every non-identical copy thereof) of any and all writing, graphic matter, or other medium upon which intelligence or information can be recorded or from which he same can be retrieved, and in addition, financial records, corporate records, correspondence (as herein before defined), reports, notes, interoffice and intra-office communications, circulars, announcements, directories, declarations, filings, memoranda, agreements, contracts, legal instruments, studies, work papers, records, instructions, specifications, designs, design drawings, sketches, pictures, photographs, photocopies, charts, graphs, design calculations, curves, descriptions, accounts, journals, ledgers, bills, invoices, check, receipts and the like, motion pictures, recordings, published or unpublished speeches or articles, publications, transcripts of telephone conversations, sound recordings and any other retrievable data (whether encoded, taped, punched, or coded electrostatically, electromagnetically, on computer or otherwise), in the possession, custody or control of defendant or known to defendant(s) wherever located, however produced or reproduced, including any non-identical copy (whether different from the original because of any alterations, notes, comments, initials, underscoring, indication of routing or other material contained thereon or attached thereto, or otherwise) and whether a draft or a final version.

D.   The meaning of "relating to" as used herein includes, but is not limited to, referring to, reflecting, bearing upon, pertaining to, being relevant to, and connected with the matter set forth.

E.   The term "person(s)" includes a natural person, firm, association, partnership, business, trust, corporation or public entity.

F.   The word "you" or "your" means defendant and/or all past or present officers, directors, employees, agents, representatives, general partners, attorneys, or other persons acting or

purporting to act for, on behalf of, or with defendant.  "You" or "your" also means any affiliate, parent, or subsidiary of defendant.

G.     Defendant One Brands, LLC, is hereinafter referred to as "One Brands."

H.     The term "Plaintiff" refers to the individual Gloria Hackman and is inclusive of the general public of the District of Columbia.

I.      The term "Products" refers to Defendant One Brands' One Bars, including but not limited to the following flavors: Almond Bliss, Birthday Cake, Blueberry Cobbler, Chocolate Brownie, Chocolate Chip Cookie Dough, Cinnamon Roll, Cookies & Crème, Lemon Cake, Maple Glazed Doughnut, Peanut Butter Chocolate Cake, Peanut Butter Pie, and Salted Caramel.

## REQUESTS FOR DOCUMENTS

1.     All records and documents obtained by you pursuant to any authorization, subpoena or notice of deposition issued in this matter.

**RESPONSE:**

2.     A copy of any *curriculum vitae* of any expert witness you intend to call at the trial of this action.

**RESPONSE:**

3.     A copy of all reports, letters, or summaries rendered to you or on your behalf from anyone whom you intend to have testify at trial.

**RESPONSE:**

4.     All documents describing, discussing, referencing, mentioning, containing or referring to representations that One Brands has the sponsorship, approval, or certification of any third-party, including but not limited to NSF or the NSF Certified for Sport program or website.

**RESPONSE:**

5.     All documents describing, discussing, referencing, mentioning, containing or referring to One Brands' efforts to apply for and/or seek approval of the Products from any third-party, including but not limited to NSF, for any reason.

**RESPONSE:**

6.     All documents describing, discussing, referencing, mentioning, containing or referring to the labeling, advertising, and marketing of One Brands' Products.

**RESPONSE:**

7.    All documents describing, discussing, referencing, mentioning, containing, or referring to the manufacture or preparation of One Brands' Products, including communications, invoices, receipts, agreements and contracts between One Brands and the manufacturer of the Products.

**RESPONSE:**

8.    Any documents that reference, refer to, or reflect the ingredients, including any changes to the ingredients, in each of the Products.

**RESPONSE:**

9.    Any documents that reference, refer to, or reflect the sugar content in each of the Products.

**RESPONSE:**

10.    Any documents that reference, discuss, refer to, or reflect One Brands' representations that the Products contain one gram of sugar per bar, contain low sugar content, or are compatible with low-carbohydrate diets.

