## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | **Case No. 18-cv-2101-CKK** |
| | ) | **Hon. Colleen Kollar-Kotelly** |
| **GLORIA HACKMAN,** | ) | **Oral Argument Requested** |
| *Individually and on Behalf of the* | ) | |
| *General Public*, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ONE BRANDS, LLC, d/b/a/ Oh Yeah!,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO DISMISS

Under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), Defendant ONE Brands, LLC respectfully moves this Court to dismiss Gloria Hackman's complaint with prejudice because she has failed to state a claim upon which relief may be granted and lacks standing for some of her claims. The grounds for this motion are set forth in the accompanying memorandum of points and authorities, and a proposed order is attached.

Dated: September 14, 2018

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ) | **Case No. 18-cv-2101-CKK** |
| ) | **Hon. Colleen Kollar-Kotelly** |
| **GLORIA HACKMAN,** ) | **Oral Argument Requested** |
| *Individually and on Behalf of the* ) | |
| *General Public,* ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **ONE BRANDS, LLC, d/b/a/ Oh Yeah!,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant ONE Brands, LLC respectfully submits this Memorandum in Support of its

Motion to Dismiss Plaintiff's Complaint.

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................1

BACKGROUND ................................................................................................................3

    **I.**    Statutory and Regulatory Framework .................................................................3

    **II.**    Plaintiff's Allegations ........................................................................................4

LEGAL STANDARDS .......................................................................................................5

ARGUMENT ......................................................................................................................6

    **I.**    Plaintiff's Sugar-Content Claims Are Preempted by Federal Law.......................6

    **II.**    Plaintiff Lacks Standing To Challenge Claims Regarding NSF Certification. ......10

    **III.**    Plaintiff Has Not Stated A Claim Under The D.C. Consumer Protection
Procedures Act.................................................................................................11

            **A.**    Plaintiff Does Not Plausibly Plead That ONE Brands Advertises ONE
Bars As NSF-Certified...........................................................................11

            **B.**    The Complaint Does Not Plausibly Plead Reliance Or Damages............16

CONCLUSION..................................................................................................................17

CERTIFICATE OF SERVICE ..........................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arizona v. United States*,
   567 U.S. 387 (2012) ................................................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................5, 6

*Baker v. NNW, LLC*,
   2015 WL 12843827 (W.D. Mo. July 8, 2015) ...................................................7, 8

*Bates v. Dow Agrosciences LLC*,
   544 U.S. 431 (2005) ................................................................................................7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..........................................................................................6, 17

*Bruton v. Gerber Prods. Co.*,
   961 F. Supp. 2d 1062 (N.D. Cal. 2013) (*reversed and remanded on other
   grounds*, 703 F. Appx. 468 (9th Cir. 2017) ......................................................3, 7

*Burke v. Weight Watchers Intern., Inc.*,
   983 F. Supp. 2d 478 (D.N.J. 2013) ........................................................................8

*Clancy v. The Bromley Tea Co.*,
   308 F.R.D. 564 (N.D. Cal. 2013) ...........................................................................8

*Durnford v. Musclepharm Corp.*,
   2015 WL 9258079 (N.D. Cal. Dec. 18, 2015) ..................................................7, 8

*In re: Gen. Motors LLC Ignition Switch Litig.*,
   2016 WL 3920353 (S.D.N.Y. July 15, 2016) ......................................................16

*Gibbons v. Ogden*,
   22 U.S. 1 (1824) ......................................................................................................6

*Gisvold v. Merck & Co., Inc.*,
   62 F. Supp. 3d 1198 (S.D. Cal. 2014) ....................................................................7

*Hoyte v. Yum! Brands, Inc.*,
   489 F. Supp. 2d 27 (D.D.C. 2007) ..................................................................11, 17

*Jackson v. ASA Holdings*,
   751 F. Supp. 2d 91 (D.D.C. 2010) .......................................................................12

*Kordel v. United States*,
335 U.S. 345 (1948) ................................................................................................3

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ..............................................................................................10

*Mee v. I A Nutrition, Inc.*,
2015 WL 2251303 (N.D. Cal. May 13, 2015) ............................................7, 8, 9

