

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### WASHINGTON, D.C. 20001-2131

Date: 09/25/2018

The Honorable Angela Caesar, Clerk
United States District Court for the District of Columbia
3rd & Constitution Avenue, Washington, D.C. 20001

**In Re  Gloria Hackman vs. One Brands LLC**

**Civil Action Number: 18ca5423**                    **U.S. District Number: Unknown**

Dear Ms. Angela Caesar:

    Transmitted herewith are all of the pleadings filed in the above captioned case pursuant to a Petition for Removal Filed on September 07, 2018. A certified copy of the docket entries is also enclosed.

    Please acknowledge receipt of our file on the duplicate copy of this letter, and return it to this Court.

Sincerely,

Joy Jefferson, Branch Chief
Civil Actions Branch

By: /s/ *Aletre Barnett*

| Case Number | Status | Judge |
|---|---|---|
| 2018 CA 005423 B | Closed | PUIG-LUGO, HIRAM E |

| In The Matter Of | Action |
|---|---|
| HACKMAN, GLORIA  Vs. ONE BRANDS, LLC | Complaint for Deceit (Misrepresentation) Filed |

| Party | | Attorneys |
|---|---|---|
| HACKMAN, GLORIA | PLNTF | RATHOD, JASON SAMUAL |
| ONE BRANDS, LLC | DFNDT | VOLPE, Mr FRANK R |
| OH YEAH! | DBA | |

| Opened | Disposed | Case Type |
|---|---|---|
| 07/30/2018 | Removal-Notice of Removal To USDC | Civil II |

Comments:

| No. | Date of Journal | Pleadings Filed, Orders and Decrees Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 1 | 09/25/18 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Removal<br>Sent on:  09/25/2018   14:16:53.06 | 0.00 | 0.00 |
| 2 | 09/07/18 | Notice of Removal to USDC for the District of Columbia. USDC case number not provided. ab | 0.00 | 0.00 |
| 3 | 09/07/18 | Event Resulted:<br>The following event: Initial Scheduling Conference-60 scheduled for 11/02/2018 at 9:30 am has been resulted as follows:<br><br>Result: Event Not Held Case Dismissed<br>Judge: PUIG-LUGO, HIRAM E    Location: Courtroom 317 | 0.00 | 0.00 |
| 4 | 09/07/18 | Notice of Removal to USDC. Filed. Submitted. 09/07/2018 15:02. ncv. Attorney: VOLPE, Mr FRANK R (458791) ONE BRANDS, LLC (Defendant); | 0.00 | 0.00 |
| 5 | 08/02/18 | Complaint Package eServed | 0.00 | 0.00 |

A TRUE COPY
TEST:
Clerk, Superior Court of
the District of Columbia
Deputy Clerk

CRTR5925                                    Summary

2018 CA 005423 B    HACKMAN, GLORIA  Vs. ONE BRANDS, LLC

| No. | Date of Journal | Pleadings Filed, Orders and Decrees Book-Page-Nbr      Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|------|-------------------------------------------------|-----------|-----------|
| 6 | 07/31/18 | Issue Date:  07/31/2018<br>Service:  Summons Issued<br>Method   Service Issued<br>Cost Per:  $<br><br>ONE BRANDS, LLC<br>5400 West W.T. Harris Blvd, Suite L<br>CHARLOTTE, NC   28269<br>Tracking No: 5000206755 | 0.00 | 0.00 |
| 7 | 07/31/18 | Initial Order and Addendum Issued (60 Days)<br><br>Initial Order-60 Days<br>Sent on:  07/31/2018  14:36:41.72 | 0.00 | 0.00 |
| 8 | 07/31/18 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 11/02/2018    Time: 9:30 am<br>Judge: PUIG-LUGO, HIRAM E    Location: Courtroom 317 | 0.00 | 0.00 |
| 9 | 07/30/18 | eComplaint. Filed. Submitted.<br>07/30/2018 16:32. ncv.<br>Attorney: RATHOD, JASON SAMUAL (1000812)<br>GLORIA HACKMAN (Plaintiff); | 0.00 | 0.00 |
| 10 | 07/30/18 | Complaint for Deceit (Misrepresentation) Filed  Receipt: 404753  Date: 07/31/2018 | 120.00 | 0.00 |

|  | Totals By:  Cost | | 120.00 | 0.00 |
|--|------------------|--|--------|------|
|  | Information | | 0.00 | 0.00 |

*** End of Report ***

**Filed**
**D.C. Superior Court**
**09/07/2018 15:02PM**
**Clerk of the Court**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | | |
|---|---|---|
| **GLORIA HACKMAN,** | ) | Civil Action No. 2018 CA 005423 B |
| *Individually and on behalf of the* | ) | |
| *General Public,* | ) | The Honorable Hiram E. Puig-Lugo |
| 27 O. St., NW, Apt 212 | ) | |
| Washington, D.C. 20001 | ) | |
| | ) | |
| **Plaintiff,** | ) | Next Court Event: November 2, 2018 |
| | ) | Initial Scheduling Conference |
| v. | ) | |
| | ) | |
| **ONE BRANDS, LLC, d/b/a/ Oh Yeah!,** | ) | |
| 5400 West W.T. Harris Blvd., Suite L | ) | |
| Charlotte, NC 28269 | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF FILING OF NOTICE REMOVAL

TO PLAINTIFF AND HER COUNSEL OF RECORD, AND THE CLERK FOR THE

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA:

PLEASE TAKE NOTICE that on September 7, 2018, this action is being removed to the

United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1441 and

1446. A copy of the Notice of Removal is attached hereto in accordance with 28 U.S.C.

§ 1446(d).

