# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

___

| | | |
|---|---|---|
| **GLORIA HACKMAN,** *Individually and on Behalf of the General Public*, | ) ) ) ) ) | **Case No. 18-cv-2101-CKK** **Hon. Colleen Kollar-Kotelly** **Oral Argument Requested** |
| **Plaintiff,** | ) ) | |
| v. | ) ) | |
| **ONE BRANDS, LLC, d/b/a/ Oh Yeah!,** | ) ) | |
| **Defendant.** | ) | |

___

# REPLY IN SUPPORT OF MOTION TO DISMISS

# **TABLE OF CONTENTS**

**Pages**

INTRODUCTION ..................................................................................................................1

ARGUMENT ..........................................................................................................................2

    **I.**    Federal Law Preempts Plaintiff's Sugar-Content Theory. .......................................2

          A.    Plaintiff's Claims Are Preempted At The Motion To Dismiss Stage. ..........3

          B.    Plaintiff's New Claims About The Website Do Not Survive .......................5

    **II.**    Plaintiff Lacks Standing To Assert Her NSF-Certification Theory.........................8

    **III.**    Plaintiff Fails To Plead The Necessary Elements Of A D.C. CPPA Action. ........10

    **IV.**    Plaintiff's Suit Should Be Dismissed With Prejudice.............................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armstrong v. Navient Sols., LLC*,
   292 F. Supp. 3d 464 (D.D.C. 2018) ..................................................................................3

*Brannen v. United States*,
   No. 11-CV-0135, 2011 WL 8245026 (N.D. Ga. Aug. 26, 2011) ......................................6

*Campbell v. Nat'l Union Fire Ins. Co.*,
   130 F. Supp. 3d 236 (D.D.C. 2015) ..................................................................................9

*Clay v. Cytosport, Inc.*,
   No. 15-CV-165, 2015 WL 5007884 (S.D. Cal. Aug. 19, 2015) ....................................5, 6

*Gubala v. CVS Pharmacy, Inc.*,
   No. 14-CV-9039, 2016 WL 1019794 (N.D. Ill. Mar. 15, 2016) .......................................5

*Havens Realty Corp. v. Coleman*,
   455 U.S. 363 (1982) ..........................................................................................................9

*Hoyte v. Yum! Brands, Inc.*,
   489 F. Supp. 2d 24 (D.D.C. 2007) ....................................................................................7

*Jacobson v. Hofgard*,
   168 F. Supp. 3d 187 (D.D.C. 2016) ..................................................................................6

*Jefferson v. Collins*,
   905 F. Supp. 2d 269 (D.D.C. 2012) ..................................................................................6

*Kordel v. United States*,
   335 U.S. 345 (1948) ..........................................................................................................7

*Krooth & Altman v. N. Am. Life Assurance Co.*,
   134 F. Supp. 2d 96 (D.D.C. 2001) ....................................................................................3

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ......................................................................................................8, 9

*Mero v. City Segway Tours of Wash. DC, LLC*,
   826 F. Supp. 2d 100 (D.D.C. 2011) ..................................................................................6

*Murray v. Amalgamated Transit Union*,
   206 F. Supp. 3d 202 (D.D.C. 2016), *amended in part*, 220 F. Supp. 3d 72
   (D.D.C. 2016) ...................................................................................................................7

*Pearson v. Chung*,
    961 A.2d 1067 (D.C. 2008) ..................................................................................................10

*Saucier v. Countrywide Home Loans*,
    64 A.3d 428 (D.C. 2013) .....................................................................................................10

*Search v. Uber Tech., Inc.*,
    128 F. Supp. 3d 222 (D.D.C. 2015).....................................................................................10

*Smith v. Allmax Nutrition, Inc.*,
    No. 5-CV-00744, 2015 WL 9434768 (E.D. Cal. Dec. 24, 2015) .......................................5, 6

