## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

GLORIA HACKMAN,
Individually and on behalf of the
General Public,

      Plaintiff,

v.

ONE BRANDS, LLC, d/b/a Oh Yeah!.,

      Defendant.

Case Number: 18-cv-2101-CKK

The Honorable Colleen Kollar-Kotelly

## PLAINTIFF'S MOTION TO REMAND FOR
## LACK OF SUBJECT MATTER JURISDICTION

      Plaintiff, Gloria Hackman, individually and on behalf of the general public of the district of Columbia, and through undersigned counsel, pursuant to 28 U.S.C. § 1447(c), moves to remand the above-captioned case to the Superior Court of the District of Columbia because this court lacks original subject-matter jurisdiction.

      A memorandum of Points and Authorities in support of the Motion and a Proposed Order are attached.

Respectfully submitted,

/s/ Jason S. Rathod

**MIGLIACCIO & RATHOD LLP**
Nicholas A. Migliaccio, Esq., (Bar No. 484366)
Jason S. Rathod (Bar No. 1000882)
412 H St NE, Suite 302
Washington, DC 20002
Tel: (202) 470-3520
Fax: (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

1

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I, Jason S. Rathod, hereby certify that on October 9, 2018, I caused a copy of the

foregoing Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction to be filed with

the Court via ECF, which will serve copies upon the Court and all counsel on record.

Dated: October 9, 2018

<u>/s/ Jason S. Rathod</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

GLORIA HACKMAN,
Individually and on behalf of the
General Public,

      Plaintiff,

v.

ONE BRANDS, LLC, d/b/a Oh Yeah!.,

      Defendant.

Case Number: 18-cv-2101-CKK

The Honorable Colleen Kollar-Kotelly

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S**
**MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

# TABLE OF CONTENTS

I.   FACTUAL BACKGROUND ................................................................................................ 3

II.  LEGAL STANDARD ...................................................................................................... 4

III. ARGUMENT ................................................................................................................. 5

A.   This Court lacks Diversity Jurisdiction Because the Claim does not Meet the Minimum

Amount in Controversy .................................................................................................... 5

1.   Defendant's attempt to calculate the amount in controversy based on the total cost of

complying with the injunctive relief requested violates the non-aggregation principle. ........ 5

2.   Defendant's use of speculative attorney's fees and punitive damages is also prohibited

by the Supreme Court's non-aggregation principle. ............................................................. 8

B.   Because This is Not a Class Action, There is No Basis for Federal Jurisdiction Under the

Class Actoin Fairness Act. ................................................................................................. 10

1.   CAFA does not provide this Court subject matter jurisdiction because Plaintiff did not

file a "class action." ........................................................................................................... 10

2.   Defendant's reliance on the Court of Appeals opinion in Rotunda is misplaced. ........ 11

IV.  CONCLUSION .............................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Animal Legal Def. Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53 (D.D.C. 2017)........ passim*

*Breakman v. AOL LLC*, 545 F. Supp. 2d 96 (D.D.C. 2008) .................................................. 6, 8, 10

*Breathe DC v. Santa Fe Nat. Tobacco Co.*, 232 F. Supp. 3d 163 (D.D.C. Feb. 8, 2017) ............. 6

*Dist. Cablevision Ltd. P'shp v. Bassin*, 828 A. 2d 714 (D.C. 2003)................................................ 9

*Inst. For Truth in Mktg. v. Total Health Network Corp.*, 2018 U.S. Dist. LESIX 136107 (D.D.C.

    Aug. 13, 2018) ........................................................................................................ 2, 6, 9*

*Lavelle v. State Farm Mut. Auto. Ins. Co.*, 235 F. Supp. 3d 217 (D.D.C. Feb. 22, 2017)............. 9

*Nat'l Consumer League v. Flowers Bakeries, LLC*, 36 F. Supp. 3d 26 (D.D.C. 2014)............... 11

*Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 2d 132 (D.D.C. 2010)........................ 9

*Organic Consumers Ass'n v. Bigelow, Inc.*, 314 F. Supp. 3d 344 (D.D.C. 2018)..................... 4, 5

*Organic Consumers Ass'n v. Gen. Mills, Inc.*, 2017 U.S. Dist. LEXIS 24191 (D.D.C. Feb. 22,

    2017) ........................................................................................................................ 5

*Rotunda v. Marriot International, Inc.*, 123 A.3d 980 (D.C. 2015) ...................................... 11, 12

