# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ) | **Case No. 18-cv-2101-CKK** |
| ) | **Hon. Colleen Kollar-Kotelly** |
| **GLORIA HACKMAN,** ) | **Oral Argument Requested** |
| *Individually and on Behalf of the* ) | |
| *General Public*, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **ONE BRANDS, LLC, d/b/a/ Oh Yeah!,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S</u>
## <u>MOTION TO REMAND</u>

Frank R. Volpe (458791)
Benjamin M. Mundel (1018114)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
T: (202) 736-8000
F: (202): 736-8711
fvolpe@sidley.com
*Counsel for Defendant*

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................1

BACKGROUND .................................................................................................................3

    A.    Jurisdictional Facts.................................................................................3

    B.    Procedural History ................................................................................3

ARGUMENT .....................................................................................................................4

I.    This Court Has CAFA Diversity Jurisdiction. ....................................................4

    A.    The Parties Are Minimally Diverse. .....................................................4

    B.    The Putative Class Consists Of More than 100 Purchasers. ...................5

    C.    The Amount In Controversy Exceeds $5 Million. ..................................5

    D.    Plaintiff's Counterargument Is Wrong...................................................5

II.    This Court Has Traditional Diversity Jurisdiction..............................................9

    A.    The Cost Of Compliance With Plaintiff's Desired Injunction Will Exceed $75,000 And The Non Aggregation Principle Does Not Apply. ..........................................9

    B.    The Value Of Plaintiff's Punitive Damages Claim Exceeds $75,000 And The Non-Aggregation Principle Does Not Apply.........................................................12

    C.    The Value Of The Share Of Attorneys' Fees Attributable To Plaintiff Exceeds $75,000............................................................................................................14

CONCLUSION....................................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. R & H Oil & Gas Co.*,
    63 F.3d 1326 (5th Cir. 1995) ...............................................13

*Animal Legal Def. Fund v. Hormel Foods Corp.*,
    249 F. Supp. 3d 53 (D.D.C. 2017) ...............................................6

*Breakman v. AOL LLC*,
    545 F. Supp. 2d 96 (D.D.C. 2008) ...............................................14, 15

*Brewer v. Lynch*,
    No. 08-cv-1747-BJR, 2015 WL 13604257 (D.D.C. Sept. 30, 2015)....................8

*Committee for G.I. Rights v. Callaway*,
    518 F.2d 466 (D.C. Cir. 1975) ...............................................9, 10

*In re Conseco Life Ins. Co. LifeTrend Ins. Sales & Mktg. Litig.*,
    270 F.R.D. 521 (N.D. Cal. 2010) ...............................................8

*Dart Cherokee Basin Operating Co. v. Owens*,
    135 S. Ct. 547 (2014).................................................................4

*Dist. Cablevision Ltd. P'ship v. Bassin*,
    828 A.2d 714 (D.C. 2003) ...............................................12

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
    545 U.S. 546 (2005).................................................................13

*Gibson v. Chrysler Corp.*,
    261 F.3d 927 (9th Cir. 2001) ...............................................13

*Gomez v. Wilson*,
    477 F.2d 411 (D.C. Cir. 1973) ...............................................11

*Griffin v. Coastal Int'l Sec., Inc.*,
    No. 06-cv-2246 (CKK), 2007 WL 1601717 (D.D.C. June 4, 2007) ....................14

*H & D Tire and Automotive-Hardware Inc. v. Pitney Bowes, Inc.*,
    227 F.3d 326 (5th Cir. 2000) ...............................................13

*Hartigh v. Latin*,
    485 F.2d 1068 (D.C. Cir. 1973) ...............................................12

*Lavelle v. State Farm Mut. Auto. Ins. Co.*,
    235 F. Supp. 3d 217 (D.D.C. 2017) ....................................................................12

*Lovell v. State Farm Mut. Auto. Ins. Co.*,
    466 F.3d 893 (10th Cir. 2006) ....................................................................11, 12

*McCarty v. Amoco Pipeline Co.*,
    595 F.2d 389 (7th Cir. 1979) ............................................................................10

*In re Microsoft Corp. Antitrust Litig.*,
    127 F. Supp. 2d 702 (D. Md. 2001) ...................................................................11

*Rotunda v. Marriot Int'l, Inc.*,
    123 A.3d 980 (D.C. 2015) ............................................................................5, 6, 8

*Sloan v. Soul Circus, Inc.*,
    No. 15-cv-1389, 2015 WL 9272838 (D.D.C. Dec. 18, 2015) ..................................5

*Smith v. Washington*,
    593 F.2d 1097 (D.C. Cir. 1978) ...........................................................................9

