UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

GLORIA HACKMAN,
Individually and on behalf of the
General Public,

      Plaintiff,

v.

ONE BRANDS, LLC, d/b/a Oh Yeah!.,

      Defendant.

Case Number: 18-cv-2101-CKK

The Honorable Colleen Kollar-Kotelly

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND FOR
LACK OF SUBJECT MATTER JURISDICTION**

## I.     INTRODUCTION

At issue in this case is whether Defendant deceptively marketed its protein bars as

containing only one-gram of sugar. Plaintiff filed in Superior Court a one-count private attorney

general action under the District of Columbia Consumer Protection Procedures Act, D.C. Code §

28-3901 *et seq.* ("DCCPPA"), seeking to enjoin Defendant's deceptive advertising on behalf of

the general public and to recover relief on behalf of herself—and no one else—for the $4 worth

of Defendant's protein bars she purchased.

Defendant fails to cite a single case, or provide a coherent basis, for its removal of this

case on diversity jurisdiction grounds, much less provide this Court with a basis to walk away

from a well-developed series of decisions spanning a dozen years that have remanded general

public claims just like this one to the Superior Court. *See, e.g.*, *Animal Legal Def. Fund v.*

*Hormel Foods Corp.*, No. 16-1575 (CKK), 2017 U.S. Dist. LEXIS 51629 (D.D.C. Apr. 5, 2017);

*Organic Consumers Ass'n v. Gen. Mills, Inc.*, No. 1:16-cv-1921-ESH, 2017 U.S. Dist. LEXIS

24191 (D.D.C. Feb. 22, 2017); *Sloan v. Soul Circus, Inc.*, No. 15-01389, 2015 WL 9272838, at

*10 (D.D.C. Dec. 18, 2015); *Witte v. Gen. Nutrition Corp.*, 104 F. Supp. 3d 1, 4-5 (D.D.C.

2015); *Bimbo Bakeries*, 46 F. Supp. 3d 64, 74 (D.D.C. 2014); *National Consumers League v.*

*Flowers Bakeries, LLC,* 36 F. Supp. 3d 26, 32 (D.D.C. 2014); *Zuckman v. Monster Beverage*

*Corp.,* 958 F. Supp. 2d 293, 302-03 (D.D.C. 2013); *Stein v. American Exp. Travel Related*

*Servs.,* 813 F. Supp. 2d 69, 73 (D.D.C. 2011); *Mostofi v. Network Cap. Fund. Corp.,* 798 F.

Supp. 2d 52, 56 (D.D.C. 2011); *National Consumers League v. General Mills*, 680 F. Supp. 2d

132, 140 (D.D.C. 2010); *Breakman v. AOL LLC,* 545 F. Supp. 2d 96, 107-08 (D.D.C. 2008);

*Center for Science in the Public Interest v. Burger King Corp.,* 534 F. Supp. 2d 141, 144 (D.D.C.

2008); *Reigner v. Ingersoll-Rand Co.,* 461 F. Supp. 2d 1, 2-3 (D.D.C. 2004). Rather, to justify

removal, Defendant does intellectual summersaults for this Court to rewrite settled law on

federal jurisdiction, District of Columbia statutes and the Complaint. As Your Honor has said,

however, "[i]f federal jurisdiction is doubtful, a remand to state court is necessary." *Animal*

*Legal Def. Fund*, 249 F. Supp. 3d at 56. (internal citations and quotations omitted). Federalism

concerns dictate that result here.

Defendant also removed this case under the Class Action Fairness Act ("CAFA").

Though this case is not a class action, and Plaintiff is not seeking damages on behalf of anyone

but herself, Defendant argues that $18,000,000 in class action damages is in controversy.

Because this number lacks any factual basis—Defendant simply made it up—Defendant did not

even arguably have a basis for removal. This case should be remanded, and Plaintiff should be

awarded attorneys' fees for Defendant's frivolous removal of this action.

## II.     ARGUMENT AND AUTHORITY

### A.     Because this case is not a class action, and Plaintiff is not seeking class action damages, CAFA provides no basis for federal jurisdiction.

Defendant argues that Plaintiff's pursuit of individual damages and injunctive relief on behalf of the general public jeopardizes members of the general public's ability to later bring claims for damages. NOR ¶ 22, Mot. 5-9. From this premise, Defendant argues that *Rotunda* requires Plaintiff to pursue class-wide damages under Rule 23. *Rotunda v. Marriot Int'l, Inc.*, 123 A.3d 980 (D.C. 2015)

As an initial matter, even if *Rotunda* applied here (it does not), Plaintiff's failure to plead under Rule 23 would be a basis for dismissal, not removal. *See Rotunda*, 123 A.3d 980 (D.C. 2015) (affirming dismissal where plaintiff attempted to assert claims for money damages on behalf of third parties without pursuing certification of a Rule 23 class); *Margolis v. U-Haul Int'l*, Inc., 2009 D.C. Super. LEXIS 8 *, 2009 WL 5788369 (D.C. Super. Ct. December 17, 2009) (same). Under the removal statute, if the "case stated by the initial pleading is not removable," it is only removable upon an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Here, Defendant concedes that nothing in the Complaint, or any other pleading, motion, or paper, renders this case removable.

