## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| GLORIA HACKMAN, *Individually and on Behalf of the General Public*, | ) Case No. 18-cv-2101-CKK ) Hon. Colleen Kollar-Kotelly ) Oral Argument Requested ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ONE BRANDS, LLC, d/b/a/ Oh Yeah!, | ) ) |
| Defendant. | ) |

_____

## **DEFENDANT'S SUR-REPLY TO PLAINTIFF'S MOTION TO REMAND**

Frank R. Volpe (458791)
Benjamin M. Mundel (1018114)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
T: (202) 736-8000
F: (202): 736-8711
fvolpe@sidley.com
*Counsel for Defendant*

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................................1

ARGUMENT.........................................................................................................................................1

CONCLUSION......................................................................................................................................4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brewer v. Lynch*,
   No. 08-cv-1747-BJR, 2015 WL 13604257 (D.D.C. Sept. 30, 2015) .......................................... 3

*Norris v. Slothouber*,
   718 F.2d 1116 (D.C. Cir. 1983) ..................................................................................... 1, 2, 3

*Organic Consumers Ass'n v. R.C. Bigelow, Inc.*,
   314 F. Supp. 3d 344 (D.D.C. 2018) ................................................................................... 1

*Rotunda v. Marriott Int'l, Inc.*,
   123 A.3d 980 (D.C. 2015) ................................................................................................ 3

*Smith v. Bayer Corp.*,
   564 U.S. 299 (2011) .......................................................................................................... 3

*Thorpe v. D.C.*,
   303 F.R.D. 120 (D.D.C. 2014) .......................................................................................... 2

**Statutes**

28 U.S.C. § 1915(d) .................................................................................................................. 2

Class Action Fairness Act ........................................................................................................ 2

**Other Authorities**

18A Fed. Prac. & Proc. Juris. § 4455.2 (2d ed.) ........................................................................ 3

Super. Ct. Civ. R. 23 ................................................................................................................. 3

## INTRODUCTION

Pending before the Court are Plaintiff's motion to remand and ONE Brands' motion to dismiss. In her reply in support of her motion to remand, Plaintiff suggests that ONE Brands' failure to cite *Norris v. Slothouber*, 718 F.2d 1116 (D.C. Cir. 1983), constitutes a failure to be candid with the Court. *Id.* ONE Brands' counsel respectfully submits this Sur-Reply solely to address Plaintiff's serious allegation. (Minute Order 11/8/2018).

## ARGUMENT

First and foremost, ONE Brands' counsel takes its ethical responsibility very seriously and did not and would not attempt to mislead the Court. Throughout ONE Brands' brief, ONE Brands was careful to affirmatively acknowledge and address contrary decisions, including those not binding on this Court.[1] ONE Brands believes its arguments are correct, and that it has the better interpretation of the relevant law, but it took special care in its response to expressly recognize that some of the questions at stake are unsettled—even members of this Court have answered them differently. *See, e.g.*, *Organic Consumers Ass'n v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344, 355 n.5 (D.D.C. 2018) ("noting the split in authority regarding how to apportion attorney's fees") (citing *Organic Consumers Ass'n v. Handsome Brook Farm Grp. 2, LLC*, 222 F. Supp. 3d 74, 78

---

[1] With regard to the non-aggregation principle and injunctive relief, ONE Brands stated that, while this question "has not been decided by the D.C. Circuit, ONE Brands acknowledge[d] that this Court has held otherwise." Dkt. 10 at 9–10. One Brands further explained that "[b]ecause these decisions misapprehend the nature and purpose of the non-aggregation principle, [ONE Brands] respectfully submits that these cases were wrongly decided." *Id.* As to its analysis on punitive damages, ONE Brands disclosed that a number of out-of-circuit decisions "have rejected the analysis ONE Brands sets forth." Dkt. 10 at n.2 (citing Ninth and Fifth Circuit decisions). On the attorneys' fees issue, ONE Brands cited cases that support its argument that "the non-aggregation principle does not apply," but then explained that "this Court has held otherwise." Dkt. 10 at 9–10.

n.3 (D.D.C. 2016)).  ONE Brands disclosed contrary decisions where they were on point—it would not try to withhold any controlling legal authority.

Plaintiff's assertion that ONE Brands was required to cite *Norris* in connection with its Class Action Fairness Act argument is incorrect.  *See* Dkt. 12 at n. 1.  *Norris* is a two-page per curiam decision holding that a district court erred by "swiftly conclud[ing]" that a prisoner suit was "'frivolous' within the meaning of 28 U.S.C. § 1915(d)," apparently in part because a pending class action raised similar concerns.  718 F.2d at 1117.  The D.C. Circuit remanded the case and assigned it to the judge handing the class action, while tersely noting that a "suit for damages is not precluded by reason of the plaintiff's membership in a class for which no monetary relief is sought."  *Id.*  ONE Brands did not cite *Norris* for three reasons.

