UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GLORIA HACKMAN,
    Plaintiff

v.

ONE BRANDS, LLC, d/b/a/ Oh Yeah!,
    Defendant.

Civil Action No. 18-2101 (CKK)

**MEMORANDUM OPINION**
(April 1, 2019)

Plaintiff Gloria Hackman filed suit against Defendant One Brands LLC, producer of One Bars, in the Superior Court of the District of Columbia ("Superior Court"), alleging that Defendant violated the District of Columbia Consumer Protection Procedures Act ("DCCPPA") by misleading consumers about the amount of sugar in One Bars. In short, Plaintiff's Complaint claims that One Bars contain far more sugar than is reported on labels and in advertising. Defendant removed the case to this Court, invoking Class Action Fairness Act ("CAFA") jurisdiction and traditional diversity jurisdiction. Plaintiff has moved to remand the case back to Superior Court. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS Plaintiff's [10] Motion to Remand.

The Court concludes that remand is required because the Court lacks subject matter jurisdiction. First, the Court lacks class action jurisdiction under CAFA because this case is not a

---

[1] The Court's consideration has focused on the following documents:
- Pl.'s Mot. to Remand for Lack of Subject Matter Jurisdiction ("Pl.'s Mot."), ECF No. 10;
- Def.'s Response in Opp'n to Pl.'s Mot. to Remand ("Def.'s Opp'n"), ECF No. 11;
- Pl.'s Reply in Support of Pl.'s Mot. to Remand for lack of Subject Matter Jurisdiction ("Pl.'s Reply"), ECF No. 12; and
- Def.'s Sur-Reply to Pl.'s Mot. to Remand ("Def.'s Sur-Reply"), ECF No. 15.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

class action. Second, the Court lacks traditional diversity jurisdiction because, due to the non-aggregation principle, Defendant has not demonstrated that $75,000 or more is in controversy in this case.

## I. BACKGROUND

Plaintiff is a resident of the District of Columbia who is a nurse as well as a public health and consumer watchdog. Compl., ECF No. 1-1, ¶ 5. Plaintiff brought this suit in Superior Court, alleging that Defendant misled consumers in the District of Columbia when it sold them One Bars which are improperly labeled and marketed as low in sugar. *Id.* at ¶¶ 9-22. Based on these and other alleged misrepresentations, Plaintiff asserts a cause of action under the DCCPPA, D.C. Code § 28-3905(k)(1)(B). *Id.* at ¶¶ 28-34. As relief, Plaintiff seeks on behalf of the general public "[a]n injunction against Defendant, including that Defendant be barred from selling OneBars in the District of Columbia until the front of OneBar labels give truthful information about the sugar content of the bars." *Id.* at ¶ 34a. She also seeks attorneys' fees and costs and punitive damages. *Id.* at ¶ 34. Finally, Plaintiff seeks statutory damages on her own behalf. *Id.* at ¶ 33. She does not make a class action claim.

After this Complaint was filed in Superior Court, Defendant removed it to this Court, invoking the Court's CAFA jurisdiction and traditional diversity jurisdiction. *See generally* Notice of Removal, ECF No. 1. Defendant then filed in this Court a Motion to Dismiss the Complaint on grounds of preemption, standing, and failure to state a claim for which relief may be granted. *See generally* Def.'s Mot. to Dismiss, ECF No. 5. Plaintiff responded to that Motion, and later filed a Motion to Remand for Lack of Subject Matter Jurisdiction, which is currently pending before the Court.

Because this Court ultimately concludes that it does not have subject matter jurisdiction, the Court GRANTS Plaintiff's [10] Motion to Remand and ORDERS this case remanded to Superior Court. Lacking jurisdiction over this case, the Court also ORDERS that Defendant's [5] Motion to Dismiss be HELD IN ABEYANCE, to be resolved on remand.