**RESPONSE:**

11.    Any and all documents discussing, describing, or mentioning the accuracy or inaccuracy of One Brands' advertising and marketing claims concerning the Products' sugar content.

**RESPONSE:**

12.    All documents describing, discussing, mentioning, containing, or identifying any or particular standards, qualities, or grades with reference to the Products.

**RESPONSE:**

13.    All documents describing, discussing, referencing, mentioning, containing, or referring to any analysis of the Products' compliance or non-compliance with statutes, rules and/or regulations related to product representation, treatment of medical conditions, labeling, advertising, and sales.

**RESPONSE:**

14.    Copies of any and all other statements allegedly signed (if written) or allegedly given (if oral) by any other person known, believed, or alleged to be a witness to the testing, manufacturing, labeling, advertising, research, testing, and sales of the Products, or alleged to have knowledge of other discoverable facts or information pertinent to this litigation.

**RESPONSE:**

15.    Any and all documents concerning in any way the advertising, commercial marketing, or other promotion of the Products.

**RESPONSE:**

16.    Any and all documents concerning in any way other companies' products that compete with the Products, including, but not limited to Quest Bars.

**REQUEST:**

17.    Any and all documents concerning in any way the relationship between Defendant and any other entity responsible for the advertising, formulation, manufacturing, packaging, labeling, researching, testing or authenticity of the product sold as the Products.

**RESPONSE:**

18.    Documents concerning any focus group report, consumer survey, study, report, poll or any other marketing analysis or research conducted in connection with or relating to the promotion, advertising, packaging, filling, or sale of the Products

**RESPONSE:**

19.    Documents pertaining to customer inquiries and/or complaints regarding the Products.

**RESPONSE:**

20.    Documents pertaining to any relationship with any retailer or other third party for the sale or distribution of the Products.

**RESPONSE:**

21.    Documents evidencing the time period during which the Products were produced and marketed to the general public in the District of Columbia.

**RESPONSE:**

22.    Documents evidencing sales figures, including but not limited to, revenues and numbers of units sold, on a monthly or yearly basis, or other incremental time period, from the sale of the Products in the District of Columbia.

**RESPONSE:**

23.    A copy of any insurance policy which may be relevant to the subject matter of this Complaint, including any umbrella or excess insurance coverage policy.

**RESPONSE:**

24.    Documents discussing, containing, or referring to your responses to any state or federal attorney general, agency, or any other regulatory body responding to allegations related to those made in this Complaint.

**RESPONSE:**

25.    A copy of any document responsive to, or identified by a response to, any interrogatory.

**RESPONSE:**

26.    A privilege log for any document responsive to any request for document or interrogatory that you contend should not be produced.

**RESPONSE:**


Dated: August 9, 2018                                        Respectfully submitted,

                                                            /s/ Nicholas A. Migliaccio
                                                            Nicholas A. Migliaccio, Esq.,
                                                            (Bar No. 484366)
                                                            Jason S. Rathod
                                                            (Bar No. 1000882)
                                                            Esfand Y. Nafisi
                                                            (Bar No. 1029770)
                                                            412 H St., NE
                                                            Suite 302
                                                            Washington, DC 20002
                                                            (202) 470-3520 (Tel.)
                                                            (202) 800-2730 (Fax)
                                                            nmigliaccio@classlawdc.com

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| GLORIA HACKMAN, *Individually and on Behalf of the General Public,* 27 O St., NW, Apt 212 Washington, DC 20001, | : : : : : | Case No.: 2018 CA 005423 B Judge: Hon. Hiram E Puig-Lugo |
| Plaintiff, | : : : | |
| v. | : : | |
| One Brands, LLC, d/b/a Oh Yeah!, 5400 West W.T. Harris Blvd, Suite L Charlotte, NC 28269 | : : : : | |
| Defendant. | : : | |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

Plaintiff Gloria Hackman, by and through undersigned counsel and pursuant to Rule 33 of the Superior Court Rules of Civil Procedure, submits these interrogatories to Defendant, One Brands, LLC ("Defendant" or "One Brands"). Plaintiff requests that sworn answers to these interrogatories be served upon Plaintiff's undersigned counsel within thirty days of service, unless otherwise stated by the Superior Court Rules of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

A.  These interrogatories are continuing in nature, up to and during the course of the trial. Information sought by these interrogatories that you obtain after you serve your answers must be disclosed as the Superior Court Rules of Civil Procedure require.