*Muldrow v. EMC Mortg. Corp.*,
766 F. Supp. 2d 230 (D.D.C. 2011) ...........................................................11, 17

*Pearson v. Chung*,
961 A.2d 1067 (D.C. 2008) ..................................................................................11

*Perez v. Nidek Co.*,
711 F.3d 1109 (9th Cir. 2013) ................................................................................8

*Salazar v. Honest Tea, Inc.*,
74 F. Supp. 3d 1304 (E.D. Cal. 2014) .............................................................7, 9

*Saucier v. Countrywide Home Loans*,
64 A.3d 428 (D.C. 2013) ......................................................................................11

*Search v. Uber Tech., Inc.*,
128 F. Supp. 3d 222 (D.D.C. 2015) ....................................................................16

*Taitz v. Obama*,
707 F. Supp. 2d 1 (D.D.C. 2010) ..........................................................................6

*Valley Forge Christian Coll. v. Am. United for Separation of Church and State,
Inc.*, 454 U.S. 464 (1982) ....................................................................................10

*Vital v. One World Co.*,
2012 WL 13029487 (C.D. Cal. Nov. 30, 2012).....................................................9

*In re: Whole Foods Market, Inc.*,
163 F. Supp. 3d 385 (W.D. Tex. 2016) ................................................2, 7, 8, 9

*United States ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*,
389 F.3d 1251 (D.C. Cir. 2004) .............................................................................6

*Williams v. Purdue Pharma Co.*,
297 F. Supp. 2d 171 (D.D.C. 2003) .....................................................................10

*Witherspoon v. Philip Morris Inc.*,
964 F. Supp. 455 (D.D.C. 1997) ....................................................................6, 16

## Statutes

21 U.S.C. § 321(m) ................................................................................................3

21 U.S.C. § 331(a) .................................................................................................3

21 U.S.C. § 343-1(a)(4-5) .............................................................................. 1, 4, 7, 9

21 U.S.C. § 343(a) ..............................................................................................3, 4

21 U.S.C. § 343(q)(1)(D) .......................................................................................3

21 U.S.C. § 343(r)(1)(A) ........................................................................................3

21 U.S.C. § 393(b)(2)(A) ........................................................................................3

D.C. Code § 28-3905 ..............................................................................................5

Federal Food Drug and Cosmetic Act ................................................................1, 3

Nutrition Labeling and Education Act ..............................................................1, 3, 7

## Other Authorities

21 C.F.R. 101.60(c) ...............................................................................................3

21 C.F.R. § 100.1(c)(4) ..........................................................................................7

21 C.F.R. § 101.9(c)(6)(h) ......................................................................................3

21 C.F.R. § 101.9(g) ..............................................................................................8

21 C.F.R. § 101.9(g)(2) ................................................................................... 1, 4, 9

21 C.F.R. § 101.9(g)(5) ..........................................................................................4

21 C.F.R. § 101.54 .................................................................................................3

21 C.F.R. § 101.70 .................................................................................................3

Fed. R. Civ. P. 8(a)(2) ...........................................................................................5

Fed. R. Civ. P. 9(b) ...........................................................................................6, 16

Sarah E. Taylor & Harold J. Feld, *Promoting Functional Foods and
    Nutraceuticals on the Internet*, 54 Food & Drug L.J. 423 (1999) ........................3

U.S. Const., Art. III .............................................................................................10

U.S. Const., Art. VI, cl. 2 ......................................................................................6

## INTRODUCTION

Counsel for Plaintiff Ms. Hackman venture once more unto the breach.  In February, Ms. Hackman's lawyers sued ONE Brands on behalf of another plaintiff raising the same baseless allegations that Ms. Hackman brings here.[1]  ONE Brands explained that because that case was based on sugar testing that did not comply with federal law, the claims were preempted.  Rather than respond to ONE Brands' motion to dismiss, that plaintiff dropped the suit.  *Id.* Dkt. No. 11. Ms. Hackman's lawyers have now found a new professional plaintiff to sue ONE Brands, but she has corrected none of the fatal deficiencies in the first complaint and her complaint should be dismissed as well.