Dated: September 7, 2018

1

Respectfully submitted,

/s/ Frank R. Volpe
Frank R. Volpe (D.C. Bar No. 458791)
Benjamin M. Mundel (D.C. Bar No. 1018114)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
T: (202) 736-8000
F: (202: 736-8711
bmundel@sidley.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2018, I caused a copy of the foregoing Notice of
Filing of Notice of Removal to be served via Federal Express on the following Counsel:

Nicholas A. Migliaccio
D.C. Bar No. 484366
Jason S. Rathod
D.C. Bar No. 1000882
Esfand Y. Nafisi
D.C. Bar No. 1029770
MIGLIACCIO & RATHOD LLP
412 H. St., NE
Suite 302
Washington, DC 20002
T: (202) 470-3520
F: (202) 800-2730
nmigliaccio@classlawdc.com

*Counsel for Plaintiff*

*/s/ Frank R. Volpe*
Frank R. Volpe

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GLORIA HACKMAN,** | ) | Case No. ____ |
| *Individually and on Behalf of the* | ) | |
| *General Public.* | ) | |
| 27 O. St., NW, Apt 212 | ) | |
| Washington, D.C. 20001 | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ONE BRANDS, LLC, d/b/a/ Oh Yeah!,** | ) | |
| 5400 West W.T. Harris Blvd., Suite L | ) | |
| Charlotte, NC 28269 | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant One Brands, LLC, by counsel, hereby files its Notice of Removal of this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia.

One Brands bases its removal on the following grounds:

1.       On July 30, 2018, Plaintiff Gloria Hackman filed an action against One Brands in the Superior Court for the District of Columbia, captioned *Gloria Hackman, Individually and on Behalf of the General Public, v. One Brands, LLC, d/b/a Oh Yeah!.* It is docketed as Civil Action No. 2018 CA 005423 B. A copy of the complaint is included in Exhibit A.

2.       Earlier this year, Ms. Hackman's lawyers filed suit against One Brands based on the same allegations included in Ms. Hackman's complaint. *See* U.S. District Court for the District of Columbia Case No. 18-cv-00767-RJL, Docket No. 1 (complaint). Like this suit, that earlier suit was baseless and preempted by federal law. One Brands removed that suit to this

Court and then moved to dismiss.  The plaintiff in that suit (who, again, was represented by the same counsel that represent Ms. Hackman) did not respond, but rather voluntary dismissed the suit.  *See id.* Docket No. 11 (voluntary dismissal).

3.      One Brands was served with the complaint and summons in this case on August 13, 2018 and has timely filed this removal within thirty days in accordance with 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

4.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the civil docket sheet, complaint, summons, civil information sheet, initial order, and Ms. Hackman's discovery requests are included in Exhibit A.  One Brands has not received any other process, pleadings, or orders.

5.      In accordance with 28 U.S.C. § 1446(d), One Brands is providing notice to Ms. Hackman through her attorneys of record and is filing a copy of this notice with the Superior Court for the District of Columbia.

### GROUNDS FOR REMOVAL

### A. DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

6.      This court has jurisdiction over Ms. Hackman's complaint pursuant to 28 U.S.C. § 1332(a).

7.      Ms. Hackman is a resident of the District of Columbia, Compl. ¶ 5, and thus a citizen of the District of Columbia for jurisdictional purposes.  *Core VCT Plc. v. Hensely*, 59 F. Supp. 3d 123, 125 (D.D.C. 2014).  One Brands is a Delaware corporation with its principal place

of business in North Carolina. Compl. ¶ 6; Ex. B, David Ziegert Decl. ¶ 1. There is thus complete diversity among the parties. 28 U.S.C. § 1332(a)(1).

8.      The amount in controversy exceeds $75,000 for three independent reasons. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1446(c)(2)(A)(i).

9.      *First*, the amount in controversy exceeds $75,000 due to the cost of the injunctive relief. The amount in controversy in cases seeking equitable relief "may be measured either by the 'value of the right sought to be gained by the plaintiff or the cost of enforcing that right to the defendant.'" *Comm. for GI Rights v. Callaway*, 518 F.2d 466, 472–73 (D.C. Cir. 1975).

10.     Ms. Hackman alleges that One Brands violated the District of Columbia Consumer Protection Procedures Act (DCCPPA), D.C. Code § 28-3904 *et seq.*, based on the sale of its One Bars product. Compl. ¶¶ 9–22; 31–34. Ms. Hackman seeks, among other things, "injunctive relief." Compl. ¶¶ 33–34. In particular, she seeks an "injunction against [One Brands], including that [One Brands] be barred from selling One Bars in the District of Columbia until the front of One Bar labels give truthful information regarding the sugar content of the bars." Compl. ¶ 34.

11.     Although the allegations are baseless, for the reasons explained in the attached Declaration of David Ziegert (Exhibit B), complying with the requested injunction would cost One Brands over $1,000,000, which is significantly in excess of $75,000.[1]

          a.   To comply with the requested injunction, One Brands would have to: (1) recall the One Bars currently for sale in the District of Columbia; and either

---

[1] One Brands does not concede that any injunction, let alone the requested injunction, is proper. It is nonetheless providing an estimate of the cost of the requested injunction for jurisdictional purposes.