*State Farm Bank, F.S.B. v. District of Columbia*,
    640 F. Supp. 2d 17 (D.D.C. 2009) .........................................................................................3

*Stewart v. Int'l Union, Sec., Police & Fire Prof'ls of Am.*,
    271 F. Supp. 3d 276 (D.D.C. 2017) .......................................................................................3

*In re Whole Foods Mkt., Inc.*,
    163 F. Supp. 3d 385 (W.D. Tex. 2016)...............................................................................2, 4

**Statutes**

21 U.S.C. § 321(m) .......................................................................................................................7

21 U.S.C. § 343-1(a)(4)–(5) ..........................................................................................................2

21 U.S.C. § 343(a), (q)(1)(D) .......................................................................................................2

Federal Food Drug and Cosmetic Act (FDCA) ...................................................................1, 2, 8

Nutrition Labeling and Education Act ................................................................................1, 2, 7

**Other Authorities**

21 C.F.R. § 101.9(c)(6)(h) .............................................................................................................2

21 C.F.R. § 101.9(g)(2)...............................................................................................................2, 5

21 C.F.R. § 202.1(l)(2)...................................................................................................................8

**INTRODUCTION**

Plaintiff's Response to ONE Brands' Motion to Dismiss confirms that her complaint is baseless.

***First***, federal law preempts Plaintiff's principal claim, that ONE Bars understates the amount of sugar in it bars. Plaintiff does not and cannot dispute that a claim like this one is preempted by the Federal Food Drug and Cosmetic Act (FDCA) and the Nutrition Labeling and Education Act (NLEA) unless it is based on the precise 12-sample methodology required by the FDA. Yet, Plaintiff's test admittedly does not satisfy this FDA standard. Her complaint is therefore preempted.

Plaintiff tries to avoid this straightforward conclusion by suggesting that discovery is required. But discovery cannot fix a pleading failure. At the motion to dismiss stage, a court analyzes the allegations in the plaintiff's complaint and asks whether those allegations (assuming they are true) are sufficient to state a claim. Because the allegations only support a claim that is preempted by federal law, Plaintiff's complaint must be dismissed.

Nor can Plaintiff avoid dismissal by trying to bring other marketing statements into the case. Most of those statements are general promotional statements, and Plaintiff does not explain how or why they are false. And as for the remainder of claims that merely repeat the sugar-content claim, the FDA has made clear those are equally preempted.

***Second***, Plaintiff lacks standing to assert her NSF-certification theory. D.C. law cannot circumvent Article III of the United States Constitution. Because Plaintiff has not alleged that she was exposed to the NSF certification claim, let alone that she was injured by it, the Court lacks jurisdiction to adjudicate this claim.

***Third***, both of Plaintiff's theories suffer from additional fatal defects. Most notably, Plaintiff has not plausibly pled (let alone pled with particularity) that a reasonable consumer would

1

believe that ONE Brands advertises its ONE Bars as NSF-certified on its website. This is because the website, which is incorporated into Plaintiff's complaint, shows that ONE Bars *does not* make any such claim. All of the references to NSF are made for other products on a completely separate website. Plaintiff has no response to this decisive point. Plaintiff's Complaint should be dismissed.

## ARGUMENT

**I.     Federal Law Preempts Plaintiff's Sugar-Content Theory.**

ONE Brands explained in its motion to dismiss why the FDCA and NLEA preempt Plaintiff's sugar-content claims. *See* Mot. 6–9. Specifically, the FDCA and the NLEA require that a food label accurately disclose the amount of nutrients it contains, including sugars. 21 U.S.C. § 343(a), (q)(1)(D); 21 C.F.R. § 101.9(c)(6). The FDA has issued regulations that are the exclusive means to determine compliance with these accurate-disclosure provisions. Specifically, the FDA requires a 12-lot testing procedure that meets the standard set by the "Official Methods of Analysis of the AOAC International." 21 C.F.R. § 101.9(g)(2).