*Sloan v. Soul Circus, Inc.*, 2015 U.S. Dist. LEXIS 169565 (D.D.C. Dec. 18, 2015) .............. 8, 10

*Smith v. Abbott Labs., Inc.*, 2017 U.S. Dist. LEXIS 135478 (D.D.C. March 30, 2017)  2, 6, 7, 12*

*Witte v. Gen. Corp.*, 104 F. Supp. 3d 1 (D.D.C. 2015)................................................................. 6

*Zuckman v. Monster Beverage Corp.,* 958 F. Supp. 2d 293 (D.D.C. 2013)................................ 10

**Statutes**

28 U.S.C. § 1332(a) ...................................................................................................................... 1

28 U.S.C. § 1332(d)(1)(B) ........................................................................................................... 10

28 U.S.C. § 1332(d)(2) ................................................................................................................... 2

28 U.S.C. § 1447(c) ................................................................................................................. 1

D.C. Code § 28-3904 ............................................................................................................. 4

D.C. Code § 28-3905(k) ........................................................................................................ 12

D.C. Code § 28-3905(k)(1)(B) ........................................................................................... 4, 11

D.C. Code § 28-3905(k)(2) ................................................................................................... 4

**Rules**

Civil Rule 23- Superior Court Rules of Civil Procedure ...................................................... 10, 12

Plaintiff Gloria Hackman ("Plaintiff" or "Ms. Hackman") moves to remand the above-captioned case to the District of Columbia Superior Court pursuant to 28 U.S.C. § 1447(c). Plaintiff alleges that Defendant One Brands, LLC, d/b/a Oh Yeah! ("Defendant" or "One Brands") represents that its line of nutrition bars, known as "One Bars," contain only "1 gram of sugar" each when in reality, the products contain up to 1600% more sugar than disclosed. Defendant's misrepresentation misleads consumers since One Bars are not "low in sugar." Plaintiff sought relief from One Brand's deceptive trade practices by suing in Superior Court, seeking injunctive relief for the general public of the District of Columbia, and individual damages, plus fees and costs as permitted by the D.C. Consumer Protection Procedure Act, D.C. Code § 28-3901, *et seq.* ("CPPA"). Although Defendant has removed this action to federal court, this Court lacks subject-matter jurisdiction.

In removing Ms. Hackman's action, Defendant asserted this Court possessed diversity jurisdiction because the amount in controversy surpasses the $75,000 threshold. Notice of Removal ¶ 8-16. Defendant alleges that (1) the cost of the injunctive relief sought by Plaintiff could exceed $1,000,000, (2) Plaintiff's counsel could obtain over $500,000 in fees if the case were litigated through trial, and (3) Plaintiff's request for punitive damages could be as high as $900,000. Notice of Removal ¶ 11, 14, 16. In the alternative, Defendant also alleges that, despite any mention of Rule 23 of the Superior Court Rules of Civil Procedure in Plaintiff's Complaint, Ms. Hackman's action is a class action covered by the Class Action Fairness Act ("CAFA"). Defendant's jurisdictional calculations are supported only by speculation and conjecture that do not meet the preponderance of the evidence standard that applies during a jurisdictional analysis.

*First*, all three of Defendant's attempts to reach the threshold established by 28 U.S.C. § 1332(a) violate the non-aggregation principle established by the Supreme Court and consistently

1

applied by courts in the District of Columbia. *See Inst. For Truth in Mktg. v. Total Health Network Corp.*, 2018 U.S. Dist. LESIX 136107, *29 (D.D.C. Aug. 13, 2018) ("The non-aggregation principle provides that 'separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement'") (citing *Snyder v. Harris*, 394 U.S. 332, 335 (1969)). Even if the Court accepted Defendant's factually unsupported damage and cost calculations, Defendant's attempt to apply the cost of each damage category to Ms. Hackman's individual claim would be prohibited. Dividing Defendant's pie-in-the-sky damage and cost calculations by the number of One Bars consumers in the District of Columbia—as the non-aggregation principle requires—results in a number far lower than the $75,000 threshold needed for diversity jurisdiction.