*Snyder v. Harris*,
    394 U.S. 332 (1969)........................................................................................9, 10

*Sorenson Commc'ns, LLC v. FCC*,
    897 F.3d 214 (D.C. Cir. 2018) .............................................................................7

*Standard Fire Ins. Co. v. Knowles*,
    568 U.S. 588 (2013)..............................................................................................8

*Tatum v. Laird*,
    444 F.2d 947 (D.C. Cir. 1971), *rev'd on other grounds*, 401 U.S. 1 (1972) ......................9, 11

*Uhl v. Thoroughbred Tech. & Telecomms., Inc.*,
    309 F.3d 978 (7th Cir. 2002) .............................................................................11

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)...............................................................................................7

*Youngin's Auto Body v. District of Columbia*,
    775 F. Supp. 2d 1 (D.D.C. 2011) ........................................................................7

*Zuckman v. Monster Beverage Corp.*,
    958 F. Supp. 2d 293 (D.D.C. 2013) ..............................................................5, 15

**Statutes**

28 U.S.C. §1332(a) ...................................................................................................8

28 U.S.C. § 1332(d)(2) ..........................................................................................................1, 4, 5

28 U.S.C. § 1332(d)(2)(A) ....................................................................................................1, 4

28 U.S.C. § 1332(d)(5)(B) ..................................................................................................1, 4, 5

D.C. Code § 28-3905(k)(2)(A) ...................................................................................................5

D.C. Code § 28-3905(k)(2)(B).................................................................................................14

**Other Authorities**

Fed R. Civ. P. 2........................................................................................................................7

15 Moore's Federal Practice § 102.109 (Matthew Bender 3d ed.)................................................9

Defendant ONE Brands, LLC, by and through its undersigned counsel, hereby opposes Plaintiff's Motion to Remand this case to the Superior Court of the District of Columbia.

## INTRODUCTION

This is a baseless lawsuit manufactured by a professional plaintiff. Although captioned as a consumer-protection case, Plaintiff Gloria Hackman is *not* a consumer. She did not take a single bite of the ONE Bars about which she is suing. Instead, she purchased the bars for the sole purpose of filing suit. Compl. ¶¶ 17, 30 (ECF 1-1). For the reasons explained in ONE Brands' motion to dismiss, *see* Motion to Dismiss at 6–17 (ECF 5), Plaintiff's claims are preempted and meritless.

In a bid to avoid dismissal, Plaintiff now asks this Court to remand the case to the Superior Court. Plaintiff's request is based on strategic and impermissible pleading. Even though Plaintiff claims to bring the case "on behalf of all others similarly situated" Compl. Opening (ECF 1-1), she seeks damages only for herself and thus is attempting to waive the right to damages for the members of the general public she claims to represent. Notwithstanding Plaintiff's strategic pleading, this Court has subject matter jurisdiction over the suit based on the Class Action Fairness Act (CAFA) and diversity of citizenship. Plaintiff's motion to remand therefore should be denied.

Each element for CAFA jurisdiction is present. First, the parties are diverse. *See* 28 U.S.C. § 1332(d)(2)(A). Second, Plaintiff claims to have sued on behalf of more than 100 similarly situated consumers in the District of Columbia who purchased ONE Bars. *See* 28 U.S.C. § 1332(d)(5)(B). Third, the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2).

Rather than contend with any of these three elements, Plaintiff argues that her suit is not subject to class action procedures and therefore not subject to CAFA. *See* Remand Motion at 2, 10–11 (ECF 10). But the D.C. Court of Appeals has held that a suit like this one must be treated as a class action. Plaintiff's suit is accordingly subject to CAFA removal.

This Court also has traditional diversity jurisdiction.  It is undisputed that the parties are completely diverse.  Moreover, the amount-in-controversy requirement is met three different ways: the cost of compliance with Plaintiff's requested injunction would exceed $75,000; the punitive damages that Plaintiff seeks would exceed $75,000; and the attorneys' fees that Plaintiff requests would exceed $75,000.  *See* Notice of Removal at ¶¶ 11–16 (ECF 1).

The only real dispute is whether the non-aggregation principle requires the Court to divide these amounts by the number of persons covered by Plaintiff's representative suit in a way that would reduce the amount in controversy below the $75,000 threshold.  It does not.

With regard to injunctive relief, there is no aggregation at all.  No matter whether Plaintiff is suing for herself only or for all persons similarity situated, ONE Brands' cost of compliance is the same.  With regard to punitive damages, courts have held that the non-aggregation principle does not apply because each person in a class of injured persons has an undivided interest in the punitive damages.  Finally, with regard to attorneys' fees, this Court has held that it is improper to simplistically apply the non-aggregation principle to attorneys' fees because the fees attributable to a lead plaintiff are significantly greater than the fees attributable to everyone else in a representative suit.  On each of these bases, the amount-in-controversy requirement is met.