That aside, Defendant is wrong that Plaintiff's pursuit of injunctive relief on behalf of the general public raises due process concerns that require the use of class action procedures or the pursuit of class-wide damages. The "*Rotunda* opinion undeniably does *not* require" use of class action procedures in DCCPPA actions seeking only injunctive relief on behalf of the general public. *Animal Legal Def. Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 65 (D.D.C. 2017). That is because Plaintiff is pursuing injunctive relief on behalf of the general public under D.C. Code § 28-3905(k)(1)(B), which is a "separate and distinct procedural vehicle from a class action." *Hormel Foods*, 249 F. Supp. 3d at 64.  In *Rotunda*, the Court of Appeals "*repeatedly*

described its holding as limited to" suits for money damages on behalf of absent class members.

*Hormel Foods*, 249 F. Supp. 3d at 64-65.  (emphasis in the original); *see also*, *Smith v. Abbott*

*Labs. Inc.*, 2017 U.S. Dist. LEXIS 135478, *4-5 (D.D.C. 2017) (*Rotunda* "was limited solely to

suits for money damages" on behalf of the general public and did not address representative

actions for injunctive relief); *Animal Legal Def. Fund*, 249 F. Supp. 3d at 65 (D.D.C. 2017)

("Finding that CAFA jurisdiction does not apply is simply a matter of determining that Plaintiff

has not brought this case as a class action.").

Defendant's arguments about claim preclusion concerns are based on illusory due process

concerns. Even if this Court were to construe this as a class action for equitable relief,

subsequent claims for damages would not be precluded.  This is the established law in the D.C.

Circuit.  *See Norris v. Slothouber,* 718 F.2d 1116, 1117, 231 U.S. App. D.C. 78 (D.C. Cir.

1983)[1]; *Thorpe v. District of Columbia,* 303 F.R.D. 120, 150 (D.D.C. 2014) ("[I]t is well-

established that damage claims are not barred by membership in a class seeking solely equitable

relief.") (citing *Norris*).[2]  That ends the analysis. *Freeman v. MedStar Health Inc.*, 185 F. Supp.

---

[1] Plaintiff and her counsel are troubled by the failure of Defendant, and its white shoe counsel, to cite this binding decision.  *See United States v. Speqtrum, Inc.*, 113 F. Supp. 3d 238, 244 (D.D.C. 2015) ("Although such admonition should hardly be necessary, Defendant is advised to comport with the basic duty of candor towards this tribunal in all future filings.").  The lack of candor also casts doubt on the credibility of counsel's affidavit.  *Cf.* Federal Jury Practice And Instructions, Civil, § 105.04 ("If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves").

[2] *See also Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir. 1996) ("[E]very federal court of appeals that has considered the question has held that a class action seeking only declaratory or injunctive relief does not bar subsequent individual suits for damages."); *Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co. (In re Vitamin C Antitrust Litig.)*, 279 F.R.D. 90, 114-15 (E.D.N.Y. 2012) ("I agree with the rationale of the other Circuits that have considered this issue and hold that membership in this Rule 23(b)(2) class does not bar … subsequent claims for damages. Rule 23(b)(2) does not provide an opportunity for class members to opt out and does not even oblige a district court to afford class members notice of the action …."); Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 4455 (1981) ("an individual who has

3d 30, 35 (D.D.C. 2016) ("On this core legal question, the Court begins where it also, ultimately, must end: with the pronouncement of the D.C. Circuit on the subject."); *see also id.* at 36 ("[E]ven if case law had cast doubt on [a D.C. Circuit decision], it would be for the D.C. Circuit—not this Court—to address any such doubts in the first instance. Unless and until the D.C. Circuit does so, [the D.C. Circuit's decision] remains binding on this Court.").  Ms. Hackman is master of her own Complaint, permitted to seek individual relief, including damages, for herself and injunctive relief for the general public, and by doing so does not impermissibly intrude on the rights of any other individuals to seek damages.

Because the Complaint does not seek class action damages, was not filed under Rule 23 of the Federal- or Superior Court Rules of Civil Procedure, this is not a class action, much less a removable class action under CAFA with $5,000,000 in controversy. This case should be remanded to Superior Court.