*First*, *Norris* does not reject the argument that ONE Brands raised:  that Plaintiff's representative action seeking equitable relief may "jeopardize the rights of the persons Plaintiff claims to represent from obtaining future monetary relief."  *See* Dkt. 10 at 7.  Far from being foreclosed by D.C. Circuit precedent, this argument has been recognized by the Supreme Court.  As ONE Brands noted, in *Wal-Mart Stores, Inc. v. Dukes*, the Supreme Court explained that certifying a class action seeking predominantly equitable relief could mean that "individual class members' compensatory-damages claims would be *precluded* by litigation they had no power to hold themselves apart from."  564 U.S. 338, 364 (2011) (emphasis in original).  The Supreme Court then gave one "example" of this "preclu[sion]," noting that the plaintiffs' claims could be prejudiced through "collateral[] estoppe[l]."  *Id.*  This Court has also recognized this possibility.  *See Thorpe v. D.C.*, 303 F.R.D. 120, 150 (D.D.C. 2014).

*Second*, *Norris* is unlikely to control, even on the limited question of claim preclusion.  The preclusive effect of a prior judgment is decided by the court adjudicating the subsequent action,

2

not this court. *See Smith v. Bayer Corp.*, 564 U.S. 299, 307 (2011). Any subsequent action involving the claims at issue could be brought in a variety of jurisdictions, including the D.C. Superior Court, where the law is that representative actions not under Rule 23 raise "grave due process concerns." *See Rotunda v. Marriott Int'l, Inc.*, 123 A.3d 980, 986 (D.C. 2015). The D.C. Court of Appeals in *Rotunda* flagged these "concerns" in a class action seeking damages, but it did not specify the source or extent of the "concerns." Whether a later suit might be brought in D.C. Superior Court or elsewhere, *Norris* would not foreclose the possibility of claim preclusion—that question would be for the court presiding over the later suit.

*Third*, because claim preclusion is fact-specific, *Norris* does not and cannot direct whether it would apply to a later suit. In *Norris*, the class action had not reached judgment and the D.C. Circuit thus had no occasion to hold whether the plaintiff's suit was claim precluded. Further, the court's short statement that claim preclusion would not apply following a plaintiff's participation in a class action seeking only equitable relief goes to a question that has never been definitively resolved by the Supreme Court and, as the D.C. Circuit in *Norris* noted with its "*but see*" citation, some courts have held otherwise. 718 F.2d at 1117; *see also* 18A Fed. Prac. & Proc. Juris. § 4455.2 (2d ed.) (whether claim preclusion applies to a class action that sought only equitable relief may depend on whether the later suit focuses on the "distinctive plight" of the individual plaintiff rather than the "general circumstances" addressed in the earlier class action) (citing *Cameron v. Tomes*, 990 F.2d 14, 17–18 (1st Cir. 1993)). Precisely because the scope of future claim preclusion is uncertain, this Court recognized (well after *Norris*) that "claim splitting is generally prohibited by the doctrine of res judicata, particularly in class actions." *Brewer v. Lynch*, No. 08-cv-1747-BJR, 2015 WL 13604257, at *10 (D.D.C. Sept. 30, 2015).

ONE Brands removed this case to federal court based on its strong conviction that this is a proper federal case under the relevant statutes and decisions. ONE Brands substantiated its removal with citation to caselaw that supports its arguments and disclosed contrary legal authority where it existed. ONE Brands' counsel are committed in this case and all cases to complying with their ethical obligations.

## CONCLUSION

ONE Brands' counsel did not violate their ethical obligations.

Dated: November 9, 2018                                                          Respectfully submitted,

/s/ Frank R. Volpe
Frank R. Volpe (458791)
Benjamin M. Mundel (1018144)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
T: (202) 736-8000
F: (202: 736-8711
fvolpe@sidley.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 9, 2018, I caused a copy of the foregoing Sur-Reply to be served via ECF on the following counsel:

Nicholas A. Migliaccio D.C. Bar No. 484366
Jason S. Rathod D.C. Bar No. 1000882
Esfand Y. Nafisi D.C. Bar No. 1029770
MIGLIACCIO & RATHOD LLP
412 H. St., NE Suite 302
Washington, DC 20002
T: (202) 470-3520
F: (202) 800-2730
nmigliaccio@classlawdc.com
*Counsel for Plaintiff*

                                                                                       /s/ Frank R. Volpe
                                                                                       Frank R. Volpe