## II. LEGAL STANDARD

The Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has explained that "[w]hen it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court *must* remand the case." *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) (emphasis added). Because removal implicates significant federalism concerns, a court must "strictly construe[ ] the scope of its removal jurisdiction." *Downey v. Ambassador Devel., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)). "'[I]f federal jurisdiction is doubtful, a remand to state court is necessary.'" *Id.* (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004)); *see also Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003) ("Where the need to remand is not self-evident, the court must resolve any ambiguities concerning the propriety of removal in favor of remand."). "The party seeking removal of an action bears the burden of proving that jurisdiction exists in federal court." *Downey*, 568 F. Supp. 2d at 30. If the party "cannot meet this burden, the court must remand the case." *Johnson-Brown*, 257 F. Supp. 2d at 177.

## III. DISCUSSION

In its notice of removal, Defendant presents two grounds as to why this Court has subject matter jurisdiction. First, Defendant argues that removal is proper because this Court has diversity jurisdiction pursuant to CAFA. 28 U.S.C. § 1332(d). Second, Defendant argues that

3

removal is proper because this Court has traditional diversity jurisdiction. 28 U.S.C. § 1332(a). For the reasons explained below, the Court concludes that neither of the grounds presented by Defendant provide this Court with subject matter jurisdiction over the case.

    A.    **CAFA Jurisdiction**

First, Defendant argues that this Court has jurisdiction over the case pursuant to CAFA. Under CAFA, a district court has subject matter jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Additionally, the proposed class must consist of 100 persons or more. 28 U.S.C. § 1332(d)(5)(B). Defendant contends that all of the requirements under CAFA are met in this lawsuit.

Defendant argues that the amount in controversy exceeds $5,000,000, the minimum amount required by CAFA. Defendant has sold over 12,000 individual bars to consumers in the District of Columbia who are similarly situated to Plaintiff. Decl. of David Ziegert, ECF No. 1-2, ¶ 5. And, the DCCPPA imposes statutory damages of $1,500 per violation. D.C. Code § 28-3905(k)(2)(A). Accordingly, the amount in controversy is as high as $18,000,000, which exceeds the minimum amount of controversy of $5,000,000.

Defendant also contends that this case meets CAFA's requirement for minimum diversity. Defendant is incorporated in Delaware and has its principal place of business in North Carolina. Decl. of David Ziegert, ECF No. 1-2, ¶ 1. And, Plaintiff is a citizen of the District of Columbia. Compl., ECF No. 1-1, ¶ 5. Accordingly, the diversity requirement is met.

Finally, Defendant claims that the potential class consists of more than 100 persons. Defendant has submitted a Declaration from its Chief Operating Officer declaring that more than

4

100 people in the District of Columbia purchased One Bars in the three-year period prior to this lawsuit. Decl. of David Ziegert, ECF No. 1-2, ¶ 6.

Accordingly, all three CAFA requirements appear to be met. And, Plaintiff does not contest that the requirements of CAFA are met in this lawsuit. Instead, Plaintiff contends that CAFA's requirements are irrelevant because Plaintiff's Complaint pleads no class action which would trigger an analysis of jurisdiction under CAFA. Instead, Plaintiff brings suit under the DCCPPA, which is "a separate and distinct procedural vehicle from a class action." *Animal Legal Def. Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 64 (D.D.C. 2017) (internal quotation marks omitted). Because Plaintiff's lawsuit is not a class action, Plaintiff argues that CAFA cannot confer jurisdiction on this Court. The Court agrees.

CAFA permits removal of class actions to federal court. 28 U.S.C. § 1332(d)(2). Under CAFA, a "class action" is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Accordingly, the question in analyzing CAFA jurisdiction becomes "whether an action under [the DCCPPA] constitutes 'a suit filed under a state statute or rule of judicial procedure similar to Rule 23 that authorizes a class action.'" *Nat'l Consumers League v. Flowers Bakeries*, LLC, 36 F. Supp. 3d 26, 36 (D.D.C. 2014) (quoting *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1120 (9th Cir. 2014)). "Absent the 'hallmarks of Rule 23 class actions; namely, adequacy of representation, numerosity, commonality, typicality, or the requirement of class certification,' courts have held that private attorney general statutes [like the DCCPPA] 'lack the equivalency to Rule 23 that CAFA demands.'" *Id.* (quoting *Baumann*, 747 F.3d at 1123).