B.  If you cannot answer all or part of any interrogatory in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempt to secure the unknown information.

C.     The term "person(s)" includes a natural person, firm, association, partnership, business, trust, corporation, or public entity.

D.     The word "you" or "your" means Defendant and/or all past or present officers, directors, employees, agents, representatives, general partners, attorneys, or other persons acting or purporting to act for, on behalf of, or with Defendant.  "You" or "your" also means any affiliate, parent, or subsidiary of Defendant.

E.     The word "document(s)" means all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically or otherwise), from whatever source derived and however and by whomever, produced, reproduced, disseminated or made; without limiting the generality of the foregoing, the word "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, memoranda, notes of meetings, telegram, telexes, facsimiles, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer programs, information kept in computerized storage, computer printouts, and any other writings or documentary material of any nature whatsoever, whether or not divulged to persons other than you, together with any attachments thereto and enclosures therewith.

F.     The term "identify" when used with respect to a natural person means to state the following: (1) the full name of the person, (2) his or her current business address and telephone number, (3) his or her position, and (4) a description of his or her responsibilities and knowledge of the substance of the question asked.

G.     The term "identify" when used with respect to a person other than a natural person means to state the following: (1) its full name; (2) whether it is a firm, association, business, corporation, partnership, trust, or other entity; (3) the address of its principal place of business; and (4) the subdivision or part of the person most immediately involved with the subject matter of the interrogatory in question.

H.     The term "identify" when used with respect to a document means to state the following: (1) the type of document (*e.g.*, letter, article, photograph, computer printout); (2) its date or approximate date; (3) its author or authors; (4) its recipient or recipients, including those persons who received copies of the document; (5) its general subject matter; and (6) its present location or custodian (or the last known location or custodian), or in lieu thereof, attach a copy of the document.

I.     The term "identify" when used with respect to a communication or a statement means to: (1) state the mode of communication or statement (*e.g.*, by telephone, electronic mail, oral conversation); (2) state its date or approximate date; (3) identify its author or speaker; (4) identify its recipient or recipients; (5) describe its general subject matter; and (6) identify any and all documents memorializing the communication or statement.

J.     The term "identify" when used with respect to a meeting means to: (1) state the location of the meeting; (2) state the date of the meeting; (3) identify who attended the meeting; (4)

describe the subject matter of the meeting; and (5) identify any and all documents memorializing the discussions at the meeting.

K.    When an interrogatory requires you to "state" or to "state the basis" of a particular claim, contention, allegation, or defense, identify in your answer each and every verbal communication, meeting, and document that you believe supports, refers to, or evidences such a claim, contention, allegation, or defense, and identify every person having knowledge thereof.

L.    When an interrogatory requires you to "describe" a particular matter, give a detailed account, narration, recitation, and report of the question asked.

M.    Defendant, One Brands, LLC, is hereinafter referred to as "One Brands."

N.    The term "Plaintiff" refers to the individual Gloria Hackman and is inclusive of the general public of the District of Columbia.

O.    The term "Products" refers to Defendant One Brands' One Bars, including but not limited to the following flavors: Almond Bliss, Birthday Cake, Blueberry Cobbler, Chocolate Brownie, Chocolate Chip Cookie Dough, Cinnamon Roll, Cookies & Crème, Lemon Cake, Maple Glazed Doughnut, Peanut Butter Chocolate Cake, Peanut Butter Pie, and Salted Caramel.