Ms. Hackman's principal allegation is that ONE Bars' labels falsely state that they contain one gram of sugar.  She bases this allegation on testing of two ONE Bars that she purchased just days before the first plaintiff dismissed his complaint.  *Id.*; Compl. ¶ 17.  This theory, however, is expressly preempted by federal law.

Pursuant to statutory authority under the Federal Food Drug and Cosmetic Act, as amended by the Nutrition Labeling and Education Act, the FDA has promulgated detailed regulations for how nutrient analysis testing (including for sugar) *must* be conducted for labeling purposes.  *See* 21 U.S.C. § 343 *et seq.*; 21 U.S.C. §§ 301, 321, 337, 343, 371; 21 C.F.R. § 101.9(g)(2).  The Nutrition Labeling and Education Act expressly preempts *any* state-law requirements (including tort) that are "not identical" to these federal provisions.  21 U.S.C. § 343-1(a)(4-5).  Accordingly, "[e]very district court considering this issue has found where . . . an FDA regulation provides that the question of compliance must be determined using the method specified therein, a state law

---

[1] *See* U.S. District Court for the District of Columbia Case No. 18-cv-00767-RJL, Dkt. No. 1 (complaint), Dkt. No. 7 (motion to dismiss).

claim that seeks to establish a violation . . . by a different methodology is preempted." *In re: Whole Foods Market, Inc.*, 163 F. Supp. 3d 385, 392 (W.D. Tex. 2016) (citing cases).

Although Plaintiff has refused to turn over her testing and does not disclose which laboratory did the test, which methodology it followed, or what type of sugar she tested for, her complaint still makes clear that she did *not* comply with FDA's testing protocol. Because her supposed tests failed to meet these federal standards, her claim based on that testing is preempted.

Plaintiff's second theory is that ONE Brands falsely advertises that its bars are NSF Certified for Sport (the "NSF-Certification claim"). Compl. ¶¶ 16, 21, 30. But Plaintiff lacks standing to pursue that claim. She does not allege that she was even exposed to any claim about NSF Certification, let alone that she relied on it. Moreover, this theory fails on its face: Plaintiff does not plausibly plead that any reasonable consumer would interpret ONE Brands to be claiming that ONE Bars are NSF-Certified. Nothing about NSF Certification appears on the ONE Bars label or on the product's website. The only place NSF Certification is mentioned is on a completely separate website that does not sell ONE Bars. And on that site, ONE Brands clearly indicates (with the NSF symbol) which products are certified and which products are not certified. There is no NSF symbol anywhere near the ONE Bars because they are sold on a completely different website.

This is simply a second attempt to bring the same baseless and manufactured lawsuit against ONE Brands that Plaintiff's attorneys brought a few months ago. Although captioned as a consumer-protection case, this case is nothing of the sort. Plaintiff is *not* a consumer. She did not take a single bite of the ONE Bars that form the basis of her complaint. Instead, she purchased the bars solely to file this suit. Compl. ¶¶ 17, 24, 30. Her complaint fails to state a claim and should be dismissed with prejudice.

# BACKGROUND

## I.      Statutory and Regulatory Framework

The Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. § 343 *et seq.*, empowers

the Food and Drug Administration (FDA) to protect the public health by ensuring that "foods are

safe, wholesome, sanitary, and properly labeled," 21 U.S.C. § 393(b)(2)(A).   The FDCA also

prohibits the "misbranding" of food.   21 U.S.C. § 331(a).   Section 343 enumerates under what

conditions a food is deemed to be misbranded.   *Id.* § 343.   For example, a food is considered

misbranded if its labeling is "false or misleading in any particular."   *Id*. § 343(a)(1).

In 1990, Congress enacted the Nutrition Labeling and Education Act (NLEA), 21 U.S.C.

§§ 301, 321, 337, 343, 371, to establish "uniform national standards regarding the labeling of

food." *Bruton v. Gerber Prods. Co.*, 961 F. Supp. 2d 1062, 1079 (N.D. Cal. 2013) (*reversed and

remanded on other grounds*, 703 F. Appx. 468 (9th Cir. 2017).