      (2) redesign the packaging and marketing of One Bars to remove references to

      the bars' low sugar status; or (3) reformulate One Bars.

  b.  Recalling the One Bars and associated advertising that has already been

      distributed in D.C. would cost approximately $10,000.

  c.  Changing the formulation of One Bars would entail, for example: (1) $20,000

      in product formulation and ingredient costs; (2) $90,000 for test runs of the

      reformulated products; and (3) $10,000 to implement new testing protocols.

  d.  Changing the branding and marketing would involve, for example (1) design

      fees of approximately $20,000; (2) changing the printer cylinder at a cost of

      $2,000; (3) updating the One Bars website to remove references to the bars'

      low sugar content and health status, at a cost of approximately $2,500; (4)

      approximately $1,000,000 to destroy and recreate existing packaging; (5)

      conducting consumer attitude and usage surveys at a cost of approximately

      $30,000; (6) conducting consumer focus groups at a cost of approximately

      $20,000; and (7) advertising the new products at a cost of approximately

      $20,000.

12.    *Second*, the amount in controversy exceeds $75,000, if Plaintiff is successful in

obtaining the attorneys' fees she seeks. Attorneys' fees are part of the amount in controversy

when they are provided by statute. *Griffin v. Coastal Int'l Sec., Inc.*, No. CIV.A.06-2246 (CKK),

2007 WL 160 717, at *3 (D.D.C. June 4, 2007).

13.    Ms. Hackman is seeking "[r]easonable attorneys' fees," Compl. ¶¶ 33–34, which

are provided by the DCCPPA, D.C. Code § 28-3905(k)(2)(B). If this case were litigated through

trial, Ms. Hackman's attorneys' fees would far exceed $75,000. *See* 28 U.S.C. § 1446(c)(2)(B)

4

(amount in controversy determined by "preponderance of the evidence"). Fee awards under the DCCPPA are often calculated using the lodestar analysis. *See Beck v. Test Masters Educ. Servs., Inc.*, 73 F. Supp. 3d 12, 15–18 (D.D.C. 2014). To determine reasonable hourly rates for the lodestar analysis in the District of Columbia, courts generally use the *Laffey* index. *Id.* at 18. The current *Laffey* index provides that the average rate for an attorney with the experience of Ms. Hackman's lead attorney is $742 per hour. *See* http://www.laffeymatrix.com/see.html. Ms. Hackman's other two attorneys have an average rate of $658 per hour. *Id.*

14.     If each lawyer worked just 40 hours on the case, the attorney's fees would surpass the $75,000 threshold. If the case were in fact litigated through document discovery, fact depositions, expert discovery, expert depositions, summary judgment, and trial, each lawyer could bill well in excess of 250 hours, which would generate over $500,000 in fees. *See* Declaration of Frank Volpe (Exhibit C).

15.     *Third*, the amount in controversy exceeds $75,000 due to the punitive damages sought by Ms Hackman. It "is clear that punitive damages should be considered in determining the jurisdictional amount in controversy." *Hartigh v. Latin*, 485 F.2d 1068, 1071–72 (D.C. Cir. 1973).

16.     Ms. Hackman seeks, among other things, "punitive damages" for herself. Compl. ¶ 33. If this case were to be litigated through trial, it is more probable than not that Ms. Hackman would seek more than $75,000 in punitive damages. *See* 28 U.S.C. § 1446(c)(2)(B) (preponderance of the evidence standard). This Court has credited punitive damages valuations that double the value of the relief sought. *See Lavelle v. State Farm Mut. Auto. Ins. Co.*, 235 F. Supp. 3d 217, 223 (D.D.C. 2017) (punitive damages for jurisdictional purposes could be 100% of other damages); *see also Dist. Cablevision Ltd. P'ship v. Bassin*, 828 A.2d 714, 717–18 (D.C.

5

2003) (noting that punitive damages initially awarded by the jury in a DCCPPA case were jut under 100% of other damages). Here, the value of the relief sought is approximately $900,000. This means that—for purposes of this jurisdictional inquiry—Ms. Hackman's unstated (and baseless) punitive damages request is as high as $900,000.

### B   CAFA DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(d)

17.     This court also has jurisdiction over Ms. Hackman's complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

18.     Ms. Hackman is a resident of the District of Columbia, Compl. ¶ 5, and thus a citizen of the District of Columbia for jurisdictional purposes. *Core VCT Plc.*, 59 F. Supp. 3d at 125. One Brands is a Delaware corporation with its principal place of business in North Carolina. Compl. ¶ 6; Ex. B, Ziegert Decl. ¶ 1. There is thus minimal diversity under CAFA. *See* 28 U.S.C § 1332(d)(2)(A).

19.     Ms. Hackman's suit is brought "on behalf of the general public" in the District of Columbia, Compl. Opening & ¶ 34, and more than 100 D.C. consumers purchased One Bars during the relevant time period and are therefore part of the proposed class. Ziegert Decl. ¶ 6; *See* 28 U.S.C 1332(d)(5)(B).

20.     Ms. Hackman, in an apparent effort to avoid federal jurisdiction, disclaims any reliance on Rule 23 and claims to bring this case only as a representative action "on behalf of the general public." Compl. Opening & ¶ 34. But she also seeks injunctive relief for the entire general public of D.C. *Id.* Taking this representative claim at face value, the injunctive relief Ms. Hackman seeks would be on behalf of any other persons in the District of Columbia, including the persons who purchased the 12,000 One Bars between August 13, 2015 and August 13, 2018.

6

21.     The D.C. Court of Appeals has held that any DCCPA action not brought under

Superior Court Civil Rule 23 (which governs class actions) would raise "grave due process

concerns," since it would bind[] absent class members who do not affirmatively distance

themselves from the suit." *Rotunda v. Marriott Int'l, Inc.*, 123 A.3d 980, 986 (D.C. 2015).