The FDCA as amended by the NLEA expressly preempts the States (including DC) from "directly or indirectly establish[ing] … any requirement … for nutritional labeling of food … or the labeling of food that is not identical to" these federal requirements. 21 U.S.C. § 343-1(a)(4)–(5). Courts consistently have applied these straightforward principles to hold that any State cause of action premised on a test not identical to the federal regime is preempted and subject to dismissal. *See In re Whole Foods Mkt., Inc.*, 163 F. Supp. 3d 385, 392 (W.D. Tex. 2016) (citing cases); Mot. 7 (citing more cases).

Plaintiff does not dispute these basic—and dispositive—points. *See* Resp. 4–5. To the contrary, she concedes—as she must—that a State law claim is "preempted by the FDCA if it imposes labeling requirements that are 'not identical to' federal requirements." Resp. 5. She also

2

concedes that her undisclosed and unspecified tests do not meet the FDA's requirements for sugar testing. Resp. 8. As such, even accepting her allegations as true, Plaintiff has not pled a legally cognizable claim. She has pled only a state-law claim that is expressly preempted by federal law.

Plaintiff makes two arguments to avoid this straightforward conclusion. None has merit.

### A. Plaintiff's Claims Are Preempted At The Motion To Dismiss Stage.

Plaintiff begs the Court to delay resolving the preemption issue until later in the case by suggesting that discovery could help her cause. Resp. 6. Although Plaintiff concedes that the only acceptable way to challenge labeling is through the FDA's 12-lot test conducted according to the AOAC method, which she has not done, Resp. 6, she nonetheless presses forward, arguing that her allegations are "sufficient to demonstrate the plausibility of her claims." Resp. 6.

This makes no sense. To survive a motion to dismiss, Plaintiff's complaint must "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Resp. 3 (quoting *Woods v. Moss*, 134 S. Ct. 2056, 2067 (2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))). This means that if Plaintiff proves those allegations, she is entitled to relief. *Id.* But here Plaintiff would not be entitled to relief, because her claim is based on a non-compliant test and therefore is preempted.

For this reason, courts routinely eliminate preempted claims at the motion-to-dismiss stage. *See, e.g.*, *Armstrong v. Navient Sols., LLC*, 292 F. Supp. 3d 464, 468 (D.D.C. 2018) (rejecting State claims on a motion to dismiss based on federal preemption); *Krooth & Altman v. N. Am. Life Assurance Co.*, 134 F. Supp. 2d 96, 101 (D.D.C. 2001) (same); *Stewart v. Int'l Union, Sec., Police & Fire Prof'ls of Am.*, 271 F. Supp. 3d 276, 283 (D.D.C. 2017) (same). Because preemption is a pure question of law, *State Farm Bank, F.S.B. v. District of Columbia*, 640 F. Supp. 2d 17, 21 (D.D.C. 2009), this Court can and should dismiss her sugar content claim because it exclusively relies on a non-FDA approved testing methodology.

Plaintiff makes no real attempt to address the many decisions that have rejected claims like hers on a motion to dismiss. *Compare* Mot. 7–8; *with* Resp. 9. Although she states that "the cases Defendant relies on . . . can be easily distinguished," she only attempts to distinguish one. Resp. 9 (discussing *Whole Foods*). And that case is not so easily distinguished. It is of no moment that the plaintiff in *Whole Food*s relied on a test conducted by a third party as opposed to "directing" her own test. Resp. 9. The *Whole Foods* court dismissed the complaint because that test relied upon (regardless of its origin) did not satisfy the FDA regulation for nutrient testing. 163 F. Supp. 3d at 387-93. The same is true here.[1]

Nor is it relevant that some of the *Whole Foods* plaintiffs had the opportunity for discovery.[2] That was only because of the way the separate actions were consolidated into a multidistrict litigation, s*ee id*. at 387–88, and the court still granted the motion to dismiss based on the allegations in the complaint. *Id.* at 394. Moreover, Plaintiff does not even attempt to distinguish the many other decisions that reached the same conclusion as *Whole Foods*. Mot. 8–9 (listing decisions).