*Second*, Defendant's assertion that there is jurisdiction under CAFA fails outright, as Plaintiff is the master of her complaint, and she filed no class action under Rule 23 of the Superior Court Rules of Civil Procedure. The District of Columbia has consistently ruled that actions brought by plaintiffs as private attorneys general seeking only injunctive relief to benefit the general public, under the CPPA, are separate and independent from class actions. *See, e.g., Animal Legal Def. Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 64 (D.D.C. 2017); *see also Smith v. Abbott Labs., Inc.*, 2017 U.S. Dist. LEXIS 135478, *4-5 (D.D.C. March 30, 2017). Because Plaintiff's action is not a class action, CAFA does not supply jurisdiction under 28 U.S.C. § 1332(d)(2).

*Third*, to establish this Court's jurisdiction under CAFA, Defendant unabashedly misconstrues Ms. Hackman's complaint by asserting that Plaintiff *must* seek monetary damages for the general public based on its own estimated 12,000 violations of the CPPA. Plaintiff does

not seek monetary damages on behalf of the general public, and abundant authority cited below establishes that she does not have to do so.

This Court should remand this action to the Superior Court.

## I.    FACTUAL BACKGROUND

The front of One Bars' packaging advertises the bars as containing only 1 gram of sugar. Compl. ¶ 15. Defendant's marketing statements lead reasonable consumers into erroneously believing that One Bars are healthy foods fit for low-sugar diets. Compl. ¶11-15. Plaintiff is a resident of the District of Columbia, a consumer, and a tester in the District of Columbia. On May 17, 2018, Ms. Hackman purchased two of Defendant's One Bars. Compl. ¶ 24.

Independent testing, at the direction of Ms. Hackman, revealed that the two One Bars contained over 9 grams of sugar and 16 grams of sugar. Comp. ¶ 17. Having obtained these test results, Ms. Hackman filed a claim against Defendant, alleging violations of the D.C. Consumer Protection Procedures Act ("CPPA"). Plaintiff alleges that Defendant advertises One Bars as containing less than "1 gram of sugar" when, in reality, these Products contain up to 900%-1600% more sugar than the amount disclosed on Defendant's websites and on the front of the Product's packaging. Compl. ¶ 17.

Defendant's unfair and deceptive trade practices deprived Plaintiff and consumers in the District of Columbia of truthful information about One Bars. Compl. ¶ 33. Defendant's misrepresentation regarding One Bars' sugar content constitutes an unlawful trade practice in that Defendant:

   a.   Fails to state material facts regarding the product's content that mislead by omitting that the product contains sugar content that far exceeds Defendant's written misrepresentations;

    b.   Misrepresents a material fact in the claim that One Bars are "low in sugar" when they are not;

    c.   Misrepresents the One Bars' participation in the NSF Certified for Sport Program;

    d.   Misrepresents that the NSF Certified for Sport Program has certified "that what is on the label is in the [One Bars]";

    e.   Sells consumer goods in a condition or manner not consistent with operation or requirement of federal law; and

    f.   Otherwise is misleading.

D.C. Code § 28-3904, Compl. ¶ 30 (a-f). Under the CPPA, Plaintiff may act as a General Attorney to benefit the General Public of Washington D.C. and bring claims arising under the statute and "[seek] relief from the use of a trade practice in violation of a law of the District when that trade practice involves consumer goods or services that the individual purchased…." D.C. Code § 28-3905(k)(1)(B). Ms. Hackman seeks injunctive relief on behalf of the general public and individual damages, fees, and costs as permitted under the CPPA. D.C. Code § 28-3905(k)(2).

On August 7, 2018, Plaintiff served Defendant with the Complaint. Notice of Removal at ¶ 3. Then on September 7, 2018, Defendant filed its Notice of Removal under 28 U.S.C. §§ 1441 and 1446, and a Declaration to support Defendant's Notice of removal from Defendant's CEO David Ziegert ("Ziegert Decl.") and from Defendant's counsel Frank Volpe ("Volpe Decl.").