Plaintiff has sued an out-of-state defendant under a local law and in a local court. The Constitution creates federal diversity jurisdiction for precisely these circumstances.  ONE Brands' removal of the action was proper, and Plaintiff's Motion for Remand should be denied.

# BACKGROUND

## A.      Jurisdictional Facts

Plaintiff Gloria Hackman is a D.C. resident.   Compl. ¶ 5 (ECF 1-1).   ONE Brands is a
Delaware company with its principal place of business in North Carolina.   Ziegert Decl. ¶ 1 (ECF
1-2).

During the past three years, ONE Brands has sold well over 12,000 individual ONE Bars
to consumers in Washington, DC.   Ziegert Decl. ¶ 5 (ECF 1-2).   More than 100 different consumers
purchased at least one ONE Bar during this same period.   *Id.* at ¶ 6.   For ONE Bars to comply with
Plaintiff's requested injunction—a request that is baseless—the company would have to (1) recall
the ONE Bars currently for sale in the District of Columbia; and (2) either  redesign the packaging
and marketing of ONE Bars to remove references to the bars' low sugar content; or  reformulate
ONE bars.   *Id.* at ¶ 8.   Either course of action would cost ONE Bars well in excess of $75,000.   *Id.*
¶¶ 9–13.

In order for Plaintiff to litigate this case through trial, she would incur over $500,000 in
attorneys' fees.   *See* Volpe Decl. ¶¶ 1–3 (ECF 1-3).   This estimate comes from a detailed analysis
conducted by an attorney with two decades of practice in the District of Columbia and is grounded
in the *Laffey* index, which is commonly used by courts to establish average billing rates in the
District.   *See id.*

## B.      Procedural History

On May 17, 2018, Plaintiff purchased two of ONE Brands' ONE bars.   Compl. ¶ 24 (ECF
1-1).   Plaintiff did not purchase these bars to eat them.   *Id.* at ¶¶ 17, 30.   Nor did she eat them.   *Id.*
Instead, she supposedly sent the bars for testing.   *Id.* at ¶ 17.   She has refused to disclose this testing
or its methodology, despite ONE Brands' request.

On July 30, 2018, Plaintiff sued ONE Brands in D.C. Superior Court.  She brought claims on behalf of herself and "all others similarly situated and the general public of the District of Columbia."  *Id.* at Opening.  She sought injunctive relief (for all persons covered by her suit), damages (ostensibly only for herself), punitive damages, and attorneys' fees and costs. *Id.* at ¶¶ 33, 34.

On September 7, 2018, ONE Brands removed the action to this Court based on CAFA and traditional diversity jurisdiction.  On September 14, 2018, ONE Brands filed a motion to dismiss. Plaintiff filed a response on September 28, 2018, and ONE Brands filed its reply on October 7, 2018.  On October 9, 2018, Plaintiff moved to remand the case to the Superior Court.

## ARGUMENT

The Court should deny Plaintiff's motion to remand.  ONE Brands properly removed this case to federal court based on CAFA and traditional diversity jurisdiction.

## I.     This Court Has CAFA Diversity Jurisdiction.

In order for an action to be removable under CAFA, (1) the parties must be minimally diverse, 28 U.S.C. § 1332(d)(2)(A); (2) the proposed class must consist of 100 or more people, 28 U.S.C. § 1332(d)(5)(B); and (3) the amount in controversy must exceed $5 million, 28 U.S.C. § 1332(d)(2).  Congress enacted CAFA "to facilitate adjudication of certain class actions in federal court"; there is accordingly no "antiremoval presumption" attached to cases invoking CAFA jurisdiction.  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (citation omitted).  Plaintiff's suit meets all three CAFA requirements.

### A.     The Parties Are Minimally Diverse.

It is undisputed that the parties are minimally diverse.  ONE Brands is a Delaware corporation with its principal place of business in North Carolina.  Compl. ¶ 6 (ECF 1-1); Ziegert

4

Decl. ¶ 1 (ECF 1-2).  Plaintiff is a citizen of the District of Columbia.  Compl. ¶ 5 (ECF 1-1).  The diversity requirement is accordingly met.  *See* 28 U.S.C. § 1332(d)(2)(A).