> **B.**     **Defendant's argument for discarding the non-aggregation principle has been repeatedly rejected.**

When a Plaintiff brings a claim for injunctive relief under the DCCPPA, the non-aggregation principle provides that when calculating the amount in controversy, the "appropriate measure of the requested injunctive relief is the amount that the defendant must spend to comply with the injunction *divided by* the number of members of the public on whose behalf Plaintiff brings the action." *Inst. For Truth in Mktg. v. Total Health Network Corp.*, 2018 U.S. Dist. LEXIS 136107, *30-31 (D.D.C. Aug. 13, 2018); *see also Animal Legal Def. Fund*, 249 F. Supp. 3d 53 at 60 ("the cost of compliance that a court should consider when determining the amount in controversy is the total amount divided among the beneficiaries of the injunction); *Breathe DC*

---

suffered particular injury as a result of practices enjoined in a class action . . . should remain free to seek a damages remedy even though claim preclusion would defeat a second action had the first action been an individual suit for the same injunctive relief");  *Jane Does I v. District of Columbia*, 238 F. Supp. 2d 212, 218 (D.D.C. 2002) (holding that claims for damages were not precluded by prior claims for injunctive relief).

*v. Santa Fe Nat. Tobacco Co.*, 232 F. Supp. 3d 163, 171 (D.D.C. Feb. 8, 2017) ("the cost of compliance must be divided among the beneficiaries of the injunction"). The same holds true for attorneys' fees and punitive damages.  *See, e.g., Inst. For Truth in Mktg.*, 2018 U.S. Dist. LEXIS 136107, at \*31; *Sloan*, 2015 U.S. Dist. LEXIS 169565 at \*33.

Defendant argues that the Court should simply discard the non-aggregation principle, which has been repeatedly affirmed by courts in this District, and calculate Defendant's cost of compliance with Plaintiff's injunctive relief as the appropriate measure of the jurisdictional amount. Doing otherwise, Defendant argues, would invite "gamesmanship" by plaintiffs seeking to avoid federal jurisdiction. This very argument has been rejected for its inconsistency with Supreme Court authority. In *National Organization for Women v. Mutual of Omaha Ins. Co.*, 612 F. Supp. 100, 108 (D.D.C. 1985), the court observed that discarding the non-aggregation principle in a case like this one would invite the very gamesmanship that the non-aggregation principle should prohibit by "allow[ing] a plaintiff who has no claim for the requisite compensatory damages merely to request injunctive relief, assign to that request a value measured in terms of defendant's compliance, and then litigate in the federal courts." *Id.* Because the Supreme Court's holdings in *Zahn v. Int'l Paper Co.*, 414 U.S. 291 (1973) and *Snyder v. Harris*, 394 U.S. 332 (1969) "stand for the proposition that federal courts should take a strict view in interpreting their diversity jurisdiction," *Zahn* and *Snyder* "preclude[] the application of the defendant's view test and . . . foreclose[], in the instant case, defendant's access to this Court." *Nat'l Org. for Women v. Mut. of Omaha Ins. Co.*, 612 F. Supp. 100, 108 (D.D.C. 1985). *See also Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 105 (D.D.C. 2008) (finding that "the cost-to-defendant test is inapplicable to the current diversity action" where plaintiff sought injunctive relief under the DCCPPA because it "'would undermine the holdings of *Zahn* and *Snyder*.'").

Because Defendant's argument for discarding the non-aggregation principle is thus meritless,

Defendant's removal of this case on diversity jurisdiction grounds was improper.

## III.     CONCLUSION

Plaintiffs respectfully request that the Court remand this action to the Superior Court for

the District of Columbia.

Dated:  October 31, 2018                                    Respectfully submitted,

/s/ Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
Nicholas A. Migliaccio, Esq., (Bar No. 484366)
Jason S. Rathod (Bar No. 1000882)
Esfand Y. Nafisi (Bar No. 1029770)
412 H St NE, Suite 302
Washington, DC 20002
Tel: (202) 470-3520
Fax: (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com
enafisi@classlawdc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Jason S. Rathod, certify that on October 31, 2018, I caused a copy of the foregoing Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction to be filed via ECF, which will serve copies upon the Court and all counsel on record.


Dated: October 31, 2018                    /s/ Jason S. Rathod


8

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

GLORIA HACKMAN,
Individually and on behalf of the
General Public,

      Plaintiff,

v.

ONE BRANDS, LLC, d/b/a Oh Yeah!.,

      Defendant.

Case Number: 18-cv-2101-CKK

Hon. Colleen Kollar-Kotelly

**ORDER**

*UPON CONSIDERATION OF Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction*, and any opposition, Plaintiff's Motion is this _____ day of _____ , 2018 hereby GRANTED.

_____
Hon. Colleen Kollar-Kotelly
United States District Judge