Based on this analysis, the Court in *National Consumers League* concluded that removal is not permitted under CAFA for a suit brought under § 28-3905(k)(1)(D) of the DCCPPA. 36 F. Supp. 3d at 36. That provision of the DCCPPA is analogous to the provision under which Plaintiff makes her claim, except for the former applies to public interest organizations and the latter applies to individuals. *Compare* D.C. Code § 28-3905(k)(1)(D) *with* D.C. Code § 28-3905(k)(1)(B). The *National Consumers League* court explained that the plaintiff had brought a case under the DCCPPA and had not brought a "class action" under D.C. Superior Court Rule 23. As such, removal of the case as a class action under CAFA was not permissible. *Nat'l Consumers League*, 36 F. Supp. 3d at 36; *see also, e.g., Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 101-02 (D.D.C. 2008) (explaining that a case brought under the DCCPPA is not a class action); *see also Zuckman v. Monster Beverage Corp.*, 958 F. Supp. 2d 293, 304-306 (D.D.C. 2013) (not permitting removal under CAFA for a claim filed under the DCCPPA).

Despite caselaw in this Circuit holding that claims brought pursuant to the DCCPPA are not class actions removable to federal court under CAFA, Defendant contends that this Court should still find that it has jurisdiction. Defendant relies almost exclusively on one case from the District of Columbia Court of Appeals, *Rotunda v. Marriot International, Inc.*, 123 A.3d 980 (D.C. 2015). In *Rotunda*, the court held that procedural fairness concerns required that a plaintiff bringing suit for damages on behalf of the general public under the DCCPPA must follow the procedural protections of Rule 23, even though the plaintiff had "expressly disclaimed any intention to seek class certification" under Rule 23. 123 A.3d at 982. Relying on *Rotunda*, Defendant contends that this Court must treat Plaintiff's DCCPPA suit as a class action subject to removal under CAFA.

The Court concludes that Defendant assigns to *Rotunda* a weight that the case cannot bear. In *Rotunda*, the court determined that a DCCPPA claim for money damages brought by an individual on behalf of members of the general public is essentially a class action. 123 A.3d at 985-90. This decision was based on fears that, without Rule 23 protections, claims for money damages on behalf of the general public under the DCCPPA could preclude the rights of members of the public who might later want to assert their own damages claims. *Id.* at 985-86.

But, the Court finds that the concerns of the *Rotunda* court are not present in this case. As this Court previously explained in *Animal Legal Defense Fund*, "the concerns raised by the District of Columbia Court of Appeals in *Rotunda* related to suits for damages, not for the type of injunctive relief sought here, and that court *repeatedly* described its holding as limited to such suits. … The decision says nothing about DCCPPA lawsuits that do not seek damages on behalf of the general public, such as the one before the Court." 249 F. Supp. 3d at 64-65 (emphasis in original); *see also Smith v. Abbott Labs., Inc.*, No. 16-501, 2017 U.S. Dist. LEXIS 135478, at *4-5 (D.D.C. March 31, 2017) (explaining that *Rotunda* "was limited solely to suits for money damages" on behalf of the general public). Here, Plaintiff seeks only injunctive relief on behalf of members of the general public.

Defendant seeks to distinguish this Court's prior opinion in *Animal Legal Defense Fund*. Defendant acknowledges that neither this case nor *Animal Legal Defense Fund* concern a claim for damages for the general public. But, Defendant emphasizes that, in this case, unlike in *Animal Legal Defense Fund*, Plaintiff is seeking damages for herself. Defendant contends that Plaintiff's decision to seek damages for herself could preclude other members of the public from later seeking damages based on the same claim. But, Plaintiff's decision to seek damages for herself does not change the fact that she seeks only equitable relief for members of the general

7

public. And, as the D.C. Circuit has explained, while claim preclusion and collateral estoppel are fact-intensive, "[a] suit for damages is not precluded by reason of the plaintiff's membership in a class for which no monetary relief is sought." *Norris v. Slothouber*, 718 F.2d 1116, 1117 (D.C. Cir. 1983). The Court finds that Plaintiff's decision to seek damages for herself does not present the same concerns as the *Rotunda* plaintiff's decision to seek damages for members of the general public.