## **INTERROGATORIES**

1.    With regard to each affirmative defense or exception to any federal or state regulation which you may rely upon, state in detail the specific facts which form the basis for each such defense; the name, address and telephone number of each witness who has knowledge of facts you intend to rely upon in support of each such defense; and a specific description of each exhibit which contains facts or may be relevant and tend to support and prove each such defense, including the name and address of the current custodian of each such exhibit.

**RESPONSE:**

2.    Identify by name and address each person other than expert witnesses that you intend to call as a witness on any question at the trial of this case.

**RESPONSE:**

3.    Identify by name and address any expert that you intend to call as a witness and list for each:
    (a)    the specialty of said expert;
    (b)    the subject matter about which said expert will testify;
    (c)    the substance of the facts about which said expert will testify;
    (d)    the substance of the opinions that said expert will give;

     (e)     the basis for the opinions that said expert will give, including what information, materials, medical records, documents, and discovery said expert reviewed prior to rendering his opinion;

     (f)     the identity of all medical literature on which the expert is expected to rely;

     (g)     please attach a copy of any written report provided by each such expert to you or your counsel; and

     (h)     attach a copy of a current *curriculum vitae* for each said witness.

**RESPONSE:**

4. State the names, addresses, telephone numbers, and email addresses of all persons, including officers, directors, employees, agents, or third parties with knowledge or information related to the invention, development, or creation of the Products.

**RESPONSE:**

5. Please identify each employee, by providing the name, address, telephone number, job title, department, and dates of employment, who has knowledge or any other relevant information about the ingredients, manufacturing, labeling, efficacy, or authenticity of the Products.

**RESPONSE:**

6. State the names, addresses, telephone numbers, and email address of all persons who had any knowledge of or involvement with claims made by One Brands related to NSF or the NSF Certified for Sport program.

**RESPONSE:**

7. State the names, addresses, telephone numbers, and email addresses of all persons who had any knowledge about the advertising or marketing of the Products.

**RESPONSE:**

8. Identify all in-house legal memoranda regarding requirements for product ingredients, specifically for the inclusion sugar in the Products. This includes identification of any in-house memoranda related to the applicability and compliance of the Products with any consumer law or regulation.

**RESPONSE:**

9. State the names, addresses, telephone numbers, and email addresses of all persons involved in creating the recipe and deciding what ingredients are used for the Products.

**RESPONSE:**

10. State the names, addresses, telephone numbers, and email addresses of all persons involved in the approval and authorization of the recipe and ingredients of the Products.

**RESPONSE:**

11. Identify the amount of sugar One Brands used or uses in each of the Products.

**RESPONSE:**

12. Identify the extent to which One Brands had knowledge of the sugar content of its Products.

**RESPONSE:**

13. Provide the name and addresses of any agent, employee and/or any third-party retailer or distributor that has information, documents, or other evidence relevant to the allegations made or defenses raised by this Complaint or your Answer.

**RESPONSE:**

14. State in detail all advice, disclaimers, FAQs, information, warnings or instructions with respect to the Products that you or any of your agents, servants, and/or employees communicated to Plaintiff or to the general public, including the date when you conveyed the communication, the manner (whether written or oral) by which you conveyed the same, and the name, address, telephone number, and job title of all persons who, drafted, edited, reviewed or otherwise have knowledge of the communication. Please attach to your answers to these Interrogatories a copy of any documentation or record of any such communication.

**RESPONSE:**

15. Please provide a detailed summary of the process that One Brands follows before labeling and distributing the Products. This answer should include identification of any handbooks or set guidelines utilized by One Brands.

**RESPONSE:**

**DATED:** August 9, 2018                              Respectfully submitted,

                                                  /s/ Nicholas A. Migliaccio
                                                  Nicholas A. Migliaccio, Esq.,
                                                  (Bar No. 484366)
                                                  Jason S. Rathod

(Bar No. 1000882)
Esfand Y. Nafisi
(Bar No. 1029770)
412 H St., NE
Suite 302
Washington, DC 20002
(202) 470-3520 (Tel.)
(202) 800-2730 (Fax)
nmigliaccio@classlawdc.com