The NLEA and the FDCA require that a food label disclose the amount of its ingredients,

including sugars.   21 U.S.C. § 343(a), (q)(1)(D); 21 C.F.R. § 101.9(c)(6)(h).[2]   Compliance with

these food-labeling requirements *must* be determined based on specific testing methodology

established by the FDA:

> The sample for nutrient analysis shall consist of a composite of 12
> subsamples (consumer units), taken 1 from each of 12 different
> randomly chosen shipping cases, to be representative of a lot.
> Unless a particular method of analysis is specified in paragraph (c)
> of this section, composites shall be analyzed by appropriate methods

---

[2] "Labeling" means "all labels and other written, printed, or graphic matter" attached to or "accompanying" food products.   21 U.S.C. § 321(m); *Kordel v. United States*, 335 U.S. 345 (1948); *see* Sarah E. Taylor & Harold J. Feld, *Promoting Functional Foods and Nutraceuticals on the Internet*, 54 Food & Drug L.J. 423 (1999).   The FDA also regulates the type of claims that manufacturers may make about the nutrition content of their products beyond the nutrition panel, *see, e.g.*, 21 U.S.C. § 343(r)(1)(A), and has promulgated regulations governing nutrition content claims (including sugar), 21 C.F.R. § 101.54 *et seq.*; 21 C.F.R. 101.60(c), as well as health claims, 21 C.F.R. § 101.70 *et seq.*

as given in the "Official Methods of Analysis of the AOAC International," or, if no AOAC method is available or appropriate, by other reliable and appropriate analytical procedures.

21 C.F.R. § 101.9(g)(2).

Foods with labels declaring the amount of sugars "shall be deemed to be misbranded under [21 U.S.C. § 343(a)] if the nutrient content of the composite is greater than 20 percent in excess of the value for that nutrient declared on the label." *Id.* § 101.9(g)(5).  In sum, labels violate the federal regulations only if testing that follows the precise methodology outlined above for 12-separate samples exceeds the label claim by more than 20%.

Congress included an express preemption provision in the NLEA, providing that no state may "directly or indirectly establish . . . any requirement . . . for nutrition labeling of food . . . or the labeling of food that is not identical" to the federal requirements.  21 U.S.C. § 343-1(a)(4-5).

## II.    Plaintiff's Allegations

This case concerns only two products—ONE Brands Birthday Cake Protein Bar and ONE Brands Almond Bliss Protein Bar.  Compl. ¶ 24.  Plaintiff alleges that ONE Brands made two types of false or misleading claims regarding those products.

*First*, Plaintiff alleges that the products are labeled as containing one gram of sugar, when the actual sugar content is higher.  Compl. ¶¶ 17, 30.  On that ground, Plaintiff alleges that ONE Brands' labels are false or misleading.

To support that theory, Plaintiff pleads that she purchased two ONE Bars for the "purpose of testing and evaluating" them.  Compl. ¶ 30.  Although Plaintiff claims to have submitted the two bars for "laboratory testing," Compl. ¶ 17, she does not allege any other facts regarding this testing.  She does not allege, for example, who performed the testing, which laboratory was used, what methodology was used, the type of sugar she tested for, or even the type of sugar allegedly detected in the bars (*e.g.*, sugar alcohol, added sugar, etc.).  *See* Compl. ¶ 17.  Her complaint

nowhere refers to the mandatory FDA testing protocol.  Far from pleading compliance with the FDA regulations, the Complaint makes clear that Plaintiff failed to comply with those regulations—she tested only two bars, not the required 12 randomly selected samples from 12 different shipping cases.

Noticeably absent from the complaint is any allegation that Plaintiff relied on the sugar content claim, or any allegation (other than conclusory statements) that it caused her damage.

**Second**, Plaintiff alleges that ONE Brands falsely advertises that its ONE Bars are "NSF Certified for Sport."  Compl. ¶¶ 16, 21, 30.  Although Plaintiff does allege that ONE Brands makes that claim, Plaintiff does not allege that *she saw* the claim, that she *believed* the bars were NSF-certified, that she *relied* on the claim, or that she was *damaged* by the claim in any way.  Nor does Plaintiff allege when or where ONE Brands actually stated that its ONE Bars were NSF-certified. Instead, Plaintiff's allegations on this point are uncited and use brackets (to indicate changes to the quotations were made).  Compl. ¶¶ 16, 21, 30.