Although *Rotunda* concerned an action for damages, Ms. Hackman's request for injunctive relief

on behalf of other persons in the District of Columbia (including the persons who purchased the

12,000 One Ears) nonetheless would raise the same "grave due process concerns" identified in

*Rotunda*. This is because Ms. Hackman's suit would bar absent class members from later

obtaining damages (or any other relief), because "for the purposes of claim preclusion,

the legal theory upon which the plaintiff relies is irrelevant; rather, the relevant inquiry is

whether the plaintiff's claims arise out of the same 'common nucleus of facts'" as the previous

litigation. *Youngin's Auto Body v. D.C.*, 775 F. Supp. 2d 1, 7 (D.D.C. 2011); *see also Sorenson*

*Commc'ns, LLC v. Fed. Commc'ns Comm'n*, 897 F.3d 214, 226 (D.C. Cir. 2018) (a litigant

cannot avoid claim preclusion by changing the "the legal theory upon which [he or she] relies");

FRCP 2 ("There is one form of action—the civil action").

22.     Ms. Hackman's suit therefore must also proceed under Superior Court Civil Rule

23 (or Rule 23 of the Federal Rules of Civil Procedure if this case proceeds in federal court)

because she seeks any relief at all on behalf of the general public.  Otherwise absent class

members would be bound without the procedural protections of Rule 23, and they would be

bound by Ms. Hackman (and her lawyers') decision to waive any claim to damages.  This case is

therefore subject to CAFA.

23.     The amount in controversy also exceeds $5,000,000.  *See* 28 U.S.C. § 1332(d)(2).

7

24.     To determine the amount in controversy, "the claims of the individual class members shall be aggregated." *See* 28 U.S.C. § 1332(d)(6).

25.     While Plaintiff attempts to waive damages for the remainder of the general public on whose behalf she sues, the Supreme Court has held that a person who files a purported class action cannot "legally bind members of the proposed class before the class certified." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013). Since Ms. Hackman's waiver of damages "does not bind anyone but [her]self," she "has not reduced the value of the putative class members' claims." *Id.*

26.     Accordingly, the amount in controversy must be calculated based on the 12,000 One Bars consumer transactions between August 13, 2015 and August 13, 2018. When the 12,000 alleged violations of the DCCPPA are combined with the DCCPPA's $1,500 statutory damage provision, the damages well exceed the $5,000,000 threshold required by CAFA.

27.     Any other result would permit Ms. Hackman to both dodge clear CAFA jurisdiction and forfeit each of the other class member's cause of action for $1,500 in damages (all in an effort to avoid federal court and the quick preemption-based dismissal she knows she will find there).

8

**WHEREFORE**, One Brands respectfully requests that this action be removed to the United States District Court for the District of Columbia.

Dated: September 7, 2018

Respectfully submitted,

/s/ Frank R. Volpe
Frank R. Volpe (D.C. Bar No. 458791)
Benjamin M. Mundel (D.C. Bar No. 1018114)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
T: (202) 736-8000
F: (202: 736-8711
bmundel@sidley.com

*Counsel for Defendant*

9

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2018, I caused a copy of the foregoing Notice of Removal to be served via Federal Express on the following Counsel:

Nicholas A. Migliaccio
D.C. Bar No. 484366
Jason S. Rathod
D.C. Bar No. 1000882
Esfand Y. Nafisi
D.C. Bar No. 1029770
MIGLIACCIO & RATHOD LLP
412 H St., NE
Suite 302
Washington, DC 20002
T: (202) 470-3520
F: (202) 800-2730
nmigliaccio@classlawdc.com

*Counsel for Plaintiff*


/s/ Frank R. Volpe
Frank R. Volpe

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GLORIA HACKMAN,** | )    Case No. ____ |
| *Individually and on Behalf of the* | ) |
| *General Public,* | ) |
| 27 O. St., NW. Apt 212 | ) |
| Washington, D.C. 20001 | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **ONE BRANDS, LLC, d/b/a/ Oh Yeah!,** | ) |
| 5400 West W T. Harris Blvd., Suite L | ) |
| Charlotte, NC 28269 | ) |
| | ) |
| **Defendant.** | ) |

## DECLARATION OF DAVID ZIEGERT

1.      I am the Chief Operating Officer of ONE Brands, a Delaware corporation with its principal place of business in North Carolina. I have been in this position since April 2017. I have responsibility for the ONE Bar brand in the United States. I am of legal age and have personal knowledge of the matters set forth herein and/or have familiarized myself with these matters from ONE Brands' business records.

2.      ONE Brands sells ONE Bars in the District of Columbia through several retail channels, including the ONE Bars website, grocery stores, convenience stores (*e.g.*, 7-Eleven), specialty stores (*e.g.*, Vitamin Shoppe), and health clubs (*e.g.*, Gold's Gym).

3.      In the ordinary course of its business, ONE Brands closely tracks the number of bars it sells, not only to retailers and wholesalers, but also bars that ONE Brands and its retailers sell to consumers. ONE Brands employs a number of analytical tools and services to help track this information, including retail point-of-sale data. This information can be broken down by

1

geographic area, time period, type of bars, and the type of package (single bar vs. tray of multiple bars).

4.      In preparing this declaration I have reviewed ONE Brands' sales data from a number of different internal and external resources. These include consumer sales at GNC, point-of-sale analytics data at a number of stores, and also wholesale sales.

5.      From this review, I have learned that between August 13, 2015, and August 13, 2018, consumers have purchased well in excess of 12,000 individual (*i.e.*, not multi-bar trays) ONE Bars in the District of Columbia through our various retail partners.