Instead, Plaintiff cites a series of other cases, claiming that they provide a basis for her to survive a motion to dismiss. These unreported cases are contrary to the vast weight of authority and provide no basis to deny the motion to dismiss. First, Plaintiff cites *Gubala v. CVS Pharmacy, Inc.*, No. 14-9039, 2016 WL 1019794 (N.D. Ill. Mar. 15, 2016). Resp. 7. In that case, the plaintiff

---

[1] In fact the court in *Whole Foods* dismissed the complaint because the "six sample" test from "six different lots" was a "far cry from the FDA protocol." 163 F. Supp. 3d at 393. Here, Plaintiff's test of only one sample of two different bars is an even further cry from the FDA requirements.

[2] Plaintiff's suggestion that discovery could cure her problem should also be rejected. Plaintiff has the burden to plead a viable complaint and cannot use discovery to fix pleading failures. This is particularly true in a case like this one where Plaintiff does not need any internal information from ONE Brands.

4

alleged that the defendant's label was "misbranded on its face" because it relied on a different method to state the protein content measured in grams and the protein content measured as a percent of daily value. *Id.* at *9–10. As the court explained, the nature of the plaintiff's claim (which was directed at the inconsistent methods used to measure grams versus percent of daily value) meant that there was a "compelling argument that § 101.9(g)(2) [the twelve-lot, AOAC provision] is irrelevant." *Id.* at *9. The court expressly distinguished the type of claim at issue here: "If [p]laintiff's claim was [sic] simply that the 26 grams [of] protein content disclosure is inaccurate, then it would make more sense to apply the testing method of § 101.9(g)(2)." *Id.* at *10.

The decision Plaintiff cites next is even farther afield. Resp. 7. *In re Herbal Supplements Mktg. & Sales Practices Litig.*, involved DNA testing of herb supplements and the defendants there did *not* raise a preemption argument at all. No. 15-CV-5070, 2017 WL 2215025, at *12 (N.D. Ill. May 19, 2017). Instead, they raised "factual issue[s] related to the reliability of DNA barcode testing." *Id.* That case says nothing about the preemption argument here.

The reasoning used in the two other decisions Plaintiff relies on departs from the well-established position adopted by courts across the country that have dismissed claims that fail to allege testing based on the FDA's prescribed 12-lot AOAC methodology. *Clay v. Cytosport, Inc.*, No. 15-CV-165 L DHB, 2015 WL 5007884, at *2–3 (S.D. Cal. Aug. 19, 2015); *Smith v. Allmax Nutrition, Inc.*, No. 1:15-CV-00744-SAB, 2015 WL 9434768, at *5–8 (E.D. Cal. Dec. 24, 2015). Both decisions are unreported, not binding, and not persuasive.

### B.  Plaintiff's New Claims About The Website Do Not Survive

Faced with an insurmountable preemption challenge, Plaintiff now argues that her complaint is not actually concerned with the ONE Bars' label or any particular sugar-content representation. Instead, she asserts she is now concerned with other statements on ONE Brands'

5

website, including that the ONE Bars are "the perfectly healthy meal replacement bar," "the perfect reward for any workout," and the like. Resp. 5–6. Such maneuvering does not save her case.

As an initial matter, these statements are plainly not what animate Plaintiff's complaint. Her single-count complaint alleged that ONE Brands violates the D.C. CPPA because the Bars "omit[] that the product contains sugar content that far exceeds Defendant's written representations." Compl. ¶ 30. Plaintiff "cannot amend [her] [c]omplaint through [her] brief in response to the motion to dismiss." *See, e.g., Brannen v. United States*, No. 11-CV-0135, 2011 WL 8245026, at *5 (N.D. Ga. Aug. 26, 2011). Even if Plaintiff were permitted to add these allegations now, her revisionist complaint still fails.