## II.   LEGAL STANDARD

"When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court <u>must</u> remand the case." *Organic Consumers Ass'n v. Bigelow, Inc.*, 314 F. Supp. 3d 344, 347-48 (D.D.C. 2018) (quoting Republic of *Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002)). Because of significant

federalism concerns, a court must "strictly construe[ ] the scope of its removal jurisdiction." *Id.* (quoting *Downey v. Ambassador Devel., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008)). "When the plaintiff files a motion to remand, the defendant bears the burden of proving federal jurisdiction." *Organic Consumers Ass'n v. Gen. Mills, Inc.*, 2017 U.S. Dist. LEXIS 24191 *4 (D.D.C. Feb. 22, 2017) (quoting *US Airways Master Exec., Council. v. Am. W. Master Exec., Council*, 525 F. Supp. 2d 127, 132 (D.D.C. 2007)). If Defendant "cannot meet this burden, the court must remand the case." *Hormel Foods*, 249 F. Supp. 3d at 56 (D.D.C. 2017) (quoting *Johnson-Brown v. 2200 M St. LLC*, 257 F. Sipp. 2d 175, 177 (D.D.C. 2003). "The court must resolve any ambiguities concerning the propriety of removal in favor of remand." *Organic Consumers Ass'n*, 314 F. Supp. at 348.

## III.   ARGUMENT

### A.   This Court lacks Diversity Jurisdiction Because the Claim does not Meet the Minimum Amount in Controversy.

In asserting this Court possesses diversity jurisdiction over Plaintiff, Defendant asserts that the amount in controversy exceeds $75,000 for three unconvincing reasons, specifically: (1) complying with Ms. Hackman's requested equitable relief will cost Defendant "over $1,000,000," (2) Plaintiff's counsel will, in Defendant's sly phrasing, "*generate* over $500,000 in fees," and (3) Plaintiff's punitive damages request could be as large as $900,000. Notice of Removal at ¶¶ 9-16. Throughout its analysis, Defendant attempts to back these bloated damage and cost calculations with speculative factual allegations, such as Plaintiff's counsel's billable rates, the number of hours worked, and fee arrangements with Plaintiff. Notice of Removal at ¶ 13. These efforts should fail.

#### 1.   Defendant's attempt to calculate the amount in controversy based on the total cost of complying with the injunctive relief requested violates the non-aggregation principle.

Even if Defendant's ambiguous assertions were accepted, the amount in controversy threshold would still not be met under the principal of non-aggregation. Established by the Supreme Court, the non-aggregation principle states that, "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Animal Legal Def. Fund*, 249 F. Supp. 3d at 59-60 (citing *Snyder v. Harris*, 394 U.S. 332, 335 (1969)). Because a plaintiff seeking injunctive relief under the CPPA does so to benefit the general public, courts in this district have, "[c]onsistent with persuasive precedents," held that the amount in controversy is the total cost of the injunction divided among the beneficiaries in the general public. *See Inst. For Truth in Mktg. v. Total Health Network Corp.*, 2018 U.S. Dist. LEXIS 136107, *30-31 (D.D.C. Aug. 13, 2018) ("the appropriate measure of the requested injunctive relief is not the amount that Total Health must spend to comply with the injunction, but that amount *divided by* the number of members of the public on whose behalf Plaintiff brings the action); *Animal Legal Def. Fund*, 249 F. Supp. 3d 53 at 60 ("the cost of compliance that a court should consider when determining the amount in controversy is the total amount divided among the beneficiaries of the injunction); *Breathe DC v. Santa Fe Nat. Tobacco Co.*, 232 F. Supp. 3d 163, 171 (D.D.C. Feb. 8, 2017) ("the cost of compliance must be divided among the beneficiaries of the injunction").[1]

---

[1] *See also Witte v. Gen. Corp.*, 104 F. Supp. 3d 1, 6 (D.D.C. 2015) ("Defendants' argument—that this Court should consider their total compliance costs in calculating the amount in controversy—would circumvent the non-aggregation principle articulated in *Snyder* and *Zahn*."); *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 105 (D.D.C. 2008) (finding that "the cost-to-defendant test is inapplicable to the current diversity action" where plaintiff sought injunctive relief under the DCCPPA because it "'would undermine the holdings of *Zahn* and *Snyder*.'") (quoting *Nat'l Org. for Women v. Mut. of Omaha Ins. Co.*, 612 F. Supp. 100, 108 (D.D.C. 1985)).

In order to use the cost of an injunction to establish the amount-in-controversy requirement for diversity jurisdiction, Defendant "must show that the cost of the injunction that runs to each plaintiff individually exceed the jurisdictional amount." *Smith v. Abbott., Inc.*, 2017 U.S. Dist. LEXIS 135478, *4 (D.D.C. 2017) (citing *Witte v. Gen. Nutrition Corp.*, 104 F. Supp. 3d 1, 4 (D.D.C. 2015). In direct contradiction to Defendant's assertions, "the overwhelming weight of authority within the District indicates that defendants seeking to remove DCCPA actions cannot rely on the total cost of compliance" when the plaintiff has requested an injunction to benefit the general public, "as that would violate the non-aggregation principle set forth by the Supreme Court." *Smith v. Abbott., Inc.*, 2017 U.S. Dist. LEXIS 135478, *4 (D.D.C. 2017). Defendant must therefore divide the ascertainable costs of adhering to equitable injunctive relief by the total of consumers.