> **B.     The Putative Class Consists Of More than 100 Purchasers.**

There is similarly no doubt that more than 100 consumers purchased ONE Bars in D.C. during the relevant period.  ONE Brands' Chief Operating Officer has declared that more than 100 people in the District of Columbia purchased ONE Bars in the three-year period prior to service of process of this lawsuit.  Ziegert Decl. ¶ 6 (ECF 1-2).  The class size requirement of CAFA is accordingly met.  *See* 28 U.S.C. § 1332(d)(5)(B).

> **C.     The Amount In Controversy Exceeds $5 Million.**

The amount in controversy far exceeds the $5 million jurisdictional threshold.  *See* 28 U.S.C. § 1332(d)(2).  Plaintiff claims to represent "all others similarly situated" and the "general public" in the District of Columbia.  Compl. Opening & ¶ 34 (ECF 1-1).  ONE Brands has sold well over 12,000 individual bars to consumers in the District of Columbia similarly situated to Plaintiff during the relevant period.  Ziegert Decl. ¶ 5 (ECF 1-2).  The D.C. CCPA imposes statutory damages of $1,500 per violation.  D.C. Code § 28-3905(k)(2)(A); *see Zuckman v. Monster Beverage Corp.*, 958 F. Supp. 2d 293, 300-01 (D.D.C. 2013) (allotting one CPPA statutory damages award per can of Monster Energy drink purchased); *Sloan v. Soul Circus, Inc.*, No. 15-cv-1389, 2015 WL 9272838, at *8, *13 (D.D.C. Dec. 18, 2015) (allotting one CPPA statutory damages award per circus ticket purchased).  This means that the amount in controversy is no less than $18,000,000.  Because all three requirements for CAFA jurisdiction are met, removal under CAFA was proper.

> **D.     Plaintiff's Counterargument Is Wrong.**

Plaintiff makes only one argument to the contrary.  That argument is wrong.

Plaintiff argues that CAFA-based removal is inappropriate because her "Complaint pleads no class action, mass action or any other such remedy that would trigger an analysis of jurisdiction under CAFA." Remand Motion at 11 (ECF 10). The D.C. Court of Appeals, however, has held that Rule 23 applies to suits brought on behalf of the general public under the D.C. CPPA. *Rotunda v. Marriot Int'l, Inc.*, 123 A.3d 980, 989 (D.C. 2015). Specifically, the Court of Appeals in *Rotunda* held that due process required that the plaintiff's D.C. CPPA suit "on behalf of the general public" utilize the procedural vehicle of Rule 23, even though the plaintiff (just like Plaintiff here) had "expressly disclaimed any intention to seek class certification" under Rule 23. *Id.* at 982.[1]

Plaintiff claims that *Rotunda* is inapplicable for one reason—because that case was about money damages. Remand Motion at 11–13 (ECF 10). But this is a lawsuit for money damages too. Plaintiff here—unlike the plaintiff in *Animal Legal Def. Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53 (D.D.C. 2017) on which Plaintiff principally relies—is expressly seeking monetary damages for her claim. Compl. ¶ 33 (ECF 1-1). Therefore, the holding in *Rotunda* applies. That should resolve this motion.

To the extent that Plaintiff will try to distinguish *Rotunda* on the grounds that she is seeking money damages only for herself and not for the rest of the public she claims to represent, that only demonstrates why due process requires the protections of Rule 23 here. In *Rotunda*, the Court of Appeals held that Rule 23 applied because "outside of detailed structures regulating class actions

---

[1] Plaintiff supports her argument that her suit is not subject to D.C. Superior Court Rule 23 by citing a number of decisions stating that a suit under D.C. CPPA is "separate and distinct" from a class action under Rule 23. Remand Motion at 11 (ECF 10) (citing cases). As the analysis in *Rotunda* makes clear, this simplistic statement conflates a *cause of action* and a *procedure vehicle*. The D.C. CPPA is cause of action. Rule 23 is a procedural vehicle. Like an action sounding in tort, contract, or wage-and-hour laws, a D.C. CPPA suit can be brought on an individual or class basis. If brought on an individual basis, Rule 23 does not apply. If brought on a class basis, the D.C. Court of Appeals has held that Rule 23 applies. *See Rotunda*, 123 A.3d at 989.

like those in Rule 23, a procedure binding absent class members who do not affirmatively distance themselves from the suit would present grave due process concerns."  123 A.3d at 986.  Due process required Rule 23's protections even though the absent class members would obtain payment if the plaintiff were successful.

Here, the due process concerns are significantly more troubling.  Plaintiff is attempting to obtain damages for herself (and Plaintiff's counsel is attempting to obtain attorney's fees for themselves), but she is *purporting to disclaim damages for every other member of the public she claims to represent*.  Without Rule 23, these absent individuals will have no opportunity to opt out and thereby preserve their right to damages.  In short, if due process requires Rule 23 to give individuals the right to opt out of a representative suit where they will receive money damages, it surely requires Rule 23 protections when a plaintiff is attempting to *waive* class members' right to money damages.