The Court declines to apply *Rotunda* to this case, which would extend the District of Columbia Court of Appeals' limited holding. The *Rotunda* court repeatedly specified that its holding applied to DCCPPA cases requesting damages for the general public. *See, e.g.*, 123 A.3d at 985 (expressing concern that the DCCPPA "is virtually silent on how broadly-contoured actions for *damages* are to be regulated or managed.") (emphasis added); *Id.* at 988 (finding that Rule 23 is "the time-tested framework [for] suits for *damages* by class-members 'as representative parties'") (emphasis added); *Id.* at 989 ("the necessary vehicle for suits seeking *class-wide damages* remains Rule 23") (emphasis added). Defendant now asks this Court to extend *Rotunda*'s holding to cases where the plaintiff seeks only injunctive relief on behalf of the general public. This Court declined to do so in *Animal Legal Defense Fund*, and it declines to do so again here. 249 F. Supp. 3d at 65. As this Court explained in *Animal Legal Defense Fund*, "[w]hether or not this Court would deem it prudent for D.C. law to require DCCPPA suits for injunctive relief be considered class actions that must comply with Rule 23 is irrelevant. What is relevant is that the *Rotunda* opinion undeniably does *not* require that. Accordingly, because Plaintiff did not bring its case as a class action, and Defendant has not shown that any D.C. law or court opinion would require Plaintiff's case be treated as such, the Court sees no reason why it would conclude that Plaintiff has brought a 'class action' for the purposes of CAFA. Class action

8

jurisdiction under CAFA accordingly does not apply in this case seeking injunctive relief." 249 F. Supp. 3d at 65.

Moreover, the Court notes that whether or not "this case 'must' be litigated [as a class action] is a merits question to be assessed at the motion to dismiss stage." *Zuckman*, 958 F. Supp. 2d at 305. What matters for purposes of this Court's jurisdiction is whether or not this action was "filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute." 28 U.S.C. § 1332(d)(1)(B). As has already been explained, Plaintiff filed suit under the DCCPPA, not under Rule 23 of the Federal Rules of Civil Procedure nor under Rule 23 of the D.C. Superior Court Rules. And, "the DCCPPA [does not] qualify as a statute similar to Rule 23 that itself carries the requisite procedural safeguards." *Zuckman*, 958 F. Supp. 2d at 305. If, at the motion-to-dismiss stage, a court concludes that Plaintiff's claim must be treated as a class action, then that court can dismiss Plaintiff's DCCPPA claim. *See Rotunda*, 123 A.3d at 981 (affirming dismissal because the plaintiff sought money damages for the general public under the DCCPPA without complying with the procedures of Rule 23). But, this Court cannot simply convert Plaintiff's claim into a class action, capable of attaining jurisdiction under CAFA, when Plaintiff has specifically disclaimed any intention for class certification. *Zuckman*, 958 F. Supp. 2d at 305.

Accordingly, the Court concludes that it does not have jurisdiction to hear this case pursuant to CAFA. Plaintiff has filed suit under the DCCPPA and has declined to pursue her claim as a class action. As such, CAFA does not apply.

**B. Traditional Diversity Jurisdiction**

Second, Defendant argues that this Court has jurisdiction over the case pursuant to traditional diversity jurisdiction. Federal courts have diversity jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Plaintiff does not dispute that the parties are diverse. As was previously stated, Defendant is incorporated in Delaware and has its principal place of business in North Carolina, and Plaintiff resides in the District of Columbia. However, Plaintiff does dispute whether the amount in controversy exceeds $75,000. Defendant presents three grounds as to why the amount in controversy exceeds $75,000: the cost of complying with an injunction, punitive damages, and attorneys' fees. Addressing each argument in turn, the Court concludes that Defendant has failed to establish that Plaintiff's amount in controversy exceeds $75,000.