Based on these allegations, Plaintiff filed suit against ONE Brands in D.C. Superior Court. Plaintiff claimed to sue "on behalf of the general public of the District of Columbia" and "on the general public behalf of all others similarly situated."  Compl. Open. & ¶ 29.  Plaintiff's complaint has one count:  unlawful and deceptive trade practices in violation of D.C. Code § 28-3905. Compl. ¶¶ 28-34.[3]  ONE Brands timely removed the case to federal court.  *See* Dkt. No. 1.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  That entails "more than a sheer possibility that a defendant has acted unlawfully" and demands allegations beyond mere "labels

---

[3] Plaintiff cites section 28-3905, but the substantive proscriptions are found in section 28-3904.

and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A complaint that brings fraud-based claims must do even more:  It must "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), including "specifics as to the time, place, or content of any deceptive" claims, *United States ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004).  Those strictures apply to all claims that sound in fraud.  *See, e.g.*, *Taitz v. Obama*, 707 F. Supp. 2d 1, 6 (D.D.C. 2010).  Courts have thus applied Rule 9(b) to claims under the D.C. CPPA.  *See, e.g.*, *Witherspoon v. Philip Morris Inc.*, 964 F. Supp. 455, 464 (D.D.C. 1997) ("[A]llegations supporting [D.C. CPPA] claim must be pleaded with particularity because they are akin to allegations of fraud.") (internal quotation marks omitted).

## ARGUMENT

The Court should dismiss Plaintiff's complaint in its entirety.  First, Plaintiff's sugar-content claims are preempted by federal law.  Second, Plaintiff lacks standing to challenge the NSF-Certification claim.  Finally, Plaintiff has not stated a claim under the D.C. CPPA.

### I.    Plaintiff's Sugar-Content Claims Are Preempted by Federal Law.

Federal law sets the parameters of any sugar-content claim Plaintiff can assert here.  Pursuant to the Supremacy Clause, U.S. Const., Art. VI, cl. 2, state laws that "interfere with, or are contrary to the laws of Congress, made in pursuance of the constitution" are invalid.  *Gibbons v. Ogden*, 22 U.S. 1, 211 (1824).  "Congress has the power to preempt state law," and does so when it "enact[s] a statute containing an express preemption provision."  *Arizona v. United States*, 567 U.S. 387, 399 (2012).

Here, the Nutrition Labeling and Education Act (NLEA), 21 U.S.C. §§ 301, 321, 337, 343, 371, which established "uniform national standards regarding the labeling of food," *Bruton v. Gerber Prods. Co.*, 961 F. Supp. 2d at 1079, expressly preempts Plaintiff's claims. The NLEA provides that no state may "directly or indirectly establish . . . any requirement . . . for nutrition labeling of food . . . or the labeling of food that is not identical" to the federal requirements. 21 U.S.C. § 343-1(a)(4-5). The phrase "not identical to" refers to state obligations that either "differ" from or are "not imposed" by federal law. 21 C.F.R. § 100.1(c)(4). Those state "requirements" include statutes and common-law duties enforced by tort law. *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 443 (2005).

As a result, "[e]very district court considering this issue has found where . . . an FDA regulation provides that the question of compliance must be determined using the method specified therein, a state law claim that seeks to establish a violation of such regulation by a different methodology is preempted." *Whole Foods*, 163 F. Supp. 3d at 392 (internal quotation marks omitted); *see also Baker v. NNW, LLC*, 2015 WL 12843827 (W.D. Mo. July 8, 2015) (same for protein, carbohydrate, and sugar content); *Durnford v. Musclepharm Corp.*, 2015 WL 9258079, at *4 (N.D. Cal. Dec. 18, 2015) (same for protein content); *Mee v. I A Nutrition, Inc.*, 2015 WL 2251303 (N.D. Cal. May 13, 2015) (same for protein content); *Salazar v. Honest Tea, Inc.*, 74 F. Supp. 3d 1304, 1314 (E.D. Cal. 2014) (same for antioxidant levels). Courts have thus had no trouble dismissing (as preempted) claims premised on testing requirements that are not identical to "the detailed testing procedure described in the [FDA] regulation." *Gisvold v. Merck & Co., Inc.*, 62 F. Supp. 3d 1198, 1202 (S.D. Cal. 2014); *see also, e.g., Salazar*, 74 F. Supp. 3d at 1313 (where complaint did not allege that plaintiff tested the product using the 12-sample test method established by 21 C.F.R. § 101.9(g), "plaintiff's allegations do not show a violation of the FDCA"

and therefore "plaintiff's state law claims are preempted; if allowed to proceed, the state law claims would impose liability inconsistent with the FDCA").