6.      More than 100 different consumers have purchased ONE Bars from the ONE Brands website or a retailer in the District of Columbia during this same period.

7.      I have reviewed the complaint in this case, including Plaintiff's request for an injunction against One Brands that "bar[s] [it] from selling OneBars [sic] in the District of Columbia until the front of OneBar [sic] labels give truthful information about the sugar content of the bars." Compl. ¶ 34.

8.      Complying with Plaintiff's requested injunction would entail: (1) recalling the One Bars currently for sale in the District of Columbia; and either (2) redesigning the packaging and marketing of One Bars to remove references to the bars' low sugar status; or (3) reformulating One Bars. Either course of action would cost One Brands well in excess of $75,000.

9.      By a conservative estimate, recalling all One Bars and associated advertising that has been distributed in D.C. would cost approximately $10,000.

10.     Redesigning the packaging of One Bars to remove references to low sugar content and health status would cost in excess of $1,000,000, including:

2

.    $20,000 in design fees ($2,000 per SKU);

i.    $2,000 in printer cylinder change fees ($200 per SKU); and

ii.    $1,000,000 to destroy and replace existing printed packaging.

11.    Updating the One Bars website to remove references to the bars' low sugar content and health status would cost approximately $2,500.

12.    Creating and implementing new marketing campaigns to remove references to the bars' low sugar content and health status would cost in excess of $70,000, including:

.    $30,000 for consumer attitude and usage surveys;

i.    $20,000 for consumer focus groups; and

ii.    $20,000 for an advertising campaign.

13.    In the alternative, reformulating One Bars would likely cost more than $120,000, including:

i.    $20,000 in product formulation and ingredient costs;

ii.    $90,000 for test runs; and

iii.    $10,000 to implement new testing protocols.

I declare under the penalty of perjury that the forgoing is true and correct.

_____   9/5/2018
David Ziegert            Date

Chief Operating Officer
ONE Brands/OhYeah! Nutrition

3

# EXHIBIT C

*(Declaration of Frank Volpe)*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GLORIA HACKMAN,** | )   Case No. ____ |
| *Individually and on Behalf of the* | ) |
| *General Public,* | ) |
| 27 O. St., NW, Apt 212 | ) |
| Washington, D.C. 20001 | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **ONE BRANDS, LLC, d/b/a/ Oh Yeah!,** | ) |
| 5400 West W.T. Harris Blvd., Suite L | ) |
| Charlotte, NC 28269 | ) |
| | ) |
| **Defendant.** | ) |

**DECLARATION OF FRANK R. VOLPE**

1.     I am a partner in the Washington, D.C. office of Sidley Austin LLP. I have practiced law since 1994, and have been a member of the District of Columbia bar since 1998. I am of legal age and have personal knowledge of the matters set forth herein.

2.     Based on my experience with the type of litigation at issue in this case, I expect that the plaintiff's attorneys will need to perform the following work. I have included below a conservative estimate of the number of hours that, based on my experience, I believe it would take to complete this work.

           a.  Respond to one motion to dismiss and prepare for and complete any associated argument – 60 hours

           b.  Review documents produced by the defendant – 50 hours

           c.  Receive requests for production and review, organize, and produce documents – 50 hours

1

d.  Prepare and serve interrogatories – 10 hours

e.  Receive and answer interrogatories – 20 hours

f.  Prepare for and take at least five fact depositions – 100 hours

g.  Prepare for and defend at least one fact deposition – 20 hours

h.  Prepare for and take at least two expert depositions – 60 hours

i.  Prepare for and defend at least two expert depositions – 60 hours

j.  File a *Daubert* motion and respond to the defendant's *Daubert* motion – 20 hours

k.  Complete summary judgment briefing and any associated argument – 50 hours

l.  Prepare witnesses, evidence, and arguments for trial and then complete a ten-day trial – 250 hours

3.  According to the *Laffey* index, which is used by courts to establish average billing rates in the District of Columbia, the average rate for the three attorneys at Ms. Hackman's firm is $686 per hour. *See* http://www.laffeymatrix.com/see.html. The work listed above would take 750 hours to complete. In total, it would cost Ms. Hackman's attorneys at least $514,500 to litigate this case through trial.

I declare under the penalty of perjury that the forgoing is true and correct.

/s/ Frank R. Volpe  9/7/18
Frank R. Volpe  Date

Partner
Sidley Austin LLP

2

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

Filed
D.C. Superior Court
08/80/2018 08:32BM
Clerk of the Court

GLORIA HACKMAN, Individually and on Behalf of the General Public

_____
Plaintiff

vs

Case Number    2018 CA 005423 B

One Brands, LLC, d/b/a Oh Yeah!
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**Nicholas A. Migliaccio**
_____
Name of Plaintiff's Attorney

**412 H St. NE, Suite 302**
_____
Address
Washington D.C. 20002

**(202) 470-3520**
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date    08/01/2018

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                        Super. Ct. Civ. R. 4





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
#### Sección de Acciones Civiles
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

_____

                 Demandante

     contra

                                              Número de Caso: _____

_____

                 Demandado

## CITATORIO

Al susodicho Demandado:

     Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

     A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                            *SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante
_____

_____        Por: _____

Dirección                                        Subsecretario

_____

                                   Fecha _____

Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

만일 번역을 원하시면 (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

     IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

     Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                         Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

Gloria Hackman, Individually and on Behalf of the General Public of the District of Columbia

One Brands, LLC d/b/a Oh Yeah!

Case Number: 2018 CA 005423 B

Date: 07/30/2018

☐ One of the defendants is being sued in their official capacity.