*First*, Plaintiff makes no effort to describe how or why these statements are false, misleading, or actionable. And they are not. These statements are classic "puffery" and not "actionable conduct under the [D.C.] CCPA." *Mero v. City Segway Tours of Wash. DC, LLC*, 826 F. Supp. 2d 100, 107 (D.D.C. 2011); *see also Jacobson v. Hofgard*, 168 F. Supp. 3d 187, 196 (D.D.C. 2016) ("generalized statements of optimism that are not capable of objective verification are non-actionable misrepresentations") (internal quotations omitted?); *Jefferson v. Collins*, 905 F. Supp. 2d 269, 283 (D.D.C. 2012) (statement that a property had a "gorgeous renovation" was a "classic example of commercial puffery on which no reasonable person would rely"); *Hoyte v. Yum! Brands, Inc.*, 489 F. Supp. 2d 24, 30 (D.D.C. 2007) (claims about "'best food' is a non-measurable, 'bald statement of superiority' that is non-actionable puffery"). ONE Brands' marketing stating that the ONE Bar is "the protein bar you didn't think was possible" or is "great with: the office, the gym, or just because," Resp. 5–6, are not actionable and Plaintiff provides no sustainable basis to suggest they are.

*Second*, to the extent that Plaintiff attempts to show that these claims are actionable, she only does so by relying on her sugar-content allegation. Resp. 6 (slogans are "predicated on falsehoods about ONE [sic] Bar's sugar content or are intended to reinforce Defendant's claims about the sugar content of the ONE [sic] Bars"). This exposes Plaintiff's true aim—this is a naked attempt to "dodge the preemption bullet." *Murray v. Amalgamated Transit Union*, 206 F. Supp. 3d 202, 212 (D.D.C. 2016), *amended in part*, 220 F. Supp. 3d 72 (D.D.C. 2016) (dismissing claims as preempted). Because these claims are based on the precise allegation that the label misrepresented the amount of sugar, they are also preempted.

Finally, Plaintiff's entire premise is wrong: she attempts to avoid preemption by asserting that website statements are not "labeling." But the FDA has made clear that website statements are labeling as defined by 21 U.S.C. § 321(m) and therefore subject to the express preemption provisions in the NLEA.

Congress has defined labeling as "all labels and other written, printed, or graphic matter upon any article . . . *or accompanying such article*." 21 U.S.C. § 321(m) (emphasis added). The Supreme Court has held that the phrase "accompanying such article" is broad enough to cover literature that is shipped separately from the product. *Kordel v. United States*, 335 U.S. 345, 350 (1948) (holding that printed or graphic material accompanies a product within the meaning of "labeling" under 21 U.S.C. 321(m) when the material "supplements or explains" the product, and "[n]o physical attachment one to the other is necessary"). Based on this authority, the FDA and courts have interpreted "labeling" to include "[b]rochures, booklets, . . . motion picture films, film strips, . . . sound recordings, . .. and similar pieces of printed, audio, or visual matter description of a drug." 21 C.F.R. § 202.1(l)(2).

Accordingly, the FDA has explained that "information about FDA-regulated products that is disseminated *over the Internet* by, or on behalf of, a regulated company can meet the definition of labeling." FDA Citizen Petition Response (Nov. 1. 2001) (Attachment A) (emphasis added). In particular, "if a company were to promote a regulated product on its website and allow consumers to purchase the product directly from the website, the website is likely to be 'labeling.'" *Id.*; *see also Guidance for Industry and FDA: Dear Manufacturer Letter Regarding Food Labeling*, January 2007 (available at https://www.fda.gov/Food/GuidanceRegulation/ GuidanceDocumentsRegulatoryInformation/LabelingNutrition/ucm053425.htm). That is precisely the case here—ONE Brands promotes and sells its products on its website and accordingly its statements about the sugar content on its website constitute labeling under the FDCA. Claims over those statements are therefore preempted too.[3]