Defendant's CEO, Mr. Ziegert states that "consumers have purchased well in excess of 12,000 individual… ONE Bars in the District of Columbia…" during the three-year period between August 13, 2015 and August 13, 2018. Zieger Decl. ¶ 5. "More than 100 different consumers have purchased ONE Bars… during this same period." *Id*. at ¶ 6. Thus, Defendant admits at least 100 consumers have purchased One Bars in the District of Columbia, and it is likely that thousands of consumers have actually purchased One Bars.[2]

However, even accepting that the cost of complying with the requested injunctive relief is over $1,000,000 and that Ms. Hackman was one of only 100 consumers that purchased One Bars, the apportioned cost to Ms. Hackman's individual claim, $10,000, would fall far short of meeting the monetary threshold. *See Animal Legal Def. Fund*, 249 F. Supp. 3d at 60-61

---

[2] If as Defendant has stated, well in excess of 12,000 bars have been purchased by only 100 consumers, each customer would have thus purchased close to 120 bars each during the relevant three year-period.

(remanding where "Defendant has made no effort to demonstrate—nor could it credibly—that the cost of the injunction divided pro rata among the members of the general public of Washington, D.C. would exceed the jurisdictional threshold.")

> **2.**   **Defendant's use of speculative attorney's fees and punitive damages is also prohibited by the Supreme Court's non-aggregation principle.**

Defendant speculates that Plaintiff's requested attorney's fees would exceed $500,000 if the case were litigated through trial. *See* Notice of Removal ¶ 13 -14. Even though Defendant clothes its calculations in the declaration of an attorney, Defendant's calculation of attorneys fees is "based on pure conjecture" and is therefore "inadequate to support an assertion of diversity jurisdiction." *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 107 (D.D.C. 2008) (internal quotation mark omitted) (quoting *Your Girl Friday, LLC v. MGF Holdings, Inc*., No. 06-0385, 2006 U.S. Dist. LEXIS 20665, 2006 WL 1028959, at *2 (D.D.C. Apr. 18, 2006)). There is no basis to speculate on the number of depositions that would to be take, nor is there any reason to believe this case would be tried in a ten-day jury trial. Volpe Declaration, ¶ 2, Thus, Defendant's estimate of Plaintiff's attorney's fees simply states arbitrary estimates for arbitrary stages of litigation. *See* Volpe Decl. ¶ 2. Further undermining the accuracy of Defendant's figure is that Defendant appears confused on the parties and scope of Ms. Hackman's Complaint. Although Defendant does not state as much in this section of its Notice of Removal, it is apparent, as a whole, that Defendant confuses Ms. Hackman's lawsuit with a class action. Notice of Removal ¶¶ 17-26. Defendant's estimates are not related to case-specific facts and are "'based on pure conjecture' and are therefore 'inadequate to support an assertion of diversity jurisdiction.'" *Sloan v. Soul Circus, Inc.*, 2015 U.S. Dist. LEXIS 169565, *31 (D.D.C. Dec. 18, 2015) (citing *Breakman v. AOL LLC*, 545 F. Supp. 2d at 107).

8

Defendant's speculation of Ms. Hackman's punitive damages proves to be even more exaggerated that its analysis of her counsel's attorney's fees. Defendant states with no explanation, that "the value of the relief sought is approximately $900,000," and Ms. Hackman's punitive damage request "is as high as $900,000." Notice of Removal ¶ 16. Defendant offer no support for these figures other than the fact that punitive damages *could* be 100% of other *damages*. *Id*. Setting aside that Defendant's figure of $900,000 for the total relief sought could only possibly make sense if Defendant equated the value of Plaintiff's requested injunction with *damages*, Defendant's cited authority does not support its assertion that Defendant's punitive damages are more likely 100% of the relief sought. In *Lavelle*, Plaintiffs specifically pleaded for "punitive damages in the amount of 100% of trebled damages and attorney's fees." *Lavelle v. State Farm Mut. Auto. Ins. Co.*, 235 F. Supp. 3d 217, 223 (D.D.C. Feb. 22, 2017) ("[Defendant] properly relied on the percentages for attorney's fees and punitive damages the plaintiffs included in their Complaint"). As described by Defendant, *Dist. Cablevision Ltd. P'shp* notes a single case in which a class of cable television subscribers were awarded punitive damages close to 100% of awarded compensatory damages. *Dist. Cablevision Ltd. P'shp v. Bassin*, 828 A. 2d 714, 717-18 (D.C. 2003). One instance in which plaintiffs specifically pled for punitive damages and another instance in a type of action wholly distinct from the present matter are not sufficient evidence for a conclusion that Ms. Hackman's punitive damage request *is* "as high as $900,000." Notice of Removal ¶ 16.