Plaintiff cannot avoid this result by  claiming (incorrectly) that her suit seeks only equitable relief for those she claims to represent.  A representative suit for equitable relief still jeopardizes the rights of the persons Plaintiff claims to represent from obtaining future monetary relief.  "[F]or the purposes of claim preclusion, the legal theory upon which the plaintiff relies is irrelevant; rather, the relevant inquiry is whether the plaintiff's claims arise out of the same common nucleus of facts as the previous litigation."  *Youngin's Auto Body v. District of Columbia*, 775 F. Supp. 2d 1, 7 (D.D.C. 2011); Fed R. Civ. P. 2 ("There is one form of action—the civil action.").  The merger of law and equity means that Plaintiff's suit, even if purportedly seeking only equitable relief, could limit the general public from filing future suits seeking other equitable remedies or *legal remedies.  See Sorenson Commc'ns, LLC v. FCC*, 897 F.3d 214, 226 (D.C. Cir. 2018) (a litigant cannot avoid claim preclusion by changing the "the legal theory upon which [he or she] relies");

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364 (2011) (noting that an action proceeding under Rule 23(b)(2) and thus seeking predominantly equitable relief could "preclude" "individual class members'" future "compensatory-damages claims" through "collateral estoppel").

For this reason, the sort of "claim splitting" that Plaintiff attempts here is "generally prohibited by the doctrine of res judicata, particularly in class actions. Courts closely scrutinize claim splitting by a class representative and do not permit such a plaintiff to 'opt to pursue certain claims on a class-wide basis while jeopardizing the class members' ability to subsequently pursue other claims.'" *Brewer v. Lynch*, No. 08-cv-1747-BJR, 2015 WL 13604257, at *10 (D.D.C. Sept. 30, 2015) (quoting *In re Conseco Life Ins. Co. LifeTrend Ins. Sales & Mktg. Litig.*, 270 F.R.D. 521, 531 (N.D. Cal. 2010)). Jeopardizing absent members' right to bring future actions for damages was the precise issue in *Rotunda*, and it was why the D.C. Court of Appeals held that the suit had to proceed under Rule 23. *See* 123 A.3d at 985–87. This case should not be treated differently.

Plaintiff's representative suit accordingly must proceed as a class action under Superior Court Rule 23. Moreover, because a plaintiff proceeding under Rule 23 cannot "legally bind members of the proposed class before the class certified," *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013), Plaintiff's purported waiver of damages "does not bind anyone but [her]self" at this stage." *Id.* She "has not reduced the value of the putative class members' claims." *Id.* Each "similarly situated" member of the general public Plaintiff claims to represent, Compl. Opening (ECF 1-1), thus still has a claim for statutory damages in the amount of $1,500 for each ONE Bar consumed (as well as a claim for equitable relief). This brings the amount in controversy for this class action far above the $5 million threshold.

8

## II.     This Court Has Traditional Diversity Jurisdiction.

Federal courts have diversity jurisdiction where the parties are citizens of different states, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §1332(a).  There is no dispute that the parties are diverse.  Compl. ¶¶ 5–6 (ECF 1-1).  The only dispute is the amount in controversy.  For three independent reasons, the amount in controversy exceeds $75,000.

### A.     The Cost Of Compliance With Plaintiff's Desired Injunction Will Exceed $75,000 And The Non Aggregation Principle Does Not Apply.

Plaintiff does not dispute that the amount in controversy can be measured from the defendant's perspective.  Remand Motion at 5–6 (ECF 10); *Committee for G.I. Rights v. Callaway*, 518 F.2d 466, 472 (D.C. Cir. 1975) ("[T]he amount in controversy may be measured either by the 'value of the right sought to be gained by the plaintiff or the cost of enforcing that right to the defendant.'" (quoting *Tatum v. Laird*, 444 F.2d 947, 951 (D.C. Cir. 1971), *rev'd on other grounds*, 408 U.S. 1 (1972)); *see also* 15 Moore's Federal Practice § 102.109 (Matthew Bender 3d ed.) (citing D.C. Circuit cases).  This means that the defendant's cost to comply with a requested injunction is one proper measure of the amount in controversy.  *See, e.g.*, *Smith v. Washington*, 593 F.2d 1097, 1099 (D.C. Cir. 1978) ("In assessing whether a complaint satisfies that standard, a court may look either to the value of the right that plaintiff seeks to enforce or to protect or to the cost to the defendants to remedy the alleged denial.").