1. **The Cost of Complying with the Requested Injunction**

First, Defendant argues that the cost of complying with Plaintiff's requested injunction will exceed $75,000. In order to comply with the requested injunction, Defendant claims that it would need to "(1) recall[] the One Bars currently for sale in the District of Columbia; and either (2) redesign[] the packaging and marketing of One Bars to remove references to the bars' low sugar status; or (3) reformulat[e] One Bars." Decl. of David Ziegert, ECF No. 1-2, ¶ 8. Defendant contends that recalling the One Bars currently on the market and redesigning and remarketing the bars would cost approximately $1,082,500. *Id.* at ¶¶ 9-12. And, according to Defendant, recalling the One Bars currently on the market and reformulating future bars would cost approximately $130,000. Accordingly, Defendant argues that either method by which it would comply with the injunction exceeds the $75,000 threshold.

But, Defendant ignores the non-aggregation principle. Under the non-aggregation principle, "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Snyder v. Harris*, 394 U.S. 332, 335 (1969); *see also Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294 (1973) (explaining that the "rule that multiple plaintiffs with separate and distinct claims must each satisfy the jurisdictional-amount

requirement for suit in the federal courts [was] firmly rooted in prior cases dating from 1832, and [has] continued to be the accepted construction of the controlling statutes"). When a plaintiff seeks injunctive relief under the DCCPPA, courts in this Circuit have regularly held that the amount in controversy for purposes of jurisdiction is the total cost of the injunction divided by the number of beneficiaries in the general public. *See, e.g., Animal Legal Def. Fund*, 249 F. Supp. 3d 53 at 60 ("the cost of compliance that a court should consider when determining the amount in controversy in the total amount divided among the beneficiaries of the injunction"); *Breathe DC v. Santa Fe Nat. Tobacco Co.*, 232 F. Supp. 3d 163, 171 (D.D.C. 2017) ("the cost of compliance must be divided among the beneficiaries of the injunction"); *Witte v. Gen. Nutrition Corp.*, 104 F. Supp. 3d 1, 6 (D.D.C. 2015) ("Defendants' argument—that this Court should consider their total compliance costs in calculating the amount in controversy—would circumvent the non-aggregation principle articulated in *Snyder* and *Zahn*.").

Defendant cites two cases in which it contends that, despite the non-aggregation principle, the D.C. Circuit accepted the total cost of complying with an injunction as the amount in controversy—*Committee for GI Rights v. Callaway*, 518 F.2d 466, 472-73 (D.C. Cir. 1975) and *Tatum v. Laird*, 444 F.2d 947, 950-51 (D.C. Cir. 1971). But, it does not appear that in either of those cases, the plaintiffs asked the court to apply the non-aggregation principle. And, in a D.C. Circuit case post-dating both of those cited by Defendant, the D.C. Circuit expressly recognized the "possible conflict" between the non-aggregation principle and "the rule which allows the jurisdictional amount to be based on the cost to the defendant of proposed relief," but explained that the Court has "not attempt[ed] to resolve" the possible conflict. *Fenster v. Schneider*, 636 F.2d 765, 767 n.1 (D.C. Cir. 1980). Lacking precedent from the D.C. Circuit, this Court is "persuaded by several district court opinions from this Circuit that have considered this

conflict in the context of cases brought under the DCCPPA on behalf of the general public seeking injunctive relief and have determined that considering the *total* cost to the Defendant of complying with that relief would violate the non-aggregation principle." *Animal Legal Def. Fund*, 249 F. Supp. 3d at 60 (emphasis in original).