Only where state law requirements "effectively parallel[] or mirror[]" requirements under the FDCA is there no preemption. *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 573 (N.D. Cal. 2013). To survive a preemption challenge, a state-law plaintiff must therefore plead (and later prove) that the relevant conduct violated both a state law *and* the NLEA and its regulations. *Perez v. Nidek Co.*, 711 F.3d 1109, 1120 (9th Cir. 2013).

These principles make clear that Plaintiff's state-law sugar-content claims are preempted. To begin with, Plaintiff alleges almost *nothing* about how her sugar testing was done, much less that "the scientific testing conducted by [Plaintiff] complied with the prescribed FDA testing methodology." *Whole Foods*, 163 F. Supp. 3d at 392-93. That alone is fatal. *Id.* (dismissing complaint as preempted because the complaint did not allege that relevant testing complied with FDA requirements); *see also, e.g.*, *Burke v. Weight Watchers Intern., Inc.*, 983 F. Supp. 2d 478 (D.N.J. 2013) (dismissing complaint as preempted because even "general[]" allegation that testing was performed "in accordance to, and in compliance of, FDA guidelines" was "insufficient"); *Baker*, 2015 WL 12843827 (dismissing as preempted complaint that failed to allege that testing followed the FDA's 12-sample procedure); *Durnford*, 2015 WL 9258079, at *4 (dismissing complaint in part as preempted because plaintiff did not allege "scientific testing" was done in compliance with FDA regulations); *Mee*, 2015 WL 2251303, at *4 (dismissing as preempted protein content claims where complaint "pleaded facts demonstrating preemption" by attaching lab reports for each of five products tested; "[n]othing in the reports suggest[ed] that the 12-same method required by § 101.9(g)(2) was employed"). Because Plaintiff fails to allege that her sugar

testing was conducted in accordance with the methodology described in 21 C.F.R. § 101.9(g)(2), she has not alleged a violation of the FDCA or NLEA.  Her claim is therefore preempted.

Moreover, Plaintiff's allegations affirmatively indicate that her supposed testing did *not* comply with FDA regulations.  Plaintiff tested only two bars, Compl. ¶ 17,—"a far cry from the FDA protocol requiring a composite of twelve subsamples taken from twelve randomly chosen shipping cases." *Whole Foods*, 163 F. Supp. 3d at 393.  Nor does Plaintiff allege that her testing followed the Official Methods of Analysis of the AOAC International methodology.  21 C.F.R. § 101.9(g)(2).  "Consequently," by her own allegations, Plaintiff "seek[s] to impose liability on [ONE Brands] based on a testing methodology that is more burdensome than that provided under the FDCA." *Whole Foods*, 163 F. Supp. 3d at 393; *see also Mee*, 2015 WL 2251303, at *4 (plaintiff "pleaded facts demonstrating preemption" where plaintiff attached to the complaint laboratory reports on five tested products and "[n]othing in the reports suggest[ed] that the 12-sample method required by § 101.9(g)(2) was employed).  Plaintiff cannot impose a more stringent requirement on ONE Brands under the auspices of D.C. law.  *Salazar*, 74 F. Supp. 3d at 1313; *Vital v. One World Co.*, 2012 WL 13029487, at *4-5 (C.D. Cal. Nov. 30, 2012) (explaining why testing methods that do not comply with the 12-sample method impose greater burdens on companies and are inconsistent with controlling federal law).[4]  Doing so is condemned by the NLEA, which preempts state laws that impose any food labeling requirement that is "not identical" to the federal requirements.  21 U.S.C. § 343-1(a)(4-5).