Name: *(Please Print)* Nicholas A. Migliaccio

Firm Name: Migliaccio & Rathod LLP

Telephone No.: 202-470-3520   Six digit Unified Bar No.: 484366

**Relationship to Lawsuit**
☑ Attorney for Plaintiff
☐ Self (Pro Se)
☐ Other: _____

TYPE OF CASE: ☐ Non-Jury   ☐ 6 Person Jury   ☑ 12 Person Jury

Demand: $_____   Other: Monetary damages and injunctive relief believed to exceed jurisdictional minimum

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.:_____   Judge: _____

Case No.:_____   Judge: _____   Calendar#:_____

---

**NATURE OF SUIT:**   *(Check One Box Only)*

## A. CONTRACTS

|  |  | COLLECTION CASES |  |
|---|---|---|---|
| ☐ 01 Breach of Contract | ☐ 14 Under $25,000 Pltf. Grants Consent | ☐ 16 Under $25,000 Consent Denied |
| ☐ 02 Breach of Warranty | ☐ 17 OVER $25,000 Pltf. Grants Consent | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 27 Insurance/Subrogation | ☐ 26 Insurance/Subrogation |
| ☐ 07 Personal Property |    Over $25,000 Pltf. Grants Consent |    Over $25,000 Consent Denied |
| ☐ 13 Employment Discrimination | ☐ 07 Insurance/Subrogation | ☐ 34 Insurance/Subrogation |
| ☐ 15 Special Education Fees |    Under $25,000 Pltf. Grants Consent |    Under $25,000 Consent Denied |
|  | ☐ 28 Motion to Confirm Arbitration |  |
|  |    Award (Collection Cases Only) |  |

## B. PROPERTY TORTS

☐ 01 Automobile          ☐ 03 Destruction of Private Property          ☐ 05 Trespass
☐ 02 Conversion          ☐ 04 Property Damage
☐ 07 Shoplifting. D.C. Code § 27-102 (a)

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile - Personal Injury
☑ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile, Not Malpractice)

☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
    (DC Code § 1-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
    (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
    Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

## II.

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
    Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
    Judgment [ D.C. Code §
    2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
    42-3301, et seq.)

- ☐ 21 Petition for Subpoena
    [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
    (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

## D. REAL PROPERTY

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

/s/ *Nicholas A. Migliaccio*

Attorney's Signature

07/30/2018

Date

CV-496/ June 2015

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| GLORIA HACKMAN, *Individually and* | : |
| *on Behalf of the General Public,* | : |
| 27 O St., NW, Apt 212 | : |
| Washington, DC 20001, | : |

Case No.: **2018 CA 005423 B**

Judge:

**JURY TRIAL DEMANDED**

Plaintiff,

v.

One Brands, LLC, d/b/a Oh Yeah!,
5400 West W.T. Harris Blvd, Suite L
Charlotte, NC 28269

Defendant.

## PRIVATE ATTORNEY GENERAL COMPLAINT

**COMES NOW** Plaintiff Gloria Hackman, individually and on behalf of all others similarly situated and the general public of the District of Columbia, by and through undersigned counsel, and pursuant to DC Code §28-3905 makes this Complaint against Defendant One Brands, LLC (hereinafter "One Brands" or "Defendant"). In support of this Complaint, Plaintiff states the following:

### JURISDICTION

1.      This Court has jurisdiction over this action pursuant to D.C. Code § 11-921 and § 28-3905(k).

2.      This Court has personal jurisdiction over Defendant pursuant to D.C. Code §§ 13-423(a) and 13-422. Defendant transacts business in the District of Columbia, advertises and markets its products in the District of Columbia, disseminated the afore-described representations

and deceptions throughout the District of Columbia, and derives a substantial income from the sale of products in the District of Columbia giving rise to personal jurisdiction.

3.    Venue is proper in the District of Columbia because a substantial part of the events or omissions giving rise to this claim occurred in the District of Columbia. Additionally, venue is appropriate for the claims arising out of the District of Columbia's Consumer Protection Procedures Act which applies to any company engaging in any of the activities regulated by the Act within the District of Columbia.

4.    Plaintiff expressly disclaims bringing any claims as a class action or mass action as defined by the Class Action Fairness Act, 28 U.S.C.S. § 1332(d), and only seeks monetary damages on an individual basis for herself and not on behalf of any other person.

## PARTIES

5.    Plaintiff Gloria Hackman is an adult resident of the District of Columbia, a consumer, and a public health and consumer watchdog in the District.  She is a registered nurse who has served patients at public schools, hospitals, and prisons in Washington D.C.  In 1999, her advocacy for children with asthma drew the attention of then-President Bill Clinton, who attended an event at Maury Elementary School in Northeast, where Ms. Hackman was the school nurse. Ms. Hackman spoke at the event and, afterward, President Clinton said: "I want to thank Gloria Hackman for the fine statement she made and for her 20 years of dedication as a nurse."  See Phillip Pan, "Nurse's Cause Gets a Boost from the Top," Washington Post, Dec. 22, 1999, available at http://www.washingtonpost.com/wp-srv/WPcap/1999-12/22/031r-122299-idx.html. In 2004, Ms. Hackman also spoke about public health to an audience of four former presidents and 25,000 people at the dedication of President Clinton's library. *See* Paul Schwartzman, "D.C. Nurse a Speaker at Clinton Library," Washington Post, Nov. 17, 2004, available at

2

http://www.washingtonpost.com/wp-dyn/articles/A55765-2004Nov16.html. She has brought numerous other actions pursuant to DC Code §28-3905 to seek redress for deceptive practices for residents of the District.