## II.   Plaintiff Lacks Standing To Assert Her NSF-Certification Theory.

As ONE Brands explained in its Motion to Dismiss, Plaintiff lacks Article III standing to pursue her NSF-certification theory. Mot. 10–11. Nowhere in her complaint does Plaintiff allege that she ever saw any NSF statements, let alone actually relied on them to make her purchasing decision. Plaintiff also does not make any attempt to explain how these statements injured her. The fact that Plaintiff purchased the bars expressly so that she could test them, *i.e.*, destroy them without eating them, Compl. ¶30, all but demonstrates that Plaintiff was totally disinterested in what the NSF statements allegedly said about the ONE Bars. It is elementary that these kind of

---

[3] To the extent that Plaintiff is now asserting that these claims are "nutrient content claims" under 21 U.S.C. § 343(r) and 21 C.F.R. § 101.13, those claims are still governed by the 12 sample testing methodology in § 101.9(g)(2). *See* 21 C.F.R. § 101.13(o). And Plaintiff's attempt to impose state law liability that is inconsistent with that federal requirement has been expressly preempted by Congress.  21 U.S.C. § 343-1(a)(5).

8

allegations fall short of the "injury in fact" required by Article III. *See* Mot. 8–9 (discussing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) and related decisions).

Plaintiff makes a two-fold attempt to avoid her standing problem. First, she includes a detailed history of the events that gave rise to the "tester provision" in the D.C. CPPA. Resp. 9–11. None of this history is relevant. Congress, still less the D.C. Council, does not have free rein to "convert [an] undifferentiated public interest" into an "'individual right' vindicable in the courts." *Lujan*, 504 U.S. at 577. The "concrete injury requirement" of Article III cannot be legislated around.

Apparently recognizing this, Plaintiff next argues that she actually has suffered an injury in fact. Resp. 12. Plaintiff cites the D.C. Court of Appeals decision in *Grayson v. AT & T Corp.*, for the proposition that "one manifestation of injury in fact is the violation of legal rights created by statute." Resp. 12 (quoting 15 A.3d 219, 234 (D.C.), *amended*, 140 A.3d 1155 (D.C. 2011)); *see also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982) (similar); *Campbell v. Nat'l Union Fire Ins. Co.*, 130 F. Supp. 3d 236, 252 (D.D.C. 2015) (similar). She claims that her injury stems from her "statutory legal right to truthful information as created by the CPPA." Resp. 12. The problem with Plaintiff's argument is that she conflates *right* and *injury*. The D.C. CPPA gives her the *right* to truthful information, but she still has to show that ONE Brands has invaded this right in a way that *injured* her, in order to invoke the judicial power under Article III. Indeed, the D.C. Court of Appeals in *Grayson* dismissed the D.C. CPPA suit brought by one of the plaintiffs in that case because he could not point to an "invasion of statutorily conferred rights" or "distinct and palpable injury." 15 A.3d 219 at 247. He was "in no different a position to bring [the] claim than any other unaffected citizen." *Id.*

9

Plaintiff's actual allegations regarding her NSF-certification theory demonstrate that she too is no different from any other unaffected citizen. Plaintiff complains about ONE Brands' "deceptive trade practices" and how these practices have "deprive[d] her of truthful information." Resp. 12–13. But missing from all this is any discussion of how Plaintiff has been *injured based on NSF-certification theory* in light of the fact that she never alleges she even looked at the NSF-certifications. This omission is telling and Plaintiff's NSF-certification theory cannot proceed.

### III. Plaintiff Fails To Plead The Necessary Elements Of A D.C. CPPA Action.

Even if Plaintiff's claim were not preempted, and did not fail for lack of standing, it would fail for several additional reasons. ONE Brands outlined the deficiencies in Plaintiff's complaint in its motion, Mot. 11–17, and Plaintiff's attempts to cover these deficiencies fall short.