Most fatal to Defendant's claim for jurisdiction, however, is that as with the costs associated with injunctive relief, attorney's fees and punitive damages cannot be aggregated in a case such as this, where Plaintiff serves on behalf of the general public. "Courts in this district have also applied the non-aggregation principle to attorney's fees in CPPA actions brought on

behalf of the public." *Inst. For Truth in Mktg. v. Total Health Network Corp.*, 2018 U.S. Dist. LEXIS 136107, at \*31. This Court has stated this assertion found considerable support from prior opinions from within this District. *Animal Def. Fund*, 249 F. Supp. at 62 (citing *Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64, 73 (D.D.C. 2014), *Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 132, 141 (D.D.C. 2010); and *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 105 (D.D.C. 2008)). Similarly, "as with statutory damages and attorney's fees, 'punitive damages should apportioned to each consumer.'" *Sloan*, 2015 U.S. Dist. LEXIS 169565 at \*33 (quoting *Breakman*, 545 F. Supp. 2d at 107); *accord Zuckman v. Monster Beverage Corp.,* 958 F. Supp. 2d 293, 301 (D.D.C. 2013) ("[F]ees cannot be aggregated with those of the general public in order to satisfy the \$75,000 threshold."). Although Plaintiff rebuts Defendant's speculated number of consumers and damages, even if the Court accepted Defendant's outrageous figures, once divided by the number of consumers in the District, the value of all damages and fees do not come close to the threshold for diversity jurisdiction of \$75,000. Divided by the extraordinarily low number of stated customers that Defendant proffers – 100 – attorney's fees amount to \$5,000 and punitive damages amount to \$9,000. Combined with Ms. Hackman's statutory damages of \$1,500 and the speculative pro rata cost of complying with the requested injunctive relief of \$10,000, the amount in controversy amounts to only \$25,500 per consumer.

  **B.**  **Because This is Not a Class Action, There is No Basis for Federal Jurisdiction Under the Class Actoin Fairness Act.**

    **1.** **CAFA does not provide this Court subject matter jurisdiction because Plaintiff did not file a "class action."**

  CAFA provides federal courts with subject matter jurisdiction when a plaintiff sues as a class action. A class action is defined under 28 U.S.C. § 1332(d)(1)(B) as "any civil action filed

under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial

procedure authorizing an action to be brought by 1 or more representative persons as a class

action." Ms. Hackman's Complaint pleads no class action, mass action or any other such remedy

that would trigger an analysis of jurisdiction under CAFA. Because Ms. Hackman has not

brought this case as a class action under Rule 23, CAFA does not confer jurisdiction. *Hormel

Foods*, 249 F. Supp. 3d at 64. In Ms. Hackman's Private Attorney General Complaint, Plaintiff

requests injunctive relief to benefit the General Public under D.C. Code § 28-3905(k)(1)(B).

Compl. ¶ 27. This provision of the CPPA is a "separate and distinct procedural vehicle from a

class action." *Id.* Based on this fundamental mischaracterization of Plaintiff's lawsuit, Ms.

Hackman's lawsuit should be remanded. *Nat'l Consumer League v. Flowers Bakeries, LLC*, 36

F. Supp. 3d 26, 36 (D.D.C. 2014) ("Removal is not permitted under CAFA's class action

provision for action brought by a private attorney general under D.C. Code § 28-3905(k)(1)

where plaintiff has not brought a 'class action' under D.C. Superior Court Rule 23").