Nor does Plaintiff seriously dispute ONE Brands' declaration explaining why it would cost over $1 million to comply with the requested injunction.  Remand Motion at 5–7 (ECF 10); Ziegert Decl. ¶¶ 9–13 (ECF 1-2).

The only argument Plaintiff makes to resist federal court jurisdiction is that the "non-aggregation" principle requires the Court to divide the cost to comply with the injunction by the total number of represented persons.  It does not.  Although the issue has not been decided by the

D.C. Circuit, ONE Brands acknowledges that this Court has held otherwise. *See* Remand Motion at 5–7 (ECF 10) (citing decisions). Because these decisions misapprehend the nature and purpose of the non-aggregation principle, Defendant respectfully submits that these cases were wrongly decided.

The non-aggregation principle prohibits the aggregation of smaller-value claims by multiple plaintiffs to meet the $75,000 jurisdictional requirement. *See Snyder v. Harris*, 394 U.S. 332, 335 (1969). It is designed to prevent two individual plaintiffs from joining to bring their individual claims in federal court when they could not do so individually. *Id.*

But this principle does not apply in this case. The cost for ONE Brands to comply with Plaintiff's requested injunction is indivisible. Whether or not Plaintiff purports to represent herself only or all persons similarly situated, ONE Brands would have to spend the same amount to comply with her requested injunction. In such a situation—where the injunction cost is not dependent upon the number of plaintiffs—the aggregated cost and the non-aggregated cost are the same. Simply put, ONE Brands' estimate of what it would have to pay to comply with Plaintiff's desired injunction is the cost of *her* claim, not an aggregation of the cost of multiple claims. *Cf. McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 391 (7th Cir. 1979) (amount in controversy requirement satisfied where injunction sought would require alterations in defendant's method of doing business that would cost at least the statutory amount).

The potential gamesmanship that the non-aggregation rule is designed to prevent is simply not present here. Indeed, this case highlights the opposite concern: Plaintiff should not be able to defeat federal jurisdiction by simply by making the same request for relief on behalf of more people. If Ms. Hackman sued only on her own behalf, her case could be brought in federal court, so too should her suit on behalf of others.

Following this logic, it is unsurprising that the D.C. Circuit has accepted the total cost of complying with an injunction as the amount in controversy requirement. For example, in *Committee for GI Rights*, the D.C. Circuit explained that it "agree[d] with the district court that the jurisdictional amount is also satisfied with respect to all of the plaintiffs because of the costs that the Army would incur if the plaintiffs prevailed." 518 F.2d at 473 (describing programmatic changes the Army would have to make). The Court did *not* divide the total cost by the number of affected plaintiffs. So too in *Tatum v. Laird*, where the Court held that "the cost to the Army of complying with such a decree might well exceed $10,000" (which was then the amount-in-controversy requirement). 444 F.2d at 951; *see also Gomez v. Wilson*, 477 F.2d 411, 420 n.53 (D.C. Cir. 1973) (describing the practice of looking at the "pecuniary result to either party [that] the judgment would produce" as "the rule we favor").

A number of other federal courts of appeals agree. When the cost of an injunction to the named plaintiff is the same as to the class, the entire cost is the amount in controversy. The Seventh Circuit, for example, has held that there was federal court jurisdiction when the defendant "would have to spend more than $75,000 to avoid the costs of injunction and condemnation even if only [the named plaintiff's] land was involved." *Uhl v. Thoroughbred Tech. & Telecomms., Inc.,* 309 F.3d 978, 984 (7th Cir. 2002). The Tenth Circuit has also affirmed federal jurisdiction where the defendant's "costs of compliance running to any single Plaintiff or putative class member would exceed $75,000 because the requested relief would require it to make significant changes to its business practices by developing a new system for adjusting and paying diminished value claims and providing extensive notice in Colorado." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 898 (10th Cir. 2006). And a local district court walked through the same analysis to conclude that "common sense compels the conclusion that 'the value of the object' of the requested

11

injunctive relief in these cases, which could not be effected without the expenditure of millions of dollars if granted even to one plaintiff, exceeds $75,000." *In re Microsoft Corp. Antitrust Litig.*, 127 F. Supp. 2d 702, 719 (D. Md. 2001).

The cost to ONE Brands of Plaintiff's individual claim alone would exceed $75,000 because "the requested relief would require [ONE Brands] to make significant changes to its business practices." *Lovell*, 466 F.3d at 898; Ziegert Decl. ¶¶ 9–13; (ECF 1-2).   The fact that injunctions running in favor of additional plaintiffs would not increase the cost to ONE Brands does not defeat diversity jurisdiction.   The non-aggregation principle does not apply.