The Court also considers and rejects Defendant's warning that plaintiffs may attempt to avoid federal jurisdiction through the non-aggregation principle by making a request for injunctive relief on behalf of many people. Def.'s Opp'n, ECF no. 11, 10 ("Plaintiff should not be able to defeat federal jurisdiction [] simply by making the same request for relief on behalf of more people. If [Plaintiff] sued only on her own behalf, her case could be brought in federal court, so too should her suit on behalf of others."). The Court finds that this risk of jurisdictional "gamesmanship" flows both ways. If the Court refused to apply the non-aggregation principle to the cost of complying with an injunction, then a plaintiff who was unable to meet the amount in controversy though damages could simply request injunctive relief in order to gain unmerited access to federal court. Absent the non-aggregation principle, the cost of injunctive relief would be more likely to meet the amount in controversy threshold as it would be measured by the total cost of the defendant's compliance. *See Nat'l Org. for Women v. Mutual of Omaha Ins. Co.*, 612 F. Supp. 100, 107-08 (D.D.C. 1985) ("To uphold defendant's position in the present case would allow a plaintiff who has no claim for the requisite compensatory damages merely to request injunctive relief, assign to that request a value measured in terms of defendant's compliance, and then litigate in the federal courts."). The Court concludes that allowing unmerited access to federal courts in this way is the more serious risk because it is "contrary to the longstanding directive that federal jurisdiction should be strictly interpreted." *Breakman*, 545 F. Supp. 2d at 105. Accordingly, the Court follows the vast weight of authority in this Circuit and concludes

that the non-aggregation principle should be applied to the cost of Defendant's compliance with an injunction.

Assuming that Defendant's estimates of either $1,082,500 or $130,000 are accurate costs of compliance, Defendant has failed to establish that it meets the amount in controversy requirement. Defendant contends that 100 consumers in the District of Columbia have purchased One Bars. Decl. of David Ziegert, ECF No. 1-2, ¶ 6. Accordingly, the apportioned cost of compliance would be either $10,825 for rebranding or $1,300 for reformulation, both of which fall below the diversity jurisdiction requirement of $75,000 dollars.

2. **Punitive Damages**

Second, Defendant contends that the value of Plaintiff's punitive damages claim exceeds $75,000. Punitive damages are considered in determining the amount in controversy for purposes of diversity jurisdiction. *Hartigh v. Latin*, 485 F.2d 1068, 1071-72 (D.C. Cir. 1973). Defendant relies on other cases in this Circuit assessing punitive damages and argues that punitive damages could be as high as $900,000, or approximately the same amount as the cost of injunctive relief. Notice of Removal ECF No. 1, ¶ 16. Plaintiff disputes this number, claiming that it is purely speculative. For purposes of this Memorandum Opinion, the Court will assume that punitive damages could be as high as $900,000. However, the Court concludes that the non-aggregation principle also applies to punitive damages. As a result, Plaintiff's claim for punitive damages does not meet the amount in controversy.

Courts in this Circuit have previously held that, "[b]ecause the underlying claims are separate and distinct, punitive damages should be apportioned to each consumer." *Breakman*, 545 F. Supp. 2d at 107; *see also Sloan v. Soul Circus, Inc.*, No. 15-01389, 2015 WL 9272838, at *9-10 (D.D.C. Dec. 18, 2015). While the D.C. Circuit has not addressed this question, appellate

courts in other circuits have similarly concluded that the non-aggregation principle applies to punitive damages. As the Ninth Circuit explained, "[i]t is undisputed that the plaintiffs in this case could sue [the defendant] individually on all the causes of action alleged in the current complaint. If they did so, nothing would preclude them from seeking and recovering punitive damages individually. This potential for multiple liability directly refutes the argument that there is some unitary res to which the plaintiffs jointly claim a right." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001). Lacking a common and undivided interest in the punitive damages, the Ninth Circuit determined that the non-aggregation principle applies. Similarly, the Fifth Circuit and the Eleventh Circuit have both concluded that punitive damages are subject to the non-aggregation principle. *H&D Tire and Auto.-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 329-30 (5th Cir. 2000) (holding that "the punitive damages claims of the putative class cannot be aggregated and attributed to each plaintiff to meet the jurisdictional requirement"); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1073-77 (11th Cir. 2000) (finding that "[t]he punitive damages claim does not satisfy the amount in controversy requirement, because when the $10,000,000 class claim for punitive damages is divided among the alleged 39,000 class members … each member's share of the claim is approximately $256").