---

[4] The 12-sample method "allows for some variation in the nutrient content of each individual product and shipping case." *Salazar*, 74 F. Supp. 3d at 1313 (alteration omitted).  "A regulation requiring each individual product or shipping case to be in compliance with the FDCA would be much more stringent and impose a greater burden on companies." *Id.*

## II.    Plaintiff Lacks Standing To Challenge Claims Regarding NSF Certification.

Article III of the United States Constitution "limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies,'" *Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).  The doctrine of standing serves to identify those "'Cases' and 'Controversies' that are of the justiciable sort referred to in Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  To establish the "irreducible constitutional minimum of standing," a plaintiff must allege (1) an "injury in fact," defined as "an invasion of a legally protected interest which is (a) concrete and particularized," and (b) "actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of"; and (3) a likelihood "that the injury will be redressed by a favorable decision." *Id.* at 560–61 (internal quotation marks and citations omitted).

Plaintiff lacks standing to challenge any claims regarding NSF certification.  She does not allege anywhere in her complaint that she was *exposed to*, *saw, relied on, or was deceived by* any claim regarding NSF Certification.  *See* Compl. ¶¶ 16, 21, 30.  Indeed, Plaintiff appears to have carefully crafted her complaint to avoid this issue.  While Plaintiff's complaint does include a smattering of statements allegedly about NSF, Compl. ¶¶ 16, 21, Plaintiff never alleges that she was exposed to, saw, or relied on them before purchase.  *See* Compl. ¶¶ 16, 21, 30.  As courts have explained, when a plaintiff "does not plead that [she was] in any way deceived—or even saw" any of the allegedly false or misleading statements, and "fails to allege any particularized and specific injury-in-fact," she does not have standing to challenge them.  *Williams v. Purdue Pharma Co.*, 297 F. Supp. 2d 171, 177 (D.D.C. 2003).  Plaintiff could not have suffered an injury from representations she did not even see.

Indeed, even if Plaintiff saw these particular claims, she lacks standing to challenge them because they did not cause her any injury.  Plaintiff does not allege that she paid more money for

ONE Bars because of any claim about NSF Certification, that she would not have bought the bars but for these claims, or that she suffered any other type of pecuniary injury because of these claims. *See Muldrow v. EMC Mortg. Corp.*, 766 F. Supp. 2d 230 (D.D.C. 2011) ("To obtain standing to sue for a violation of the DCCPPA, a plaintiff must have suffered damage as a result of the use or employment of an unlawful trade practice."); *Hoyte v. Yum! Brands, Inc.*, 489 F. Supp. 2d 27, 28 (D.D.C. 2007).

### III.    Plaintiff Has Not Stated A Claim Under The D.C. Consumer Protection Procedures Act.

Plaintiff fails to state a claim under the D.C. CPPA for several additional reasons.  First, Plaintiff fails to plead that a reasonable consumer would think ONE Bars were NSF-Certified. Second, Plaintiff has not plausibly pled reliance or damages, necessary elements for both of Plaintiff's D.C. CPPA theories.

#### A.    Plaintiff Does Not Plausibly Plead That ONE Brands Advertises ONE Bars As NSF-Certified.

"[A] claim of an unfair trade practice" under the D.C. CPPA "is properly considered in terms of how the practice would be viewed and understood by a reasonable consumer." *Pearson v. Chung*, 961 A.2d 1067, 1075 (D.C. 2008); *Saucier v. Countrywide Home Loans*, 64 A.3d 428, 442 (D.C. 2013) (same).  Under this standard, Plaintiff has not plausibly pled that a reasonable consumer would interpret ONE Brands to claim that its ONE Bars are NSF-certified.

*First,* there is no allegation that the NSF certification appears *anywhere* on the ONE Bars' labeling or packaging.  To the contrary, the ONE Bars label that was included in the complaint does not include any mention of NSF certification.  Compl. ¶¶ 14-15.

*Second*, there is no mention of NSF certification on ONE Bars' website, either (which is also incorporated into Plaintiff's complaint).  Compl. ¶¶ 11-15; *see* https://one1brands.com/;

Exhibit A.[5]   The opening page of the ONE Bars website (below) does not mention NSF certification.