6.    Defendant One Brands d/b/a "Oh Yeah!" is a foreign limited liability corporation with its principal office in the State of North Carolina. One Brands manufactures and distributes nutrition bars, nutrition shakes, and nutritional protein powders, throughout the United States and specifically to consumers in the District of Columbia.

7.    One Brands manufactures and distributes products through the trade names "Oh Yeah!" and "One" and includes a line of nutrition bars known as "One Bars." The One Bar line of products includes at least the following flavors: Almond Bliss, Birthday Cake, Blueberry Cobbler, Chocolate Brownie, Chocolate Chip Cookie Dough, Cinnamon Roll, Cookies & Crème, Lemon Cake, Maple Glazed Doughnut, Peanut Butter Chocolate Cake, Peanut Butter Pie, and Salted Caramel (all One Bar varieties referred to collectively herein as the "Products").

8.    These products are sold and purchased for personal use and consumption in the District of Columbia.

## THE SALE OF UNHEALTHY SUGAR-LADEN NUTRITION BARS AS A DECEPTIVE PRACTICE

9.    Each of the preceding paragraphs is incorporated by reference herein.

10.    Advertisements, packages and labels should provide consumers with accurate information as to the nature and quality of a product's contents and should assist in making informed decisions. When a company misrepresents material information about a product, it is deceptive and misleading to reasonable consumers.

11.    This is particularly true when the advertisements target consumers seeking specific formulations or ingredients in a product for the purpose of complying with dietary restrictions,

3

such as ketogenic diets, so-called "paleo diets," or other low carbohydrate diets, as well as being safe for consumption for customers who are diabetic.  According to One Brands' website, the OneBar contains "20 grams of protein and only 1 gram of sugar delivered in deliciously decadent too-good-to-be-true flavors," making it "the protein bar you didn't think was possible." One Brands states on its site that the OneBar's low sugar content and high protein content makes it "the perfect healthy meal replacement bar."

12.    With respect to the Chocolate Brownie One Bar, One Brands represents that the "decadent, cocoa-infused bar with 20 grams of protein and only 1 gram of sugar" is "the perfect reward for any workout, whether it's in the weight room or in the board room."

13.    With respect to the Birthday Cake One Bar, One Brands also represents that "with just 1 gram of sugar, you can celebrate [by eating a Birthday Cake One Bar] morning, noon or night, any day you want."

14.    One Brands represents that the One Bars are the perfect complement to sedentary office work, exercise at the gym, or "just because."



15.    On its website and on every One Bar's packaging, One Brands prominently and repeatedly represents that the One Bar contains "only 1 gram of sugar."





16.      One Brands also suggests that the One Bars are certified by NSF, "The Public Health and Safety Organization." One Brands represents that it participates in the "NSF Certified for Sport Program," which "certifies that what is on the label is in the [One Bars.]" One Brands further states that its NSF testing serves to "verify label claims against product contents," and that "NSF helps establish credibility and provides the consumer assurance through the (sic) vigorous laboratory testing." A review of the NSF Certified for Sport website, however, contain no certification of One Bars. *See* http://www.nsfsport.com/certified-products/searchresults.php?goal=&type=&brand=OhYeah%21.

17.      Independent laboratory testing completed at the direction of Ms. Hackman revealed that the two One Bars tested contained from approximately 900% - 1600% more sugar than the "1

gram of sugar" represented prominently on the One Bar's label and in One Brand's advertising and promotional materials. Specifically, the Almond Bliss One Bar tested contained more than 9 grams of sugar, and the Birthday Cake One Bar tested contained more than 16 grams of sugar.

18.     Ms. Hackman also purchased a protein bar from a rival company – the S'mores Questbar – and that bar's sugar amount registered at 0.5 grams, half of the 1 gram advertised on its label.

19.     One Brands' sale of One Bars deceives consumers because the front of the package touts the low sugar content of the bars.

20.     One Brands' advertising deceives consumers by stating that the bars contain "only 1 gram of sugar" and that One Bars are "low in sugar," can be consumed with "0 regrets" and "offer[] anytime Guilt Free Indulgence."

21.     One Brands further deceives consumers by stating that the One Bars are certified under the NSF "Certified for Sport Program," and that NSF has confirmed that "what is on the label is in the [One Bars.]"

22.     One Brands' sale of the One Bars is deceptive to reasonable consumers, including Ms. Hackman, because there is no practical way for them to know prior to purchase that the One Bar is laden with sugar despite being marketed as a low sugar, healthy product.

## PURCHASE

23.     Each of the preceding paragraphs is incorporated by reference herein.

24.     On May 17, 2018 Plaintiff Hackman purchased one Birthday Cake One Bar and one Almond Bliss One Bar from Harris Teeter #352 located at 1201 First St. NE, Washington D.C., 20002, for $4.00.

25.     Defendant has sold numerous One Bars to the general public of the District of

6

Columbia.

26.    Upon information and belief, One Brands sells its products in the District of Columbia through a number of distributors and retailers to the general public, including through Amazon and Vitamin Shoppes.

27.    Plaintiff acts for the benefit of the General Public as a Private Attorney General for claims in this action arising under the DC CPPA, which expressly authorizes an individual to act "on behalf of both the individual and the general public ... seeking relief from the use of a trade practice in violation of a law of the District when that trade practice involves consumer goods or services that the individual purchased...." D.C. Code § 28-3905(k)(1)(B).

### Count I

### UNLAWFUL AND DECEPTIVE TRADE PRACTICES – D.C. Code § 28-3905

28.    Each of the preceding paragraphs is incorporated by reference herein.

29.    Plaintiff, on behalf of herself as an individual and on the general public behalf of all others similarly situated, brings this action pursuant to D.C. Code § 28-3905(k).