Most glaring, Plaintiff has not pled that a reasonable consumer would believe that ONE Brands advertises its products as NSF-certified. Although Plaintiff states in her complaint (with brackets and ellipses) that ONE Brands advertises its bars as NSF certified on its website, ONE Brands showed in its Motion that there is no such claim on its website (which is incorporated into the complaint). Mot. 11-16. Instead, NSF certifications appear only on a different website, which expressly directs the viewer to go to the ONE Bars' website if he or she is looking for information about ONE Bars. *Id.* That separate website also contains labels clearly showing which products are NSF-certified, and which are not. *Id.*

Plaintiff makes no effort to show how a reasonable consumer could possibly believe that ONE Brands markets its bars are NSF certified in these circumstances. *See Pearson v. Chung*, 961 A.2d 1067, 1075 (D.C. 2008) ("[A] claim of an unfair trade practice" under the D.C. CPPA "is properly considered in terms of how the practice would be viewed and understood by a reasonable consumer."); *Saucier v. Countrywide Home Loans*, 64 A.3d 428, 442 (D.C. 2013)

10

(same). Plaintiff simply has no response that would render her false allegations plausible in light of the documents incorporated into the complaint.

Finally, both of Plaintiff's theories fail for the additional reason that Plaintiff fails to plead reliance or damages. This Court has held that "[t]o state a claim under the D.C. CPPA, a plaintiff must "allege that [d]efendant misrepresented a material fact that has a tendency to mislead, the plaintiff relied on that misrepresentation, and he suffered damages as a result." *Search v. Uber Tech., Inc.*, 128 F. Supp. 3d 222, 236 (D.D.C. 2015). Because Plaintiff has not attempted to explain how she relied on the alleged misrepresentations, let alone was damaged by them, her suit is improper and should be dismissed.

## IV.  Plaintiff's Suit Should Be Dismissed With Prejudice.

The Court should deny Plaintiff's advance request to file an amended complaint. *See* Resp. 15. Courts give leave to amend absent "'undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility,'" Resp. 15 (quoting *McFadden v. Wash. Metro. Area Transit Auth.*, 168 F. Supp. 3d 100, 105 (D.D.C. 2016)). There is no such basis to amend here.

If Plaintiff was able to show through the FDA-approved protocol that ONE Bars had more sugar than advertised, then she should have and could have made this showing in her first complaint. Plaintiff's counsel filed a similar complaint against ONE Brands months ago and after ONE Brands moved to dismiss on the same preemption grounds, the plaintiff's firm voluntarily dismissed the complaint. ONE Brands should not be forced to respond to yet another baseless, seriatim complaint. See *id.* at 105.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's complaint with prejudice.

Dated: October 7, 2018

                                                Respectfully submitted,

                                                <u>/*s*/ Benjamin M. Mundel</u>
                                                Frank R. Volpe (458791)
                                                Benjamin M. Mundel (1018144)
                                                SIDLEY AUSTIN LLP
                                                1501 K Street, N.W.
                                                Washington, DC 20005
                                                T: (202) 736-8000
                                                F: (202: 736-8711
                                                fvolpe@sidley.com

                                                *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2018, I caused a copy of the foregoing Reply In Support Of Motion to Dismiss to be served via ECF on the following counsel:

Nicholas A. Migliaccio
D.C. Bar No. 484366
Jason S. Rathod
D.C. Bar No. 1000882
Esfand Y. Nafisi
D.C. Bar No. 1029770
MIGLIACCIO & RATHOD LLP
412 H. St., NE
Suite 302
Washington, DC 20002
T: (202) 470-3520
F: (202) 800-2730
nmigliaccio@classlawdc.com

*Counsel for Plaintiff*

/*s*/ Benjamin M. Mundel
Benjamin M. Mundel