In arguing that Ms. Hackman's suit should nonetheless comply with the requirements of

Rule 23, Defendant raises unfounded concerns of claim preclusion. Defendant claims that

because Ms. Hackman "seeks any relief at all on behalf of the general public," "absent"

consumers would be precluded from seeking any money damages. Notice of Removal at ¶ 27.

However, issues of claim preclusion do not exist in representative actions under 28-

3905(k)(1)(B) that "do not seek damages on behalf of the general public, such as the one before

the Court." *See Animal Legal Def. Fund*, 249 F. Supp. 3d, at 65. Defendant's argument is

circular.

**2.      Defendant's reliance on the Court of Appeals opinion in *Rotunda* is
         misplaced.**

In *Rotunda v. Marriot International, Inc.*, the Court of Appeals for the District of Columbia held that "the unique challenges to procedural fairness and administration posed by a representative suit for damages require certainty, in our view, that the legislature has taken them into account before displacing the framework that has governed such suits for decades in the Superior Court." 123 A.3d 980, 989 (D.C. 2015). In making this determination, the *Rotunda* court did not create federal jurisdiction or transform a well-pleaded private attorney general action into a Rule 23 class action. Instead, the Court determined "that a CPPA claim for money damages brought by an individual on behalf of himself and other similarly situated members of the general public is in essence a class action." *Id*. at 982. In *Rotunda*, the Court feared that without procedural due process, a claim for monetary damages, on behalf of the represented public, could usurp the rights of other members to assert their own damage claim. *See* 123 A.3d at 985. These concerns were specific and exclusive to actions for money damages on behalf of a class. As outlined by this Court, the Court of Appeals in *Rotunda* "*repeatedly* described its holding as limited to such suits." *Hormel Foods*, 249 F. Supp. 3d at 64-65.  (emphasis in the original). As acknowledged by Defendant, the Court of Appeals' concerns regarding due process were specifically limited to protections needed to safeguard individual consumer's claims for money damages. Because Ms. Hackman does not seek money damages for the general public, due process concerns such as notice requirements are not present in her Complaint.

Defendant's request that the Court extend *Rotunda* beyond actions for damages has been soundly rejected by this Court. In *Smith*, the Court determined that the decision in *Rotunda* "was limited solely to suits for money damages and did not address representative actions for purely injunctive relief." *Smith v. Abbott Labs. Inc.*, 2017 U.S. Dist. LEXIS 135478, *4-5 (D.D.C. 2017). In *Animal Legal Def. Fund*, defendants raised the same arguments that Defendant raises,

"that the 'concerns that motivated the Court of Appeals' are similarly applicable to suits for injunctive relief." 249 F. Supp. 3d at 65. There, the Court unequivocally rejected this argument. *Id*. As in *Smith* and *Animal Legal Defense Fund*, the Court should find that Ms. Hackman properly brought a private attorney general action against Defendant under D.C. Code § 28-3905(k) and does not have to comply with Rule 23 of the Superior Court Rules of Civil Procedures. *Id*. "Finding that CAFA jurisdiction does not apply is simply a matter of determining that Plaintiff has not brought this case as a class action." *Animal Legal Def. Fund*, 249 F. Supp. 3d at 65.

## IV.    CONCLUSION

Plaintiff respectfully requests that the Court remand this action to the Superior Court for the District of Columbia.

Dated:  October 9, 2018                              Respectfully submitted,


/s/ Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
Nicholas A. Migliaccio, Esq., (Bar No. 484366)
Jason S. Rathod (Bar No. 1000882)
Esfand Y. Nafisi (Bar No. 1029770)
412 H St NE, Suite 302
Washington, DC 20002
Tel: (202) 470-3520
Fax: (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com
enafisi@classlawdc.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Jason S. Rathod, hereby certify that on October 9, 2018, I caused a copy of the foregoing Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction to be filed with the Court via ECF, which will serve copies upon the Court and all counsel on record.


Dated: October 9, 2018                     /s/ Jason S. Rathod

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

GLORIA HACKMAN,
Individually and on behalf of the
General Public,

      Plaintiff,

v.

ONE BRANDS, LLC, d/b/a Oh Yeah!.,

      Defendant.

Case Number: 18-cv-2101-CKK

Hon. Colleen Kollar-Kotelly

**ORDER**

*UPON CONSIDERATION OF Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction*, and any opposition, Plaintiff's Motion is this _____ day of _____ , 2018 hereby GRANTED.

_____

Hon. Colleen Kollar-Kotelly
United States District Judge

15