**B.** **The Value Of Plaintiff's Punitive Damages Claim Exceeds $75,000 And The Non-Aggregation Principle Does Not Apply.**

It "is clear that punitive damages should be considered in determining the jurisdictional amount in controversy." *Hartigh v. Latin*, 485 F.2d 1068, 1071–72 (D.C. Cir. 1973).   As ONE Brands explained in its Notice of Removal, state and federal courts in the District have awarded punitive damages consisting of 100% of the other relief sought.   Notice of Removal ¶ 16 (ECF 1); *see Lavelle v. State Farm Mut. Auto. Ins. Co.*, 235 F. Supp. 3d 217, 223 (D.D.C. 2017) (punitive damages for jurisdictional purposes could be 100% of other damages); *see also Dist. Cablevision Ltd. P'ship v. Bassin*, 828 A.2d 714, 717–18 (D.C. 2003) (noting that punitive damages initially awarded by the jury in a D.C. CPPA case were just under 100% of other damages).   Because Plaintiff seeks injunctive relief totaling approximately $1 million, it is reasonable at this stage (and for jurisdiction-assessment purposes) to assume that Plaintiff might seek punitive damages approaching that same amount.   Plaintiff raises two objections to this argument.   Neither has merit.

First, Plaintiff claims that ONE Brands' punitive damages number comes "without explanation."   Remand Motion at 9 (ECF 10).   This is not true.   Because Plaintiff did not specify in her complaint the amount of punitive damages she seeks, all ONE Brands can do is take the one

piece of information it does have—the value of the relief Plaintiff seeks—and review other decisions in the jurisdiction to identify a commonly used ratio for the value of the underlying relief to the value of the punitive damages award.  The decisions indicate that a ratio of 1 to 1 is common—that is, punitive damages totaling 100% of the value of the underlying relief.  Plaintiff argues that the decisions ONE Brands cites are distinguishable because the plaintiffs there sought compensatory relief in the form of damages.  Even if that distinction matters (and Plaintiff cites no decisions saying it does), that distinction is not present here.  As noted above, Plaintiff does not have the authority to waive damages for others.  Accordingly, the damages claims of the persons she claims to represent remain intact (and because they do remain intact, applying the ratio of 1 to 1 would lead to punitive damages much higher than $1 million).

Second, Plaintiff argues that punitive damages must be divided by the number of persons covered by her representative suit.  This argument has never been adopted by the D.C. Circuit and is wrong.  Unlike compensatory damages, which flow to discrete persons, punitive damages flow to society.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1333 (5th Cir. 1995).  They are designed to "punish[]," not to compensate.  *Id.*  Each person in society (and thus each person in a representative action) accordingly has an "integrated right to the full amount of an award."  *Id.* at 1334.  That each person has an integrated right to the full amount of the reward is why a defendant can "face multiple exposures for punitive damages arising out of the same conduct."  *Id.* at 1335.  The import for purposes of the non-aggregation principle is that the full amount of the punitive damages sought by Plaintiff must be attributed to her alone (and to each person covered by her suit alone).  *See id.* (declining to apply non-aggregation principle to punitive damages).[2]

---

[2] Punitive damages are "unique" and "do not fall neatly into either the 'non-aggregation' caselaw or the 'common and undivided interest' exception" to the non-aggregation principle."  *See Allen*, 63 F.3d at 1333.  In part for this reason, other courts have rejected the analysis ONE Brands sets

## C.     The Value Of The Share Of Attorneys' Fees Attributable To Plaintiff Exceeds $75,000.

Attorneys' fees are part of the amount in controversy when they are provided by statute. *Griffin v. Coastal Int'l Sec., Inc.*, No. 06-cv-2246 (CKK), 2007 WL 1601717, at *3 (D.D.C. June 4, 2007).  Plaintiff is seeking "[r]easonable attorneys' fees," Compl. ¶¶ 33–34 (ECF 1-1), which are provided by the DCCPPA, D.C. Code § 28-3905(k)(2)(B).  Like her objection to ONE Brands' punitive damages argument, Plaintiff argues that the attorneys' fees claimed are speculative and in any event that the fees should be apportioned.  Remand Motion at 8 (ECF 10).  Plaintiff's objections are misplaced.