The only case which Defendant cites in support for the argument that punitive damages should be aggregated is *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1333 (5th Cir. 1995) (concluding that the "full amount of alleged damages be counted against each plaintiff in determining the jurisdictional amount"). However, the Fifth Circuit, in denying a petition for rehearing, expressly stated that *Allen* "is not to be construed as a comment on any similar case that might arise." *Allen v. R&H Oil & Gas Co.*, 70 F.3d 26, 26 (5th Cir. 1995) (per curiam). And the Fifth Circuit has since repeatedly declined to follow *Allen*, concluding that punitive damages

14

are subject to the non-aggregation principle. *H&D Tire and Auto.-Hardware, Inc.*, 227 F.3d at 329-30; *Ard v. Transcon. Gas Pipe Line Corp.*, 138 F.3d 596, 602 (5th Cir. 1998) (finding that "the punitive damage claims of the multiple plaintiffs should not be aggregated, and once aggregated, attributed to each individual plaintiff for determinations of jurisdictional amount").

The Court is persuaded by the district court decisions in this Circuit and by the decisions from appellate courts outside this Circuit concluding that punitive damages cannot be aggregated. The Court also notes that the conclusion that punitive damages cannot be aggregated comports with practice of strictly interpreting federal jurisdiction. *See Downey*, 568 F. Supp. 2d at 30. Accordingly, the estimated $900,000 in punitive damages must be divided by the approximately 100 similarly situated consumers. This division results in a total punitive damage amount of $9,000, well below the amount in controversy requirement of $75,000.

### 3. Attorneys' Fees

Third, Defendant claims that the value of the attorneys' fees attributable to Plaintiff exceeds $75,000. Defendant estimates that Plaintiff's attorneys' fees will total at least $500,000 if the case is litigated through trial. Notice of Removal, ECF No. 1, ¶ 14. Defendant's estimate is based on the declaration of an attorney with two decades' experience practicing in the District of Columbia and uses the *Laffey* index to determine average attorney billing rates. Decl. of Frank R. Volpe, ECF No. 1-3, ¶¶ 1-3. Plaintiff argues that Defendant's attorneys' fee estimate is speculative. But, the Court will accept Defendant's estimate for purposes of this Memorandum Opinion. Even accepting Defendant's estimate, the Court concludes that the attorneys' fees attributable to Plaintiff do not meet the amount in controversy requirement as attorneys' fees are not subject to aggregation.

"Attorney fees are part of the amount in controversy if they are provided for by statute or contract." *Zuckman*, 958 F. Supp. 2d at 301. And, the DCCPPA undisputedly does provide for attorneys' fees. D.C. Code § 28-3905(k)(2)(B). Nonetheless, the Court determines that potential attorneys' fees in this case are not sufficient to establish jurisdiction.

Plaintiff argues that it would be inappropriate for the Court to consider the total amount of potential attorneys' fees for the same reason that the Court has concluded that it would be inappropriate to consider the total cost of Defendant's compliance with the requested injunction or the total amount of punitive damages. Plaintiff argues that considering the total amount of attorneys' fees in a DCCPPA case brought on behalf of the general public would not comport with the non-aggregation principle. Pl.'s Mot., ECF No. 10, 8-10. Plaintiff's position finds considerable support in a number of district court opinions from this Circuit. *See, e.g., Animal Legal Def. Fund*, 249 F. Supp. 3d at 62-63 (finding the amount in controversy requirement unsatisfied because "Defendant has not attempted to show that the pro rata amount of attorneys' fees that would be attributable to Plaintiff as a member of the general public would exceed $75,000"); *Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64, 73 (D.D.C. 2014) (noting that district courts in this Circuit have "reject[ed] the usual aggregation of statutory attorneys' fees and include them only on a pro rata basis."); *Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 2d 132, 141 (D.D.C. 2010) ("aggregation of attorneys' fees is not appropriate in a [DC]CPPA case"); *Breakman*, 545 F.Supp.2d at 107 ("the non-aggregation principle logically should extend to claims of attorneys' fees"). The Court finds that the decision not to aggregate attorneys' fees is prudent given that this court, like others in this Circuit, "is not entirely comfortable with the premise that an action should be retained in federal court where satisfaction of the amount in controversy requirement depends upon a lump sum award of

attorneys' fees," given its duty to "strictly construe[ ] the scope of its removal jurisdiction." *Breakman*, 545 F. Supp. 2d at 107.