---

Nor does the ONE Bars packaging pictured on the website claim that the product is NSF certified:









*See*   https://one1brands.com/products/birthday-cake;   https://one1brands.com/products/almond-bliss; *see also* Exhibit A.  In fact, ONE Brands *never* refers to or claims NSF certification anywhere on the ONE Bars website.  *Id.*  Without any representation that ONE Bars are NSF-Certified either on the products' labels or on their website, it is implausible that a reasonable consumer would believe that ONE Brands represented its products to be "certified" by NSF.

Plaintiff's only factual allegation appears to cherry pick language that used to be on *different* website that sells *different* products:  *ohyeahnutrition.com*.  Compl. ¶¶ 16, 21, 30; Exhibit B.  Yet even a cursory review of that website (which is again incorporated by reference) confirms that no reasonable consumer would interpret Defendant to claim that ONE Bars are NSF certified.  As shown below, that website includes a NSF-Certified badge for the products that *are* certified, and *no badge* for products that are not (like ONE Bars): *See* https://ohyeahnutrition.com/; Exhibit B.



Notably, ONE Bars—the product at issue here—are not even sold on that website. Instead, if the consumer is interested in ONE Bars, he or she is redirected to another website. That website contains no mention of NSF certification.

Accordingly, Plaintiff has not plausibly pled that a reasonable consumer would think ONE Bars are advertised as NSF-certified. And Plaintiff has come nowhere close to pleading the who, what, when, and where of the allegedly false claim necessary for this claim to stand under Rule 9(b).[6]

### B.      The Complaint Does Not Plausibly Plead Reliance Or Damages.

To state a claim under the D.C. CPPA, a plaintiff must "allege that [d]efendant misrepresented a material fact that has a tendency to mislead, the plaintiff relied on that misrepresentation, and he suffered damages as a result." *Search v. Uber Tech., Inc.*, 128 F. Supp. 3d 222, 236 (D.D.C. 2015); *see also In re: Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 3920353, at *24 (S.D.N.Y. July 15, 2016) (a D.C. CPPA plaintiff must show, among other requirements, "that the plaintiff relied on the misrepresentation" and "suffered damages as a result"). Plaintiff has pled neither reliance nor injury.

First, Plaintiff does not allege that she *relied* on any of the challenged claims. In Paragraph 24 of her complaint, she pleads that she purchased two ONE bars, but she does not allege that she did so in *reliance* on or *because of* either the sugar claims or the (non-existent) NSF claim. For this reason alone, the complaint should be dismissed.

Second, Plaintiff has not pled that she suffered *damages* as a result of the alleged misstatements. All she has pled is conclusory labels that are insufficient to survive a motion to

---

[6] *See Witherspoon*, 964 F. Supp. at 464 (holding that D.C. CPPA claim was "analogous" to fraud claim and requiring compliance with Rule 9(b)).

dismiss.  *See Twombly*, 550 U.S. at 555-57 ("formulaic recitation" insufficient to withstand a motion to dismiss); *Muldrow*, 766 F. Supp. 2d at 230; *Hoyte*, 489 F. Supp. 2d at 28 (dismissing complaint where plaintiff did not claim "emotional harm, pain or suffering," and mentioned, but did not specify, an "economic injury" stemming from alleged violation of the D.C. CPPA).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's complaint with prejudice.


Dated: September 14, 2018

Respectfully submitted,

/s/ Frank R. Volpe
Frank R. Volpe (458791)
Benjamin M. Mundel (1018144)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
T: (202) 736-8000
F: (202: 736-8711
fvolpe@sidley.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2018, I caused a copy of the foregoing Motion to Dismiss and Memorandum of Points and Authorities to be served via ECF on the following counsel:

Nicholas A. Migliaccio
D.C. Bar No. 484366
Jason S. Rathod
D.C. Bar No. 1000882
Esfand Y. Nafisi
D.C. Bar No. 1029770
MIGLIACCIO & RATHOD LLP
412 H. St., NE
Suite 302
Washington, DC 20002
T: (202) 470-3520
F: (202) 800-2730
nmigliaccio@classlawdc.com

*Counsel for Plaintiff*

/s/ Frank R. Volpe
Frank R. Volpe