30.    Plaintiff purchased One Bars as a member of the consumer public.  This purchase included the purpose of testing and evaluating whether One Bars have been unlawfully and deceptively sold pursuant to DC Code § 28-3904 in that Defendant:

  a.  Failed to state material facts regarding the product's contents that tend to mislead by omitting that the product contains sugar content that far exceeds Defendant's written representations;

  b.  Misrepresents as to a material fact in the claim that One Bars are "low in sugar" when they are not.

  c.  Misrepresents the One Bars' participation in the NSF Certified for Sport Program;

      d.  Misrepresents that the NSF Certified for Sport Program has certified "that what is on the label is in the [One Bars.]"

      e.  Sells consumer goods in a condition or manner not consistent with operation or requirement of federal law, and;

      f.  Otherwise is misleading.

31.    Defendant has intentionally made these material omissions and/or misrepresentations knowing that they had the tendency to mislead consumers.

32.    D.C. Code § 28-3901(c) establishes an enforceable right to truthful information from merchants about consumer goods and services that are or would be purchased, leased, or received in the District of Columbia.

33.    As a result of Defendant's unfair and deceptive trade practices detailed herein, Plaintiff and consumers in the District of Columbia are deprived of truthful information regarding One Bars. As a result of this unfair and deceptive trade practice, Gloria Hackman seeks statutory damages, punitive damages, injunctive relief, and reasonable attorney's fees.

34.    As a result of this unfair and deceptive trade practice, Gloria Hackman seeks on behalf of the general public:

      a.  An injunction against Defendant, including that Defendant be barred from selling OneBars in the District of Columbia until the front of OneBar labels give truthful information about the sugar content of the bars;

      b.  Reasonable attorney's fees;

      c.  Costs of litigation, including expert fees; and

      d.  All other relief as this Court deems just and necessary.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Gloria Hackman on behalf of herself as an individual and on behalf of the general public, makes this Complaint for all damages specified above including injunctive relief and individual monetary damages specified herein and believed to be in excess of the jurisdictional minimum.

Dated: July 30, 2018                                  Respectfully submitted,

MIGLIACCIO & RATHOD LLP


*/s/ Nicholas A. Migliaccio*
Nicholas A. Migliaccio, Esq.,
(Bar No. 484366)
Jason S. Rathod
(Bar No. 1000882)
Esfand Y. Nafisi
412 H St., NE
Suite 302
Washington, DC 20002
(202) 470-3520 (Tel.)
(202) 800-2730 (Fax)
nmigliaccio@classlawdc.com

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues raised herein pursuant to Rule 38 of

the Superior Court Rules of Civil Procedure.

/s/ Nicholas A. Migliaccio
Nicholas A. Migliaccio, Esq.,



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

GLORIA HACKMAN
    Vs.                             C.A. No.    2018 CA 005423 B
ONE BRANDS, LLC

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge HIRAM E PUIG-LUGO
Date:  July 31, 2018
Initial Conference: 9:30 am, Friday, November 02, 2018
Location:  Courtroom 317
                  500 Indiana Avenue N.W.
                  WASHINGTON, DC  20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

CAIO-60

# THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## Civil Division
**500 Indiana Avenue   NW**
**Washington, D.C.  20001**

**September 25, 2018**

CASE NAME:  GLORIA HACKMAN Vs. ONE BRANDS, LLC

CASE NUMBER:  2018 CA 005423 B

# NOTICE OF REMOVAL

This case has been removed to the U.S. District Court for the District of Columbia. Any unresolved motion filed in this case prior to its removal is moot as of the date of this notice. Should the U.S. District Court remand the case back to this Court, moving party may request reinstatement of a motion filed prior to removal of the case by filing a praecipe requesting that the named motion(s) be reinstated. A Certificate of Service to all parties must accompany the praecipe.

**NO FURTHER PLEADINGS WILL BE ACCEPTED FOR FILING IN THE SUPERIOR COURT AT THIS TIME.**



D. C. Superior Court
500 Indiana Avenue NW
Room JM-170
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

Mr FRANK R VOLPE
SIDLEY AUSTIN BROWN & WOOD
1501 K STREET NW
Washington, DC 20005

2018 CA 005423 B

CANOR

SEE REVERSE SIDE FOR OPENING INSTRUCTIONS

# THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## Civil Division
### 500 Indiana Avenue NW
### Washington, D.C. 20001

**September 25, 2018**

CASE NAME: GLORIA HACKMAN Vs. ONE BRANDS, LLC

CASE NUMBER: 2018 CA 005423 B

# NOTICE OF REMOVAL

This case has been removed to the U.S. District Court for the District of Columbia. Any unresolved motion filed in this case prior to its removal is moot as of the date of this notice. Should the U.S. District Court remand the case back to this Court, moving party may request reinstatement of a motion filed prior to removal of the case by filing a praecipe requesting that the named motion(s) be reinstated. A Certificate of Service to all parties must accompany the praecipe.

**NO FURTHER PLEADINGS WILL BE ACCEPTED FOR FILING IN THE SUPERIOR COURT AT THIS TIME.**



D. C. Superior Court
500 Indiana Avenue NW
Room JM-170
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

JASON SAMUAL RATHOD
MIGLIACCIO & RATHOD LLP
412 H Street NE, Suite 302
WASHINGTON, DC 20002

2018 CA 005423 B

SEE REVERSE SIDE FOR OPENING INSTRUCTIONS

CANOR