Plaintiff claims that ONE Brands merely "speculates" that her attorneys' fees would exceed $500,000 if the case were litigated through trial.  Remand Motion at 8 (ECF 10).  But that is not true.  ONE Brands' estimate is based on a detailed declaration from an attorney with two decades' experience practicing in the District.  The declaration breaks down the litigation by expected tasks and estimates the hours spent to complete each task.  ONE Brands declaration also uses the *Laffey* index, a publicly available metric cataloging the average fee for District attorneys based on experience; it is frequently used in this district to estimate hourly rates for attorneys.  The estimate is based on the number of hours it would take to try a case like this one involving complicated issues like nutritional content, FDA regulations, federal preemption, and marketing.  Plaintiff does not even suggest, let alone show, that any of ONE Brands' time or rate estimates are off.

---

forth above.  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001), holding modified by *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *H & D Tire and Automotive-Hardware Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000).  Plaintiff, however, does not actually engage with the analysis of these decisions or explain why punitive damages must be apportioned in this case.  Rather she simply cites a single decision from this Court, which cites another decision, which in turn cites an Eighth Circuit decision.  Remand Motion at 10 (ECF 10). For the reasons outlined above, the Court should hold that non-aggregation principle does not apply.

Instead of explaining *why* or *how* ONE Brands' number is speculative, all Plaintiff does is twice-quote the same conclusory statement about "conjecture" from *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 107 (D.D.C. 2008). But this case is nothing like that one. In *Breakman*, the defendant did not have a sworn declaration estimating attorneys' fees by each task and activity. *Id.* Instead, the defendant "admit[ed] that it simply 'speculates that a private attorney general action of this magnitude could easily generate attorneys' fees in excess of $75,000.'" *Id.*

Courts have been clear that attorneys' fees can count as part of the amount-in-controversy. For this rule to have any meaning or application, defendants must be permitted to estimate future attorneys' fees in the way that ONE Brands has done here. Otherwise, because attorneys' fees can never be precisely quantified at the time a case is filed, attorneys' fees would never be included in the amount in controversy. That is not the law.

Plaintiff is also wrong to argue that the attorneys' fees at issue here are less than $75,000 because of the non-aggregation principle. Remand Motion at 9–10 (ECF 10). ONE Brands believes that the non-aggregation principle does not apply to attorneys' fees at all since the attorneys' fees necessary to obtain the relief Plaintiff seeks will be the same whether the relief runs to her or all others similarly situated. But ONE Brands acknowledges that this Court has held otherwise. *See* Remand Motion at 9–10 (ECF 10) (citing cases).

In all events, decisions from this Court have held that, even if the non-aggregation principle does apply to attorneys' fees, those fees should not "be apportioned" on a "pro rata basis," because that would "underestimate the portion of the fees properly attributed to . . . the initial plaintiff." *Zuckman*, 958 F. Supp. 2d at 301. As this Court explained in *Zuckman*, the lead plaintiff "likely would have still chosen to bring th[e] suit even if he could assert only individual claims, and the work required of his attorneys would be substantially more than the pro rata portion of the total

hourly fees." *Id.*  The Court in *Zuckman* thus held that it would be appropriate to attribute 33% of the attorneys' fees to the lead plaintiff since that amount would reflect "a reasonable contingency fee." *Id.*

Here, Plaintiff seeks relief totaling at least $1 million, so at least $330,000 should be attributed to her alone.  Alternatively, in light of the fact that Plaintiff claims to be seeking primarily injunctive relief and not damages (though, as noted, she lacks the power to limit her representative suit in that way at this time), the Court should attribute 33% of the value of Plaintiff's likely statute-based attorneys' fees to Plaintiff alone.  Because it would take Plaintiff at least $500,000 to litigate this case through trial, *see* Volpe Decl. ¶¶ 1–3 (ECF 1-3), the amount of fees attributable to Plaintiff alone is almost $170,000.  Under either reckoning, the attorneys' fees at stake in this case satisfy the amount-in-controversy requirement.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion to Remand.


Dated: October 24, 2018

Respectfully submitted,

/s/ Benjamin M. Mundel
Frank R. Volpe (458791)
Benjamin M. Mundel (1018144)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
T: (202) 736-8000
F: (202: 736-8711
fvolpe@sidley.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2018, I caused a copy of the foregoing Response In

Opposition To Plaintiff's Motion To Remand to be served via ECF on the following counsel:

Nicholas A. Migliaccio
D.C. Bar No. 484366
Jason S. Rathod
D.C. Bar No. 1000882
Esfand Y. Nafisi
D.C. Bar No. 1029770
MIGLIACCIO & RATHOD LLP
412 H. St., NE
Suite 302
Washington, DC 20002
T: (202) 470-3520
F: (202) 800-2730
nmigliaccio@classlawdc.com

*Counsel for Plaintiff*

/s/ Benjamin M. Mundel
Benjamin M. Munel