Defendant fails to cite any case, inside or outside of this Circuit, concluding that the non-aggregation principle does not apply to attorneys' fees. However, Defendant does cite one case, *Zuckman*, in which a district court in this Circuit took a slightly novel approach. 958 F. Supp. 2d at 301-02. In *Zuckman*, the court concluded that dividing the estimated attorneys' fees equally among all individuals who would benefit from the judgment "may underestimate the portion of fees properly attributed to [the plaintiff] in his role as the initial plaintiff." 958 F. Supp. 2d at 301. Instead of dividing the projected attorneys' fees equally among the plaintiff and the other beneficiaries, the court determined the plaintiff's portion of attorneys' fees "by calculating a reasonable contingency fee—say 33%—that would accompany a full judgment in [the plaintiff's] favor." *Id.* (internal citation omitted).

However, the Court concludes that *Zuckman's* approach is not applicable to this case. In *Zuckman*, the plaintiff filed suit under the DCCPPA for both statutory damages for the general public and an injunction. In determining the plaintiff's share of attorneys' fees, the *Zuckman* court calculated the plaintiff's statutory damages and divided that amount by 33% "because [the plaintiff's] lawyers [we]re working on a contingency fee basis, and hence any recoverable attorney fees [we]re inherently connected to the monetary value of the claims." *Id.* The *Zuckman* court did not attempt to conduct the same analysis for the cost of injunctive relief. *See also Sloan*, 2015 WL 9272838, at *9-10 (dividing the plaintiff's statutory damages by 33% but not doing the same for the cost of injunctive relief). In this case, Plaintiff seeks, on behalf of the general public, only an injunction, not statutory damages. And, there is no evidence that Plaintiff is represented on a contingency fee basis. Accordingly, the approach used to determine attorneys'

fees in *Zuckman* does not fit the facts of this case. *See Organic Consumers Ass'n v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344, 354 n.4 (D.D.C. 2018) (refusing to use the *Zuckman* approach because the plaintiff did not seek statutory damages).

Here, Defendant estimates that attorneys' fees may total $500,000. Notice of Removal, ECF No. 1, ¶ 13. Applying the non-aggregation principle, the Court will divide the total estimated attorneys' fees by the estimated number of Defendant's customers in the District of Columbia, 100. Accordingly, Plaintiffs' attorneys' fees total $5,000, far below the amount in controversy requirement.

### 4. Combined Fees and Costs

Based on the above analysis, the Court concludes that Defendant has failed to prove that the amount in controversy requirement has been met for traditional diversity jurisdiction. Defendant has established that $10,825, at most, is attributable to Plaintiff under the non-aggregation principle for complying with the requested injunction. Defendant has also established that only $9,000 in punitive damages and $5,000 in attorneys' fees are attributable to Plaintiff under the non-aggregation principle. Finally, Defendant has requested statutory damages for the two One Bars that she purchased. Compl., ECF No. 1, ¶¶ 24, 33. The DCCPPA sets damages at $1,500 per violation; accordingly, Plaintiff requests $3,000 in statutory damages. D.C. Code § 28-3905(k)(2)(A). Even if the Court combines these amounts, Defendant has established that Plaintiff's amount in controversy is only $27,825, well below the required $75,000. Accordingly, because Defendant has failed to establish that the amount in controversy requirement is satisfied, this Court does not have traditional diversity jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's [10] Motion to Remand for lack of subject matter jurisdiction. Defendant has not demonstrated that the Court has CAFA jurisdiction or traditional diversity jurisdiction. The Court ORDERS that this case be REMANDED to the Superior Court of the District of Columbia. The Court further ORDERS that Defendant's [5] Motion to Dismiss be HELD IN ABEYANCE to be decided on remand.[2]

An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[2] In her Reply, Plaintiff briefly states that "[t]his case should be remanded, and Plaintiff should be awarded attorneys' fees for Defendant's frivolous removal of this action." Pl.'s Reply, ECF No. 12, 2. But, Plaintiff has not actually moved for attorneys' fees. Lacking subject-matter jurisdiction and a motion for attorneys' fees, the Court will not address this argument.